# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY OF FULTON, FULTON COUNTY BOARD OF ELECTIONS, AND STUART L. ULSH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR IN FULTON COUNTY, AND RANDY H. BUNCH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR OF FULTON COUNTY, <br><br> Plaintiffs, <br><br> v. <br><br> DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC. <br><br> Defendants. | No. 1:22-CV-01639-SHR |

## DEFENDANTS' MOTION PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. (collectively "Dominion" or "Defendants"), by and through their counsel, Post & Schell, P.C., hereby move this Court for dismissal of Plaintiffs' claims against Dominion pursuant to Fed. R. Civ. P. 12(b)(6) in their entirety, and/or to dismiss for

24771297v1

lack of subject jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) all parties other than the County of Fulton ("County") and Dominion Voting Systems, Inc. ("DVSI") In support, Dominion avers as follows:

## DEFENDANTS' 12(b)(1) MOTION

1. This action was filed by Plaintiffs as a breach of contract action in the Pennsylvania Court of Common Pleas for Fulton County, and subsequently removed to this Court by Dominion.

2. The Plaintiffs have attached to the Complaint as Exhibit "A" a copy of the contract that they allege was breached.

3. Plaintiffs aver, and the contract attached to the Complaint as Exhibit "A" confirms, that there were only *two* parties to the contract which is the subject matter of the complaint – the County and DVSI. *See* Complaint, ¶s 1-2; Ex. A-1.

4. The contract specifically precludes any third-party beneficiaries, and further confirms that "[n]o obligation of [DVSI] or [the County] may be enforced against [DVSI] or [the County], as applicable, by any person not a party to [the contract". *See* Complaint, Ex. A-10.

5. Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh (in any capacity), Randy H. Bunch (in any capacity), and Defendant U.S. Dominion, Inc. are not parties to the contract at issue.

24771297v1

6. Per the terms of the contract at issue and as a matter of law, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh (in any capacity) and Randy H. Bunch (in any capacity) lack standing to assert a breach of contract action under the contract at issue.

7. This Court lacks subject matter jurisdiction to adjudicate a breach of contract claim by or against persons or entities that are not parties to the contract at issue.

8. Based upon the above and for the reasons more specifically stated in Defendants' brief to be filed in support, all claims asserted by Fulton County Board of Elections, Stuart L. Ulsh (in any capacity) and Randy H. Bunch (in any capacity), and all claims asserted against Defendant U.S. Dominion, should be dismissed, and their names removed as parties in this action pursuant to Fed. R. Civ. P. 12(b)(1).

## **DEFENDANTS' 12(b)(6) MOTION**

9. In addition to the above, the complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiffs have failed to state a claim upon which relief may be granted.

10. In order to state a claim for breach of contract, a plaintiff must establish (i) the existence of a contract, including its essential terms; (ii) a breach of a duty imposed by the contract; and (iii) damages caused by the breach.  *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003).

11. Plaintiffs do not allege any specific breach of a specific duty that caused damage to Plaintiffs for which they have or could seek relief.

12. The general crux of the Plaintiffs' averments is its belief that the equipment and software provided pursuant to the agreement does not meet the certification requirements for the Commonwealth of Pennsylvania.

13. Per the terms of the contract, and as pled by Plaintiffs, DVSI supplied the County with certain equipment and software to be used during certain elections; the equipment and software were certified for use in elections by the Commonwealth of Pennsylvania; and the County used the equipment and software in elections until such time as the Secretary of the Commonwealth issued a letter to Plaintiffs "decertifying" the equipment.

14. In support of its claim, Plaintiffs have referred to averments they made in an Amended Petition for Review they filed against the Secretary of the Commonwealth of Pennsylvania in the Pennsylvania Commonwealth Court at Docket No. Docket No. 277 MD 202 (the "Commonwealth Litigation"). A true and correct copy of Plaintiffs' verified Amended Petition for Review filed in the

24771297v1

Commonwealth Litigation (without exhibits) is attached hereto as Exhibit "A" and incorporated by reference.[1]

15. The Secretary's decertification was based upon the County allowing a third-party consultant to access the equipment and software after it had been certified, which the Secretary contends compromised the system and violated the Pennsylvania Election Code – not anything that Defendants did or did not do. *See* Complaint, ¶59; Ex. A attached hereto, ¶s 28-32, 37. *See also* Letter from Secretary of Commonwealth dated July 2021, attached hereto as Exhibit "B".[2]

16. The Petitioners are challenging the decertification determination in the Commonwealth Litigation, and have stated in their verified Amended Petition for Review that had the Secretary of the Commonwealth reexamined the equipment and software supplied by DVSI following the third-party consultant's review, she would have found that it complied with all security and other requirements of the

---

[1] In considering a motion to dismiss, this Court may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading … ." *Musto v. Sweeney*, 2022 U.S. Dist. LEXIS 174132, *18-19, 2022 WL 4472462 (M.D. Pa. Sept. 26, 2022) (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) and citing *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002)).

[2] The letter attached as Ex. B is the communication from the Secretary of Commonwealth referred to in paragraph 59 of the Complaint, and in paragraph 38 of the Amended Petition for Review in the Commonwealth Litigation. It was attached as Exhibit H to Plaintiffs' originally filed Petition for Review in the Commonwealth Litigation.

Pennsylvania Election Code, and that the equipment could continue to be used by the County. *See* Ex. A, ¶ 48.

17. The Petitioner further contends in the Commonwealth Litigation that the Secretary of Commerce's decision to decertify the equipment was arbitrary, capricious and an error of law.

18. Based upon the totality of the averments, the Plaintiffs have failed to identify any contractual obligation that was breached by the Defendants that resulted in damages to them.

19. Based upon the above and for the reasons more specifically stated in Defendants' brief to be filed in support, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**WHEREFORE,** Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that this Court grant its Motion, dismiss the complaint with prejudice, and grant such other relief as this Court deems appropriate.

**POST & SCHELL, P.C.**

By: */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985

7

                                                  Paul A. Logan, Esquire
                                                  Attorney I.D. No. 30119
                                                  Four Penn Center, 13th Floor
                                                  1600 John F. Kennedy Blvd.
                                                  Philadelphia, PA  19103-2808
                                                  Phone:  (215) 587-1000
                                                  Fax:  (215) 320-4720

                                                  *Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  November 23, 2022

## CERTIFICATE OF NONCONCURRENCE

I, Michael W. Winfield, Esquire, hereby certify that I sought the concurrence in the foregoing Motion from Plaintiffs, and concurrence was denied.

**POST & SCHELL, P.C.**

By: */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  November 23, 2022

## CERTIFICATE OF SERVICE

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 23rd day of November, 2022, I served a true and correct copy of the foregoing *Defendants' Motion Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure*, via U.S. First Class Mail, postage prepaid, upon the following person:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
tom@thomasjcarrolllaw.com

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:  /s/ *Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  November 23, 2022

24771297v1