# EXHIBIT "A"

Filed 9/17/2021 3:29:42 PM Commonwealth Court of Pennsylvania
277 MD 2021

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

**COUNTY OF FULTON,**
**FULTON COUNTY BOARD OF**
**ELECTIONS, STUART L. ULSH,** in his
official capacity as Fulton County
Commissioner and Fulton County
Board of Elections Commissioner, and
in his capacity as a resident, taxpayer
and elector of Fulton County, **and**
**RANDY H. BUNCH,** in his official
capacity as Fulton County
Commissioner and Fulton County
Board of Elections Commissioner, and
in his capacity as a resident, taxpayer
and elector of Fulton County,

        Petitioners,

   v.

**SECRETARY OF THE**
**COMMONWEALTH,**

        Respondent

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**No.: 277 MD 2021**

**ORIGINAL JURISDICTION**

**AMENDED PETITION FOR**
**REVIEW**

**Filed on Behalf of Petitioners:**

**County of Fulton,**
**Fulton County Board of**
**Elections, Stuart L. Ulsh, and**
**Randy H. Bunch**

**Counsel of record:**
Thomas W. King, III
PA. I.D. No. 21580
tking@dmkcg.com
Thomas E. Breth
PA. I.D. No. 66350
tbreth@dmkcg.com
DILLON, MCCANDLESS, KING,
COULTER & GRAHAM L.L.P.
128 West Cunningham Street
Butler, PA 16001

*Special Counsel to the Amistad*
*Project of the Thomas More*
*Society*
James M. Stein
PA. I.D. No. 84026
jstein@co.fulton.pa.us
Dick, Stein, Schemel,
Wine & Frey, LLP.
119 North Second Street
McConnellsburg, PA 17233

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within thirty (30) days after this Petition for Review and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Dauphin County Lawyer Referral Service
213 North Front Street
Harrisburg, Pennsylvania 17101
(717) 232-7536

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

**COUNTY OF FULTON**,                  :
**FULTON COUNTY BOARD OF**             :
**ELECTIONS**, **STUART L. ULSH**, in  :    **No.: 277 MD 2021**
his official capacity as Fulton County :
Commissioner and Fulton County        :
Board of Elections Commissioner, and  :
in his capacity as a resident, taxpayer :
and elector of Fulton County, **and**  :
**RANDY H. BUNCH**, in his official    :
capacity as Fulton County             :
Commissioner and Fulton County        :
Board of Elections Commissioner, and  :
in his capacity as a resident, taxpayer :
and elector of Fulton County,         :
                                       :
            Petitioners,               :
                                       :
    v.                                 :
                                       :
**SECRETARY OF THE**                   :
**COMMONWEALTH**,                      :
                                       :
            Respondent.                :

## NOTICE TO PLEAD

TO:   RESPONDENT

    You are hereby notified to file a written response to the enclosed Amended Petition for Review within thirty (30) days from service hereof or a judgment may be entered against you.

                                    Respectfully Submitted,

                                      **DILLON, MCCANDLESS, KING,**
                                      **COULTER & GRAHAM, L.L.P.**

Dated: <u>September 17, 2021</u>        By: <u>/s/ Thomas W. King, III</u>
                                    Thomas W. King, III

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| **COUNTY OF FULTON**, **FULTON COUNTY BOARD OF ELECTIONS**, **STUART L. ULSH**, in his official capacity as Fulton County Commissioner and Fulton County Board of Elections Commissioner, and in his capacity as a resident, taxpayer and elector of Fulton County, **and RANDY H. BUNCH**, in his official capacity as Fulton County Commissioner and Fulton County Board of Elections Commissioner, and in his capacity as a resident, taxpayer and elector of Fulton County, | : : : : : : : : : : : : : : : : **No.: 277 MD 2021** |
| Petitioners, | : : : |
| v. | : : : |
| **SECRETARY OF THE COMMONWEALTH**, | : : : |
| Respondent. | : : |

