**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COUNTY OF FULTON, et al<br><br>    Plaintiffs,<br><br>  v.<br><br>DOMINION VOTING SYSTEMS,<br>INC. and U.S. DOMINION, INC.<br><br>    Defendants. | No. 1:22-CV-01639-SHR |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION**
**PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Dominion Voting Systems, Inc. and U.S. Dominion, Inc. ("Dominion") hereby file this Brief in Support of its Motion to Dismiss.

**I.    PROCEDURAL HISTORY**

Plaintiffs commenced this action by the filing of a complaint in the Pennsylvania Court of Common Pleas for Fulton County on or about September 21, 2022.  Plaintiffs did not serve either Defendant.[1]  After learning of the suit and obtaining a copy directly from the Fulton County Court, Dominion timely filed a

---

[1] As of the date of the filing of this Brief, Plaintiffs *still* have not properly served Defendants with original process in this case.

notice of removal on October 18, 2022.  On November 23, 2022, Dominion filed a

Motion seeking the dismissal of the action in its entirety, and alternatively the

dismissal of all parties other than Plaintiff County of Fulton ("County") and

Defendant Dominion Voting Systems, Inc. ("DVSI"), pursuant to Rules 12(b)(1) and

(6) of the Federal Rules of Civil Procedure.  This Brief is now filed in support of

Dominion's Motion.

## II.   <u>STATEMENT OF THE FACTS</u>[2]

According to the Complaint, Fulton County sought to acquire voting system

services and software for the administration of its elections during calendar year

2019.  Doc 1-2, p. 8, ¶ 8.  The County entered into a written agreement with

Defendant DVSI dated April 1, 2019 ("Agreement") to provide such services and

software on a lease and license basis.[3]  Doc. 1-2, p-4, ¶s 1-2; p. 8,  ¶10; p. 33;  and

p. 36, ¶s 6.1-6.2.  The Agreement was executed by DVSI on August 14, 2019, and

by the County on August 20, 2019.  Doc. 1-2, p. 8, ¶11; p. 43.  The term of the

---

[2] The facts as stated herein are based upon the standard of review required for
motions to dismiss, and include the averments of fact as pled by Plaintiffs in the
Complaint, and those reasonably inferable from the documents attached thereto as
exhibits, or otherwise referenced therein.

[3] As stated in the Agreement, title to the equipment supplied by DVSI remained
with DVSI, and the software provided by DVSI was licensed to the County, not
sold.  Doc. 1-2, p. 36, ¶s 6.1-6.2.

Agreement was to continue through December 31, 2026, unless sooner terminated or extended. Doc. 1-2, p. 34, ¶ 3.

Pursuant to the express language of the Agreement, DVSI's contractual responsibilities were limited to the following: (i) delivering the hardware and software described in detail in the Agreement; (ii) providing the County with a license to use the software; (iii) assigning a project manager that would be a primary contact for the County; (iv) assisting the County in the acceptance testing process of the voting system supplied by DVSI; (v) providing the County with one reproducible electronic copy of the documentation; and (vi) providing invoices to the County for payment in accordance with the payment schedule set forth in the Agreement.  Doc. 1-2, pp. 34-35, ¶ 4.  Pursuant to Section 8 of the Agreement, acceptance testing was limited, and required to be performed with ten business days of the installation of the hardware and software provided pursuant to the Agreement in accordance with criteria developed by DVSI.  Doc. 1-2, p. 36, ¶ 8.1.  The Agreement permitted the County to terminate in the event that DVSI was not able to achieve "[Commonwealth] of Pennsylvania voting system certification for the [equipment and software] provided to the [County] as part of [the] Agreement" by June 30, 2019. Doc. 1-2, p. 40, ¶ 15.3.

As the Agreement merely leased hardware and licensed software, it contained various restrictions on the County's use of those instruments. The County was

24786053v1

permitted to use the licensed software only "for its own internal business purposes and conducting elections".  Doc. 1-2, p. 49, ¶ 2.1.  The County agreed not to reverse engineer or attempt to derive the source code of the software.  Doc. 1-2, p. 49, ¶ 2.4. The County was further expressly prohibited from engaging in any of the following activities: (i) transferring or copying onto any other storage device or hardware, or other copying of the software, in whole or in part, except for the purpose of system backup; (ii) reverse engineering, disassembling, decompiling, deciphering or analyzing the software in whole or in part; and (iii) altering or modifying the software in any way, in whole or in part.  Doc. 1-2, p. 50, ¶ 5.