## AMENDED PETITION FOR REVIEW

**AND NOW** come Petitioners, County of Fulton, Fulton County Board of

Elections, Stuart L. Ulsh, and Randy H. Bunch, both in their official

capacities as Fulton County Commissioners and Fulton County Board of

Elections Commissioners, and as well in their individual capacities as

residents, taxpayers, and electors of the County of Fulton, by and through

their attorneys, Dillon McCandless King Coulter & Graham, LLP, and James

M. Stein, Esq., Fulton County Solicitor, and file the within Amended Petition for Review, averring in support thereof as follows:

## I. **STATEMENT OF THE BASIS FOR JURISDICTION**

1.      This Court has original jurisdiction over this matter pursuant to 42 Pa. C.S. § 761(a)(1), et seq., et al.

2.      This action is in the nature of a Petition for Review pursuant to 42 Pa.C.S. § 708(e).

3.      This action is in the nature of a Declaratory Judgment action pursuant to 42 Pa. C.S. § 7531, et seq., and further seeking appropriate injunctive relief pursuant to said Act.

## II. **PARTIES SEEKING RELIEF**

4.      Petitioner, County of Fulton (hereinafter "Board of Commissioners"), is a County of the Eighth Class organized and existing under the laws of the Commonwealth of Pennsylvania with its administrative offices located at 116 West Market Street, McConnellsburg, Fulton County, Commonwealth of Pennsylvania, 17233.

5.      Petitioner, Fulton County Board of Elections (hereinafter "Board of Elections"), is a County Board of Elections organized and existing in accordance with the laws of the Commonwealth of Pennsylvania, and

vested with the powers and authority thereunder, with offices located at 116 West Market Street, McConnellsburg, Pennsylvania.

6.     Petitioner, Stuart L. Ulsh, is the Chairman of the Fulton County Board of Commissioners and of the Fulton County Board of Elections.  Mr. Ulsh brings this action in his official capacities as well as in his individual capacity as a resident, taxpayer, and elector of the County of Fulton.

7.     Petitioner, Randy H. Bunch, is the Vice-Chairman of the Fulton County Board of Commissioners and of the Fulton County Board of Elections.  Mr. Bunch brings this action in his official capacities as well as in his individual capacity as a resident, taxpayer, and elector of the County of Fulton.

### III.  **GOVERNMENTAL UNIT WHOSE ACTION IS AT ISSUE**

8.     Respondent is the acting Secretary of the Commonwealth, Veronica W. Degraffenreid, in her official capacity.  Respondent's offices are located at 302 North Office Building, 401 North Street, Harrisburg, 17120.

### IV.  **MATERIAL FACTS UPON WHICH THE CAUSE OF ACTION IS BASED**

9.     Petitioners seek review and reversal of Respondent's July 20, 2021, decertification of Petitioner's Dominion Democracy Suite 5.5A (hereinafter "Democracy Suite 5.5A") voting systems as set forth in Exhibit H attached hereto and incorporated herein by reference thereto.

3

10.    Petitioners seek review and reversal of Respondent's "Directive 1 of 2021," dated July 8, 2021, as set forth in Exhibit F attached hereto and incorporated herein by reference thereto.

11.    Petitioners further seek to compel Respondent to establish a State-Based Administrative Complaint Procedure to Remedy Grievances mandated by the Help America Vote Act of 2002 ("HAVA"), codified at 42 U.S.C.A. §§20901, et seq., et al., including, 42 U.S.C.A. §15512.

12.    Pennsylvania's Election Code requires as follows:

> (c)    No electronic voting system not so approved shall be used at any election, and if, upon the reexamination of any such system previously approved, it shall appear that the system so reexamined can no longer be used safely by voters at elections as provided in this act or does not meet the requirements hereinafter set forth, the approval of that system shall forthwith be revoked by the Secretary of the Commonwealth, and that system shall not thereafter be used or purchased for use in this Commonwealth.  25 P.S. § 3031.5(c).