The County began using the DVSI supplied hardware and software (collectively the "Voting System") in April of 2019.  Doc. 4-2, ¶ 19.[4]   In January of 2019, the Voting System was certified by the Commonwealth of Pennsylvania as complying with all requirements of the Pennsylvania Election Code, and by the United States Election Assistance Commission as meeting Federal voting system standards.  Doc. 1-2, pp. 68, 119, 120-121.  The County continued to use the Voting System through the November 3, 2020, general election.  Doc. 4-2, ¶ 20.

In December of 2020, and February of 2021, the County permitted a third-party consultant, Wake TSI, to access and inspect the Voting System, and to make

---

[4] The "Democracy Suite 5.5A voting system was the version of the Voting System supplied to the County pursuant to the Agreement.

copies of various directories, log files and other information.  Doc. 4-2, ¶s 28, 30; Doc. 1-2, pp. 192-196, 199-201.  As a result of the third-party inspection allowed by the County, in July of 2021, the Pennsylvania Department of State ("Department") decertified the County's future use of the equipment accessed and inspected by Wake TSI (the "Impacted Equipment"). Doc. 1-2, p. 18, ¶ 59; Doc. 4-3. The Secretary of the Commonwealth contended that by allowing a third party to access and image portions of the system after it had been certified by the Department, the County violated provisions of the Pennsylvania Election Code and compromised the security integrity of the system for future elections.  Doc. 4-2, ¶ 37; Doc. 4-3.  The Department's decision was based solely upon the County's actions, and not due to any issues with the Voting System as supplied by DVSI, and as certified by the Department.

On or about August 18, 2021, the County filed a Petition for Review against the Secretary of the Commonwealth in the Pennsylvania Commonwealth Court, seeking to challenge the Department's decertification of the Impacted Equipment. Doc. 1-2, p. 18, ¶ 60. The County filed an Amended Petition for Review on September 17, 2021.  Doc. 1-2, p. 18, ¶ 61.  In its verified Amended Petition for Review, the County maintains that the Department's decertification was without justification, and that had the Department inspected the Voting System after Wake TSI's inspection, the Department "would have found that the security and other

requirements of [the Pennsylvania Election Code] continued to meet the requirements of the Election Code, and that such existing machines could readily be used by Fulton County."  Doc. 4-2, ¶ 48.  The County is seeking as part of its relief in that litigation, a reversal of the decertification of the Impacted Equipment on the grounds that it was arbitrary, capricious, legally improper, and an error of law. Doc. 4-2, ¶ 49.  That litigation remains pending.

Following the commencement of its action against the Secretary of the Commonwealth, and as it was foreclosed from using the Impacted Equipment as a result of the decertification by the Department, the County stopped using the Impacted Equipment, and contracted with another provider to procure an alternative system on or about January 1, 2022.  Doc. 1-2, p. 19, ¶ 63.  The Plaintiffs have now filed suit against Defendants seeking damages as a result of the above under theories of breach of contract and breach of express warranty.  For the reasons set forth below, Plaintiffs have failed to state a claim under either theory and have included parties that have no standing and/or over whom this Court has no subject matter jurisdiction.

III.   **STATEMENT OF QUESTIONS INVOLVED**

   A.   HAVE PLAINTIFFS FAILED TO STATE A CLAIM AGAINST DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED BY THIS COURT?

   *Suggested Answer: Yes.*

   B.   DO PLAINTIFFS FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH AND RANDY H. BUNCH LACK STANDING TO MAINTAIN A BREACH OF CONTRACT AND/OR BREACH OF WARRANTY ACTION AGAINST DEFENDANTS, THEREBY DEPRIVING THIS COURT OF ARTICLE III SUBJECT MATTER JURISDICTION, AND REQUIRING THAT THEY SHOULD DISMISSED AS PARTIES?

   *Suggested Answer: Yes.*

IV.   **ARGUMENT**

   A.   **Plaintiffs Have Failed to State a Claim in Breach of Contract or Breach of Warranty Against Defendants, Thereby Warranting Dismissal of the Complaint in its Entirety.**

      1.   **Legal Standard**.