13. The Election Code requires that upon the examination or reexamination of an electronic voting system, "the Secretary of the Commonwealth shall examine the electronic voting system and shall make and file in his office his report, attested by his signature and the seal of his office, stating whether, in his opinion, the system so examined can be safely used by voters at elections as provided in this act and meets all of the requirements hereinafter set forth."  25 P.S. § 3031.5(b)

4

14.    On January 17, 2019, then-Secretary of the Commonwealth, Kathy Boockvar, certified the use of the Democracy Suite 5.5A voting system in Pennsylvania's elections pursuant to 25 P.S. § 3031.5.  A true and correct copy of Respondent's January 17, 2019, report certifying the use of the Democracy Suite 5.5A is attached hereto as Exhibit A.

15.    According to her report dated January 17, 2019, "[t]he Secretary appointed SLI Global Solutions (SLI) and the Center for Civic Design (CCD) as professional consultants to conduct the examination of Democracy Suite 5.5A."  Exhibit A, Page 2.

16.    The United States Election Assistance Commission ("EAC") provides for the accreditation of laboratories qualified to test voting systems to Federal Standards.  The EAC maintains a directory of approved and formerly approved labs.  A true and correct copy of the EAC's directory of approved testing laboratories is attached hereto as Exhibit B.

17.    While SLI Global Solutions is an EAC accredited testing laboratory, the Center for Civic Design does not appear on the EAC's directory of accredited laboratories.  Exhibit B.

18.    On January 17, 2019, the Secretary of the Commonwealth approved and certified the Democracy Suite 5.5A for use in Pennsylvania's elections.

19.   In April of 2019, Petitioner, Board of Commissioners, acquired and began using two Democracy Suite 5.5A voting systems.

20.   The Board of Commissioners continued to use the Democracy Suite 5.5A voting systems through the November 3, 2020, General Election.

21.   Section 2642 of the Pennsylvania Election Code states in relevant part as follows:

> The county boards of election, within their respective counties, shall exercise, in the manner provided by this act, all powers granted to them by this act, and shall perform all the duties imposed upon them by this act, which shall include the following:
>
> (c) To purchase, preserve, store, and maintain primary and election equipment of all kinds, including . . . voting machines."
>
> (f)   To make and issue such rules, regulations, and instructions, not inconsistent with law, as they may deem necessary for the guidance of voting machine custodians, elections officers, and electors.
>
> (g) To instruct election officers in their duties, calling them together in meeting whenever deemed advisable, and to inspect systematically and thoroughly the conduct of primaries and elections in the several election districts of the county to the end that primaries and elections may be honestly, efficiently, and uniformly conducted.
>
> (i)   To investigate election frauds, irregularities, and violations of this act, and to report all suspicious circumstances to the district attorney.  25 P.S. § 2642.

22.   The powers, authority, duties and obligations contained in Section 2542, are mandatory in nature.

23.   In September of 2016, Respondent the Secretary of the Commonwealth issued, "Guidance on Electronic Voting System Preparation and Security."  A true and correct copy of the Secretary's September 2016 Guidance is attached hereto as Exhibit C.

24.   The Secretary's September 2016 Guidance expressly contemplates the use of third-party vendors for electronic voting system preparation and security.   The Guidance states, "[i]f a county uses an outside vendor to perform any of the election preparation tasks, the Department strongly recommends that the vendor follow these procedures as closely as possible."  Exhibit C, page 1.

25.   The Secretary's 2016 Guidance additionally provides guidance regarding file transfers from third-party vendors.  Exhibit C, page 5.

26.   The above referenced Guidance specifically contemplates the use of third-party vendors by stating, "[m]any high profile breaches have been the result of a third party provider being targeted by hackers to access the company data or network.  Business partners or vendors need to be held to the same stringent controls.  This Guidance applies to any vendor that is providing technical support to the counties for any component of the system involved in the canvass of the election."  Exhibit C, page 5.