Federal Rule of Civil Procedure 12(b)(6) authorizes motions to dismiss for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). However, the Court "need not credit a complaint's bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 908 (3d Cir. 1997); *see also Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678-79) ("Conclusory allegations of liability are insufficient" to survive a motion to dismiss). While "plausibility" does not mean "provability," the remaining well-pled "factual allegations must be enough to raise a right to relief above the speculative level." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008).

In resolving a Motion to Dismiss pursuant to Rule 12(b)(6), the Court's analysis "unfolds in three steps:  First, the Court considers "the elements a plaintiff must plead to state a claim for relief"; second, the Court must "peel away those allegations that are no more than conclusions and thus are not entitled to the assumption of truth"; and, finally, the Court considers whether there remains well-pled factual allegations and, if so, determines "whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted).  Although the Court is generally limited in its review to consider facts contained in the complaint, it may also consider matters of public record, orders, exhibits attached to the complaint, and documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not

8

attached to the pleading.  *Olishover v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); *Pryor v. Nat'l Collegiate Athletic Assoc.*, 288 F.3d 548, 560 (3d Cir. 2002).

As more specifically set forth below, the Complaint filed by Plaintiffs falls woefully short of what is required to satisfy the above standard, and should be dismissed with prejudice.

### 2. Plaintiffs' Complaint Fails to State a Claim for Relief.

It is well established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages.  *Meyer, Darragh, Buckler, Bubenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).  Additionally, "[i]t is fundamental contract law that one cannot be liable for breach of contract unless one is a party to that contract." *Electron Energy Corp., v. Short*, 597 A.2d 175, 178 (1991)(holding that corporate president cannot be liable for breach of contract where he is not a party to the contract).  *See also, Fleetway Leasing Co., v. Wright*, 697 A.2d 1000,1003 (Pa. Super. 1997)("a person who is not a party to a contract cannot be held liable for breach by one of the parties to a contract"); *Commonwealth v. Noble C. Quandel Co.*, 585 A.2d 1136, 1140 (Pa. Commw. 1991)(same). Plaintiffs have failed to

satisfy the above elements to establish any claims against either of the named Defendants.

First, this action is based upon a written contract, a copy of which was attached to the Complaint. By its express terms, that contract was between *two* and *only two* parties: the County and DVSI. Doc. 1-2, pp. 3-4 ¶s 1-2; p. 33 ("This Managed Services Agreement … is made by and between Fulton County, PA, … and Dominion Voting Systems Inc. ... ."). There are no averments in the Complaint to the contrary, or that establish *any* legally cognizable interest in the Agreement with respect to any other party.[5] Based upon the above referenced legal precedent, the only parties that can sue or be sued for breach of the Agreement are the County and DVSI. Consequently, no claims upon which relief may be granted by this Court have been sufficiently stated *by* Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh, or Randy H. Bunch; *or against* Defendant U.S. Dominion, Inc. Accordingly, those parties must be dismissed from this action.

Second, the factual allegations of the Complaint, when separated from the bald assertions and legal conclusions, and when considered in conjunction with Plaintiffs' verified averments in other public filings, fail to establish the basic

---

[5] The Agreement between the County and DVSI specifically precludes any third party beneficiaries, and expressly provides "[n]o obligation of [DVSI] or [the County] may be enforced against [DVSI] or [the County], as applicable, by any person not a party to [the] Agreement." Doc. 1-2, p 42, ¶ 23.

elements for a breach of contract action against the Defendants.  The complaint confirms that DVSI supplied the County with a Voting System that was certified by the Commonwealth of Pennsylvania to be used in the November 2020 election. DVSI supplied the County with licenses to utilize the software necessary for the Voting System.  The County used the Voting System for the November 2020 election.  There are no averments that the election process was not able to be completed because of any deficiencies in the Voting System provided.

Moreover, there are no specific damages that have been alleged that resulted from any specific breach of a specific provision of the Agreement.  While Plaintiffs assert generally that the Voting System was not "free from defects" or "compliant" with the specifications set forth in the Agreement, they fail to identify any specific purposed defect, and how such defect resulted in recoverable damages.  Under the *Ashcroft/Twombly* standard, Plaintiffs conclusory allegations are insufficient to state a claim for relief.

The Plaintiffs appear to rely upon the decertification of the Impacted Equipment by the Commonwealth of Pennsylvania to bolster their conclusory allegations of breach.  Their reliance is misplaced.  Based upon the letter issued by the Secretary of the Commonwealth, the decertification was based upon the Plaintiffs' decision to permit a third-party inspection of the Impacted Equipment, which the Secretary concluded was a violation of the Pennsylvania Election Code.