27.    The Secretary's "Guidance on Electronic Voting System Preparation and Security" was further affirmed by the issuance of updated guidance on October 13, 2020.  The 2020 Guidance maintains the above cited language stating, "[i]f a county uses an outside vendor to perform any of the election preparation tasks, the Department strongly recommends that the vendor follow these procedures as closely as possible."  A true and correct copy of the Secretary's October 13, 2020, Guidance is attached hereto as Exhibit D.

28.    Petitioners obtained the services of Wake Technology Services Inc. ("Wake TSI"), a managed services provider specializing in data center, network, server and desktop systems design, and cybersecurity and management, to assist the Board of Commissioners and the Board of Elections in conducting an investigation of and assessment of Fulton County's election systems and processes as utilized in the 2020 General Election.  25 P.S. § 2642(g).

29.    Wake TSI is a private information technology firm specializing in cyber security including in the field of voting technology.  According to Wake TSI, it has extensive experience in working with governmental entities such as the United States Department of Defense and the Pennsylvania State System of Higher Education.  See www.waketsi.com

30. According to Wake TSI, their assessment of Fulton County's election systems consisted of a review of operating and application system file dates, operating system and application log files, ballot images, and related files. A true and correct copy of Wake TSI's Fulton County Pennsylvania Election System Analysis is attached hereto as Exhibit E.

31. When conducting the assessment with Wake TSI, Petitioners ensured that proper chain of custody of the equipment was maintained at all times through the presence of Fulton County's Election Director (Commissioners and other staff were also present), who was the sole individual to remove or replace ballots in the ballot carts.

32. Wake TSI issued its "Fulton County Election System Analysis," report dated February 19, 2021, concluding that the 2020 General Election was well run and conducted, "in a diligent and effective manner and followed the directions of the Commonwealth," thereby satisfying Petitioners' duties set forth in 25 P.S. § 2642(g).

33. Several months after the publication of Wake TSI's Analysis on July 8, 2021, Respondent issued "Directive 1 of 2021," (hereinafter "Directive 1") which stated,

> "County Boards of Elections shall not provide physical, electronic, or internal access to third parties seeking to copy and/or conduct an examination of state-certified electronic voting systems, or any components of such systems, including but not

9

limited to: election management software and systems, tabulators, scanners, counters, automatic tabulating equipment, voting devices, servers, ballot marking devices, paper ballot or ballot card printers, portable memory media devices (thumb drives, flash drives and the like), and any other hardware, software or devices being used as part of the election management system."

A true and correct copy of Respondent's Directive 1 is attached hereto as Exhibit F and incorporated herein by reference thereto.

34.   Respondent's Directive 1 also provides for the revocation of funding for counties whose machines are decertified under the Directive, stating, "[t]he Commonwealth of Pennsylvania will not reimburse any cost of replacement voting equipment for which certification or use authority has been withdrawn pursuant to this directive."  Exhibit F, Page 3.

35.   In February of 2020, the Pennsylvania Economic Development Financing Authority unanimously voted to approve a $90 Million bond issuance to cover costs for new voting machines across the Commonwealth of Pennsylvania.  A true and correct copy of a WitF Article dated February 26, 2020, detailing the 2020 Bond Issue is attached hereto as Exhibit G.

36.   Based upon information and belief and under the circumstances set forth herein, it is averred that Respondent lacked any authority to withhold funding from Fulton County, such as the authority attempted to be exercised by the Secretary in her Directive 1 of 2021.