11

*See* Doc. 4-3.[6]  It had nothing to do with the condition of the Voting System as supplied by DVSI and as previously certified by the Commonwealth.

Moreover, in their verified Amended Petition for Review challenging the decertification, the Plaintiffs contend that the Commonwealth's decertification was improper, and that there were no security issues that would prohibit the use of the DVSI Voting System for future elections.  *See* Doc. 4-2, p. 14, ¶ 48 ("If Respondent had conducted the mandated reexamination of Petitioners' Voting System, Respondent would have found that the security and other requirements contained in 25 P.S. § 3031.1 *et seq*., "Electronic Voting Systems," continued to meet the requirements of the Election Code and that such existing machines could be readily used by Fulton County").  This is a stark admission that is irreconcilable with a conclusory statement that the Voting System was defective.

As Plaintiffs have failed to set forth facts sufficient to establish a breach of any obligation owed by Defendants that resulted in any damages to them, Plaintiffs have failed to state a claim upon which relief may be granted by this Court. Accordingly, Defendants' motion to dismiss should be granted, and the Complaint dismissed, with prejudice.[7]

---

[6] Plaintiffs' actions in allowing the third-party inspection was also a breach of the Agreement by Plaintiffs.  *See* Doc. 1-2, p. 50, ¶ 5.

[7] Plaintiffs' count for breach of warranty is nothing more than a recasting of its breach of contract claim under a different heading.  They offer nothing more in

**B.** **Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch Lack Standing to Pursue a Breach of Contract/Breach of Warranty Action against Defendants.**

In the alternative to the above, and should any portion of this action remain, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H, Bunch lack standing to proceed forward, requiring their dismissal.   Standing is a jurisdictional matter subject to challenge under Rule 12(b)(1).  *Davis v. Wells Fargo,* 824 F.3d Cir. 333, 346 (3d Cir.  2016).  "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."  *Id.,* (quoting *Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n.3 (3d Cir. 2006).  In order to satisfy the jurisdictional standing requirement, a plaintiff must establish three elements: (i) that he has suffered an injury in fact, meaning a concrete and particularized invasion of a legally protected interest; (ii) that there is a causal connection between the injury and the conduct complained of that can be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (iii) that it is likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision.  *Id.* at 346-347. *See also*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

---

substance than their breach of contract claim, and therefore suffer from the same fatal defects.  As such, Dominion relies upon its analysis regarding the breach of contract claim as applying equally to the breach of warranty claim.

24786053v1

(1992).   Here, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh, and Randy H. Bunch have failed to establish any of the three elements.

Other than including their names in the caption, Plaintiffs make no averments that are particular to the Board of Elections or Messrs. Ulsh and Bunch.   The Complaint does not allege any injury they claim to have suffered as a consequence of any action by the Defendants.   The Complaint seeks no damages on their behalf. The Complaint is completely devoid of any averments sufficient to establish Article III jurisdiction over any of them.   Consequently, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch must be dismissed as parties from this action.

## V.   **CONCLUSION**

For the reasons set forth herein, Defendants Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that this Honorable Court grant their Motion and dismiss Plaintiffs' Complaint in its entirety with prejudice, or alternatively dismiss Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and

24786053v1

Randy H. Bunch from this action, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

**POST & SCHELL, P.C.**


By:     */s/ Michael W. Winfield*
        Michael W. Winfield, Esquire
        Attorney I.D. No. 72680
        17 North Second Street, 12th Floor
        Harrisburg, PA 17101
        Phone: (717) 612-6024
        Fax: (717) 731-1985

        Paul A. Logan, Esquire
        Attorney I.D. No. 30119
        Four Penn Center, 13th Floor
        1600 John F. Kennedy Blvd.
        Philadelphia, PA  19103-2808
        Phone: (215) 587-1000
        Fax: (215) 320-4720

        *Attorneys for Defendants, Dominion
        Voting Systems, Inc. and U.S.
        Dominion, Inc.*


Dated:  December 7, 2022

24786053v1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 7th day of December, 2022, I served a true and correct copy of the foregoing *Defendants' Brief in Support of its Motion Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure*, via U.S. First Class Mail, postage prepaid, upon the following person:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
*tom@thomasjcarrolllaw.com*

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:   */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  December 7, 2022

24786053v1