10

37.   Following the issuance of Directive 1, and without the opportunity for a hearing or other due process, Respondent further issued a letter constituting an adjudication decision, or Order to Petitioners (addressed to the County Solicitor) dated July 20, 2021, stating,

> "As a result of the access granted to Wake TSI, Fulton County's certified system has been compromised and neither Fulton County; the vendor, Dominion Voting Systems; nor the Department of State can verify that the impacted components of Fulton County's leased voting system are safe to use in future elections.   Due to these actions and after careful consideration . . . I have no other choice but to decertify the use of Fulton County's leased Dominion Democracy Suite 5.5A voting system last used in the November 2020 election."

A true and correct copy of Respondent's July 20, 2021, letter is attached hereto as Exhibit H and incorporated herein by reference thereto.

38.   Respondent's July 20, 2021 letter to Petitioners further stated that, "based on our discussions and correspondence with Fulton County officials, it appears that the contents of the Democracy Suite 5.5A that were used during the 2020 November election were subjected to a post-election review by a third-party in violation of Pennsylvania's Election Code."  Exhibit H, Page 1.

39.   Despite the findings contained in Respondent's July 20, 2021, letter, Wake TSI's analysis of Fulton County's election systems was conducted in a manner that was bi-partisan and transparent, even though

"bi-partisan" and "transparent" do not statutorily appear as a basis for the conduct of an inspection or investigation by the Board of Elections.

40.    It is believed and therefore averred that neither Respondent, nor any agent acting on her behalf, ever physically examined the Democracy Suite 5.5A voting systems of Fulton County, despite the clear mandate to do so prior to revoking a system's approval pursuant to 25 P.S. § 3031.5(b).  In this regard the authority of the Secretary speaks to "systems".

41.    Petitioners Ulsh and Bunch also bring this Petition as residents, taxpayers, and electors in Fulton County, as such actions of the Secretary affect the reputation of their County and the integrity of Fulton County elections as well as require the expenditure of tax dollars as a result of such actions by the Secretary.

## V. <u>STATEMENT OF THE RELIEF SOUGHT</u>

### COUNT I – DECLARATORY JUDGMENT

**Respondent failed to reexamine Petitioners' voting system
(election machines) prior to decertification
in violation of 25 P.S. § 3031.5(b).**

42.    The averments contained in Paragraphs 1-41 are incorporated by reference as if set forth fully herein.

43.    The Pennsylvania Election Code provides in relevant part "… if, upon the reexamination of any such system previously approved, it shall

12

appear that the system so reexamined can no longer be used safely by voters at elections as provided in this act or does not meet the requirements hereinafter set forth, the approval of that system shall forthwith be revoked by the Secretary of the Commonwealth, and that system shall not thereafter be used or purchased for use in this Commonwealth." 25 P.S. § 3031.5(c).

44.    Respondent failed to reexamine Petitioners' voting systems prior to concluding that Petitioners' Democracy Suite 5.5A no longer met the requirements of Pennsylvania's Election Code.

45.    By the plain language of the Election Code, Respondent is mandated to reexamine the previously approved election system used by Petitioners prior to revoking the granted certification of the election system.

46.    The Election Code further provides that if Respondent reexamines a previously certified system, Respondent shall examine the system and make and file a report with the Pennsylvania Department of State, attested by her signature and the seal of her office, stating whether the system so reexamined can be safely used in elections.   25 P.S. § 3031.5(b).  No such report or certification as to the system was made to the best of Petitioners' knowledge, information and belief.

13

47. Despite this mandatory obligation, Respondent failed to reexamine the voting system at issue to determine whether the system continued to meet the requirements of the Election Code.

48. If Respondent had conducted the mandated reexamination of Petitioners' Voting System, Respondent would have found that the security and other requirements contained in 25 P.S. § 3031.1, *et seq.*, "Electronic Voting Systems," continued to meet the requirements of the Election Code and that such existing machines could readily be used by Fulton County.[1]

49. Respondent's decision to decertify Petitioners' Democracy Suite 5.5A voting system was arbitrary, capricious, and an error of law as Respondent failed to comply with the mandatory provisions of the Election Code regarding the reexamination and certification of voting systems within the Commonwealth and exceeded her statutory authority.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order declaring that Respondent's decertification of Petitioners Democracy Suite 5.5A Voting System, by letter dated July 20, 2021, was arbitrary, capricious, and legally improper, and an error of law, as Respondent failed to comply with the mandates of 25 P.S. § 3031.5(b), and that such decertification dated July 20, 2021 should be stricken and

---

[1] Note that Fulton County has two such machines, one of which was decertified despite not being used in the 2020 General Election.

rendered null and void, with costs imposed on Respondent and with such other relief as this Honorable Court may deem appropriate.

## COUNT II – DECLARATORY JUDGMENT

**Petitioners were permitted to use the assistance of a third-party vendor to analyze the security of the voting system pursuant to 25 P.S. § 2642.**

50.    The averments contained in Paragraphs 1-49 are incorporated by reference as if set forth fully herein.

51.    The Pennsylvania Election Code mandates that County Boards of Elections, "… inspect systematically and thoroughly the conduct of primaries and elections in the several election districts of the county to the end that primaries and elections may be honestly, efficiently, and uniformly conducted."  25 P.S. § 2642(g).

52.    In contradiction of §2642(g), Respondent issued Directive 1 of 2021, which forbids any use of third-party vendors to conduct an examination of various components of the County electronic voting system.

53.    Respondent's directive was issued six (6) months after Petitioners engaged Wake TSI to assist it in conducting its "analysis" of Fulton County's voting system.

54.    Prior to Directive 1 of 2021, Respondent had issued directives/guidance related to Electronic Voting System Preparation and Security. *See* Exhibits C and D.

55.    Respondent's 2016 Guidance recognizes the ability of County Boards of Election to retain third-party vendors for election preparation tasks and security of election infrastructure.  *See* Exhibit C.

56.    Respondent's Guidance states, "… if a county uses an outside vendor to perform any of the election preparation tasks, the Department strongly recommends that the vendor follow these procedures as closely as possible." *See* Exhibit C, Page 5.

57.    The Guidance further recommends that County Boards of Elections exercise caution in effectuating file transfers from third party vendors, recommending that any access or transferring of files to a third party be conducted in a manner as secure as possible.  *See* Exhibit C, Page 5.

58.    These recommendations were further affirmed in the Respondent's October 13, 2020, Guidance on Electronic Voting System Preparation and Security.  *See* Exhibit D.

59.   Further, it appears that Respondent Secretary utilized third-party vendors in the initial certification of the Democracy Suite 5.5A voting system. *See* Exhibit A, Page 3.

60.   As part of the certification process, Respondent, "… appointed SLI Global Solutions (SLI) and the Center for Civic Design (CCD) as third-party consultants to conduct the examination of Democracy Suite 5.5. …" *See* Exhibit A, Page 2.

61.   Respondent's Report certifying the Democracy Suite 5.5A System further states in relevant part "Whitney Quesnebery, Denis Anson, and Michael Weisman, representing CCD, preformed an accessibility examination of the Democracy Suite 5.5 system."

62.   The United States Election Assistance Commission ("EAC") provides for the accreditation and revocation of accreditation of independent, non-federal laboratories qualified to test voting systems to Federal Standards.   The EAC maintains a directory of approved and formerly approved labs.  *See* Exhibit B.

63.   The Center for Civic Design (CCD), one of the third-parties used by Respondent to examine the Democracy Suite 5.5A voting system in 2019, does not appear on the EAC's directory of accredited laboratories. (*See* Exhibit A, Page 4.)

64.    Petitioners' analysis and investigation of its voting system with the assistance of Wake TSI was conducted in accordance with the requirements of the Pennsylvania Election Code as well as the then-current Guidance issued by the Respondent. *See* Exhibit E.

65.    Wake TSI's analysis and examination of the Fulton County system and machine was conducted at the administrative offices of the County of Fulton and at no point did any of the physical components of the voting system leave the custody or control of the Fulton County Board of Elections or its employees. *See* Exhibit E, Page 9.

66.    The Election Director for Fulton County, or an Election Board Commissioner, remained in the room with the ballots throughout the entire course of Wake TSI's review. According to Wake TSI, the Election Director was the only person removing and replacing ballots in the ballot carts. *See* Exhibit E, Page 9.

67.    Petitioners' IT Support Technician, or an Election Commissioner, remained with the technical team during the assessment of the voting system.

68.    Contrary to Respondent's assertion, Wake TSI asserts that it did not conduct a full technology forensic audit of the operating system or the EMS.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order declaring that Petitioners Fulton County and Fulton County Board of Elections complied with the requirements of the Election Code and the Guidance issued by Respondent in retaining and utilizing Wake TSI to assist it in conducting an analysis of Fulton County's Election System, and further declaring that any finding to the contrary by Respondent should be stricken and further declaring the July 20,2021 decertification by the Secretary null and void and of no effect, and with costs of suit imposed on Respondent and such other relief as this Honorable Court may deem appropriate.

## COUNT III – DECLARATORY JUDGMENT

### Respondent's Directive 1 or 2021 has usurped the power of the Fulton County Board of Election.

69.    The averments contained in Paragraphs 1-68 are incorporated by reference as if set forth fully herein.

70.    On July 8, 2021, Respondent issued Directive 1 of 2021, to each of the County Boards of Elections in the Commonwealth of Pennsylvania. *See* Exhibit F.

71.    With no supporting legal authority, and contrary to the practices of the Respondent, Directive 1 of 2021 prohibits County Boards of Elections from utilizing third-party entities to assist in the inspection of state-certified

electronic voting systems and system components such as occurred in Fulton County.

72.    The Pennsylvania Election Code mandates that County Boards of Elections "shall … inspect systematically and thoroughly the conduct of primaries and elections in the several election districts of the county to the end that primaries and elections may be honestly, efficiently, and uniformly conducted."  25 P.S. § 2642(g).

73.    Directive 1 of 2021, contrary to law, improperly usurps the power of the Fulton County Board of Elections, to conduct a systematic and thorough inspection of the elections conducted in the County by providing a blanket prohibition on the use of third-party entities to assist with inspection of the County's election system.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order declaring that Directive 1 of 2021 improperly usurps and interferes with the undertaking of the duties and responsibilities of Petitioners as set forth in 25 P.S. § 2642(g), et seq., and together with costs imposed on Respondent and such other relief as this Honorable Court may deem appropriate.

## COUNT IV – DECLARATORY JUDGMENT

**Respondent lacks the authority to withhold funding from the County of Fulton to purchase voting machines.**

20

74.   The averments contained in Paragraphs 1-73 are incorporated by reference as if set forth fully herein.

75.   On February 26, 2020, the Commonwealth of Pennsylvania approved a proposed $90 Million bond issuance to cover costs for new voting machines across Pennsylvania.

76.   The bond issuance was unanimously approved by the Pennsylvania Economic Development Financing Authority and is to be funded through the sale of 10-year bonds.

77.   Respondent's Directive 1 of 2021 seeks to withhold funding from counties ". . . for any cost of replacement voting equipment for which certification or use authority has been withdrawn." pursuant to Directive 1. Such action would adversely affect Petitioners and deprive them of rights without due process.  Further, Respondent certifies "systems" and to the best of Petitioners' knowledge, information and belief, has never certified the individual "machines" or equipment in Fulton County.

78.   It is believed and therefore averred that the Commonwealth of Pennsylvania's 2020 Bond Issuance for the purchase of new voting machines did not grant the authority or control, as is being exercised by Respondent in the fashion set forth in this Petition.

79.   As such, Respondent lacked the authority to strip counties of funding for the purchase of new voting equipment based on the premises set forth in this Petition and as included in Directive 1.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order declaring that Respondent does not have the authority to withhold funding in Directive 1 of 2021 to the County of Fulton, based on the circumstances set forth in her decision, order, or adjudication of July 20, 2021, and with costs imposed on Respondent and together with such other relief as this Honorable Court may determine appropriate.

## COUNT V – INJUNCTIVE RELIEF

80.   The averments contained in Paragraphs 1-79 are incorporated by reference as if set forth fully herein.

81.   Petitioners seek injunctive relief to enforce the Declarations and Orders sought of this Court pursuant to Pennsylvania's Declaratory Judgment Act, 42 Pa. C.S. § 7531, et seq.

82.   Entitlement to preliminary injunctive relief may be established by showing the following: 1) the relief is necessary to prevent irreparable harm; 2) the injunction would restore the parties to the status quo as it existed before the alleged wrongful act; 3) greater injury would result from a refusal

to grant the injunction than from granting it; and 4) the movant's right to relief is clear. *SEIU Healthcare PA v. Commonwealth*, 104 A.3d 495 (Pa. 2014).

83.   Petitioners will be irreparably harmed by the decision of Respondent to decertify their Democracy Suite 5.5A voting systems and to revoke funding to replace any such decertified system as Respondent has improperly decertified the Fulton County system, in contravention of the provisions of the Pennsylvania Election Code and as heretofore asserted.

84.   A violation of the laws of the Commonwealth of Pennsylvania, and/or the usurpation of Petitioners' powers and duties set forth by 25 P.S. § 2642 by Respondent constitute *per se* irreparable harm.

85.   If granted, an injunction preventing Respondent from decertifying Petitioners' Democracy Suite 5.5A voting system will restore the status quo as it existed prior to the Secretary's July 20, 2021, decision or Order improperly decertifying Fulton County's election system.

86.   Greater injury will result from a refusal to grant Petitioners' Injunctive Relief than from granting it, as refusal to grant Petitioners' injunctive relief shall permit Respondent to improperly decertify voting systems not only in Fulton County, but also across the Commonwealth in violation of the Pennsylvania Election Code and to further withhold funds as aforesaid.

87.    Lastly, as set forth herein, Petitioners' right to relief in the present matter is clear.  Respondent exceeded her authority vis-à-vis the powers of a County Board of Elections, and failed to physically examine, or otherwise take appropriate action related to, the County's Democracy Suite 5.5A voting system prior to its decertification, in violation of 25 P.S. § 3031.5(b), and Petitioners' rights are clearly provided for under Pennsylvania law.

88.    Moreover, Respondent had no authority to revoke and withhold funding to Counties pursuant to Directive 1, under the circumstances set forth herein.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order enjoining Respondent from decertifying Petitioners' Democracy Suite 5.5A voting system as well as enjoining Respondent from withholding funding for the purchase of new voting systems or equipment under her Directive 1 of 2021, together with costs of suit on Respondent and

such other relief as this Honorable Court may deem appropriate under the circumstances.

Respectfully Submitted,

**DILLON, MCCANDLESS, KING, COULTER & GRAHAM, L.L.P.**

Dated: September 17, 2021

By: /s/ Thomas W. King, III
Thomas W. King, III
PA. I.D. No. 21580
tking@dmkcg.com
Thomas E. Breth
PA. I.D. No. 66350
tbreth@dmkcg.com
James M. Stein
PA. I.D. No. 84026
jstein@co.fulton.pa.us

*Counsel for Petitioners*

## VERIFICATION

I, Stuart L. Ulsh, Chairman of the Fulton County Board of Commissioners, and Chairman of the Fulton County Board of Elections, am authorized to make this verification. I verify that the statements made in the foregoing Amended Petition for Review are true and correct to the best of my knowledge, information, and belief. I understand that the statements herein are made subject to the penalties of perjury of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Stuart L. Ulsh, Chairman