## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COUNTY OF FULTON, et al.,

                                         Case No. 1:22-CV-01639-SHR

      Plaintiffs,

v.

DOMINION VOTING SYSTEMS, INC.
and U.S. DOMINION, INC.,

      Defendant.

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, by and through undersigned counsel, provide this reply to Defendant Dominion's motion to dismiss.

### 1.   Standard of Review

### a.   Applicable Law

A federal court sitting in diversity must apply the substantive law of the state in which it sits. *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56 (3d Cir. 1982). Therefore, Pennsylvania law applies in this case.

Moreover, the agreement that Fulton County alleges Dominion breached contained a "choice of law" provision stating that "interpretation of this Agreement shall be governed by the laws of the Customer's State" and that "courts of competent jurisdiction located in the Customer's State will have jurisdiction to hear and determine questions related to this Agreement." (Exhibit A, Complaint, ¶ 7, citing to the Contract at p. 9).[1]  Of course, the "Customer" under the terms of the agreement is Fulton County in this case.

---

[1] For purposes of this reply, Plaintiffs simply attach as Exhibit A, the Complaint and Exhibit A to that Complaint, i.e., the "Managed Services Agreement" between Plaintiffs and Dominion dated August 20, 2019, and the subsequent amendments; the same Agreement that is the alleged contract between Fulton County and Dominion; and the same agreement, that Dominion itself acknowledges is an "agreement" between Fulton County and Dominion.

### b. Review Under 12(b)(1)

A challenge to a court's jurisdiction on grounds of a lack of standing under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge. If a facial challenge is made, the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). Further, "the trial court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations. *Turicento, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002). In a factual challenge, the plaintiff bears the burden of persuasion to show that subject-matter jurisdiction exists, and the court must weigh the evidence relating to jurisdiction. *Id*. In the instant case, Dominion asserts only that some of the Plaintiffs lack standing, although those individuals, Commissioner's Bunch and Ulsh are simply individual commissioners on the Fulton County Board of Elections – a governmental entity that is a party to the Agreement with Dominion – as acknowledged by Dominion. Therefore, this is a partial, *facial* challenge only to the participation of the individual parties that are not named in the agreement.

2

### c. *Review Under 12(b)(6)*

Under Rule 12(b)(6), a district court accepts *all* factual allegations in the complaint as true and all reasonable inferences are drawn in the plaintiff's favor. See, e.g., *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In considering a Rule 12(b)(6) motion, federal courts generally require only notice pleading, as opposed to the heightened standard of fact pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). See also Fed. R. Civ. P. 8(a)(2). The latter rule requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"

### 2. *Counter Arguments*

### a. *Dismissal Under Rule 12(b)(1) Is Not Warranted*

Plaintiffs, Fulton County, chose to pursue a breach of contract action against Dominion after engaging in due diligence to determine the integrity and reliability of the Dominion voting machines that had been used by Fulton County under the 2019 Agreement. The crux of Dominion's motion to dismiss is based on the sophistic argument that Fulton County Commissioners Bunch and Ulsh are not "parties" and they themselves have no standing.

3

However, Defendant admits that there was an "agreement" between Fulton County and DVSI (Dominion Voting Systems).

Plaintiffs aver in the Complaint that "Plaintiff, Fulton County, Pennsylvania ("Fulton County") Board of Elections," is the governmental agency and representative of the citizens of Fulton County, Pennsylvania, and all municipalities and precincts located within its boundaries with respect to the conducting of elections within Fulton County." (Exhibit A, Plaintiffs Complaint and Exhibit A ¶ 1.).

Furthermore, in its brief, Dominion has retreated significantly from the averments in its original motion to dismiss, i.e., that the Court has no subject matter jurisdiction and thus, under 12(b)(1) it may dismiss the entire suit. In the instant case, Dominion devotes about 3 pages (the last 3 pages of its brief) making a meek argument that some of the plaintiffs, particularly, Commissioner Ulsh and Commissioner Bunch, lack standing to proceed. However, in the first 13 pages of the brief, Dominion acknowledges that at least some of the named Plaintiffs (particularly, Fulton County / Fulton County Board of Elections, proper) and some of the Defendants are parties to the agreement that Fulton County alleges was a contract that Dominion breached. Therefore, this challenge to reduce the suit to only two parties, Fulton County and Dominion, the two parties to the contract, is a "facial

challenge".  In such cases, the courts must accept the allegations and is restricted to a review of the allegations in the complaint and the documents referenced therein.  *Gould*, *supra*; *Mortensen*, *supra*.

In the instant case, as already noted, Dominion concedes that the courts have subject matter jurisdiction over the dispute between at least some of the parties in the pleadings – Fulton County / Fulton County Board of Elections and Dominion.

Dominion even cites significant portions of the "agreement" to try and demonstrate the fact that it breached no obligations to Fulton County.  Indeed, while it did not file a counter-claim, many of the references in Dominion's brief argue that Fulton County cannot claim a breach of contract because its own conduct caused any such harm or damages in requiring Fulton County to have to contract with another provider on the basis that Dominion's machines could no longer be used.  Whether or not and to what extent these facts (that both parties agree occurred) constitute a breach of contract on the part of Dominion, or a breach of the agreement on the part of Fulton County, are the kind of legal questions based on facts that both parties allege support their case.  This is a classic example of a dispute that *cannot* be resolved on a motion under 12(b)(1), or 12(b)(6) for that matter.

Indeed, in its brief, Dominion avers: "Pursuant to the express language of *the Agreement, DVSI's contractual responsibilities were limited to* the following: (i) delivering the hardware and software described in detail in the Agreement; (ii) providing the County with a license to use the software; (iii) assigning a project manager that would be a primary contact for the County; (iv) assisting the County in the acceptance testing process of the voting system supplied by DVSI; (v) providing the County with one reproducible electronic copy of the documentation; and (vi) providing invoices to the County for payment in accordance with the payment schedule set forth in the Agreement." Dominion's Brief, p. 3 (emphasis added).

While its "averments" as to the limitations of its contractual responsibilities might ultimately be proved to be the case, although Plaintiffs make no such concession, this is a counter-argument to Plaintiffs' breach of contract claim that is a textbook blackletter law example of a dispute over the meaning and consequences of the terms of an agreement, *not whether there was one*.

As discussed in more detail below, and for the same general reasons, Dominions 12(b)(6) motion should be denied on the same basis – the parties dispute the terms and conditions of a written agreement – a typical dispute over the meaning of a contract – not whether there was one to begin with.

### b. Dismissal Under 12(b)(6) Is Not Warranted

To survive a motion to dismiss under 12(b)(6), plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant *may be liable* for the misconduct alleged. *Id*. at 1949. Therefore, in deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), citing *Iqbal*, 129 S.Ct. at 1949.

District courts must conduct a two-part analysis when presented with a motion to dismiss. *Fowler*, 578 F.3d at 210. "First, the factual and legal elements of a claim should be separated." *Id*. "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950).

See also, *Edwards v. A.H. Cornell and Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the specific nature of the claim presented and the facts pled to substantiate that claim. *Id*. Thus, in a breach of contract action, where a plaintiff alleges the existence of a contract between the parties, attaches the alleged contract to the complaint, and alleges conduct on the part of the defendant asserting a breach of the terms of that contract, summary judgment under 12(b)(6) is generally inappropriate. These are the elements to demonstrate a claim for breach of contract.

Even though it might appear unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits, the district court is not at liberty under our adversarial system and notice pleading to simply rule that the plaintiff cannot try. *Twombly*, *supra* at 556, 563 n.8. Instead, the district court is to ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556.

In short, a motion to dismiss should not be granted if a plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

Generally, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. See *Fowler*, *supra*. See also *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613, at *10 (W.D. Pa. Jan. 7, 2011)

Here, Fulton County copiously documented the details (terms), conditions, and qualifications of the agreement by and between itself and Dominion. Exhibit A, ¶¶ 8 through 86.[2]  Here Fulton County focused on the precise terms and conditions that it alleges were the focus of its breach of contract and breach of warranty claims, and why, with the alleged facts concerning Dominion's actions and conduct, and the product that was provided to Fulton County, it believes Dominion was in breach.  *Id*.

Then, Fulton County further alleged "as demonstrated by these aforementioned allegations and the reports and analyses conducted and discussed herein, Dominion required in its contract that Fulton County (and whatever party contracted to use their machines), accept its certification and testing parameters, where Dominion was largely responsible for ensuring that Dominion Voting Machine Systems passed certification requirements and

---

[2] Fulton County's Complaint actually had more paragraphs alleging facts than represented, as paragraph 8, referred to here, was misnumbered due to a starting over of the paragraph numbers after both the recitation of the Parties (paragraphs 1 through 3), and the Jurisdiction and Venue section (paragraphs 1 (repeated) through 7).

logic and accuracy testing, and Dominion Voting Machines did not meet the conditions required for basic certification and testing sufficient to ensure the integrity of the elections for the citizens of Fulton County.  Exhibit A, ¶ 86.

Plaintiffs further allege:

- "The Agreement between Fulton County and Dominion constituted a contract whereby for consideration and according to the schedule of payments and its terms, Fulton County paid Dominion to provide equipment and services," *id*. at ¶ 88;

- "Under the Agreement, Dominion had a duty to, inter alia, ensure that the System was secure and compliant, and in a condition fit for use and purpose and the service it was held out to provide to Fulton County ("voting system services, software licenses and related services"), in consideration for Fulton County's signing onto the terms and conditions of the Agreement," *id*. at ¶ 89;

- "Sufficient product delivery and services were dependent on successful completion of the acceptance testing and the failure of the conditions to certification described above constituted a failure in and impossibility of the Acceptance provision in the Agreement," *id*. at ¶ 90;

- Moreover, Fulton County alleged that "terms in the Agreement that made it impossible for Fulton County to refuse to grant Acceptance based on a failure of the System to conform with the specifications, requirements and functions set out in the Agreement were onerous and against public policy, and in any event constituted a breach of Dominion's obligations to provide 'voting system services, software licenses and related services' fit for use and purpose as promised and held out to Fulton County by Dominion," *id*. at ¶ 91;

- Fulton County alleged that both before and after decertification, "many of the 'conditions' in the certification report which were required to be met for certification and proper

10

functioning of the Dominion Voting System were not met and were not present before, during and after the November 2020 election and up until the time Fulton County ceased using the Dominion Voting System many of the 'conditions' in the certification report which were required to be met for certification and proper functioning of the Dominion Voting System were not met and were not present before, during and after the November 2020 election and up until the time Fulton County ceased using the Dominion Voting System," *id*. at ¶ 92;

- Concerning allegations that Dominion breached the agreement's terms, Fulton County alleged: "Based on information and belief and the allegations herein, Dominion breached that part of the Agreement in which warranted that when used with the hardware and software configuration purchased through or approved by Dominion, each component of Dominion Hardware would be free of defects that would prevent the Dominion Hardware from operating in conformity in all material respects with its specifications as documented by Dominion," and "Dominion breached this duty because it failed to provide a system that was free from defects and compliant," *id*. at ¶¶ 93-94;

- Finally, regarding damages, Fulton County alleged, inter alia, that "Fulton County (and Fulton County's citizens) suffered damages, including capital outlay and expenditures that were borne by Fulton County citizen taxpayers, which outlay and expenditures were made in consideration and reliance upon a voting system that did not maintain and ensure the integrity and sanctity of the voting process and protect and preserve the constitutional rights of all Fulton County citizens," *id*. at ¶ 96.

Fulton County also included a breach of warranty claim, based on the allegations of fact and the documented attachments in its complaint, which is recognized as a supplement and pendent to a breach of contract claim under Pennsylvania law. *Id*. at ¶¶ 97 through 101.

11

In cases in which a plaintiff alleges that the defendant "is in breach of its contract…with the Plaintiff" and the "breach has directly and proximately caused and continues to cause the Plaintiff to suffer damages" the courts have found sufficient "notice pleading" to survive a 12(b)(6) motion.  See, e.g., *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613, at *14 (W.D. Pa. Jan. 7, 2011).  This was so, even as this was the only pleaded information addressing the defendant insurance company's alleged breach of contract.  *Id*.

Moreover, Dominion essentially concedes in its brief that there is a dispute over the terms and meaning of the written agreement.  See Dominion's Brief, pp. 1-6.  In its statement of facts, as stated in part above, Dominion clearly disputes *whether* it might be liable for a breach of the agreement with Fulton County, not *whether* there was such an agreement.  Moreover, Dominion claims that Fulton County's conduct and actions (including in matters unrelated and not attached to Fulton County's pleadings) are the *real cause* of the rupture in the agreement by and between Fulton County and Dominion.

It is black letter law that this is litigating the meaning of terms and the consequences thereof in relation to the conduct and actions of the parties to an agreement.  It is disputing the *meaning* of a contract, not whether one exists.  The former is a dispute that should be litigated, whereas the latter

would be more akin to scrutiny under a 12(b)(6) motion for failure to state a claim. Here, Dominion's concession that there is an agreement, coupled with the factual allegations and claims of breach in Fulton County's complaint bring this case without the ordinary dismissal parameters covered by Rule 12.

Under the standards of 12(b)(6), at this stage, the court accepts all allegations in a complaint and reasonable inferences that can be drawn therefrom. *Iqbal*, 129 S.Ct. at 1949. Here, Plaintiffs have alleged more than enough that there was a written agreement, that its terms and conditions were not met or failed, respectively, and that they are entitled to damages (at least financial damages). Therefore, Fulton County has pleaded sufficient facts that show the existence of a contract between the parties, breach, and resulting claims for damages as a result. Because they have pleaded facts that show the existence of a contract, alleged breach of a duty to provide a product fit for purpose and subject to the warranties within the meaning of that contract, and resultant damages, they have provided adequate facts which could, if established at trial, entitle them to relief. See *Twombly*, 550 U.S. at 555, *Pennsy. Supply Co.*, 895 A.2d at 600.

Moreover, Dominion confounds "legal claims" with "factual *allegations*" and state that Plaintiffs' allegations are conclusory. That is not the standard. As noted, the factual allegations in a complaint are taken as true. Whether or

not and to what extent those factual allegations will ultimately be proved, and the extent to which they will suffice to demonstrate a "breach" of the contract at issue is a matter reserved exclusively for litigation.  Plaintiffs' Complaint does *more* than simply provide a conclusory statement that Dominion breached its contract.  By alleging and providing factual support that the terms and conditions of the agreement were breached, and that said breach lead to additional financial burdens, Fulton County has solidly presented a breach of contract action in the court.

Indeed, due to the fact that Dominion itself raises factual questions concerning the effects and consequences of the terms of the agreement, i.e., the contract, between itself and Plaintiffs, Fulton County and Fulton County Board of Elections, and even refers to matters which have arisen in the lawsuit by and between Fulton County and the Secretary of the Commonwealth of Pennsylvania, i.e., *matters outside the pleadings of this case*, the proper course of action would be to consider Dominion's motion under Rule 56, but then, only after sufficient discovery is allowed.  When matters outside the pleadings are presented to the court on a motion under Rule 12(b)(6), the court either must exclude them, or, *after notice to the parties*, treat the motion as one for summary judgment under Rule 56.  *Rose v. Bartle*, 871 F.2d 331, 339-342 (3d Cir. 1989).

Dominion cannot have it both ways – argue that it had no contractual obligations to Fulton County and at the same time seek summary dismissal under Rule 12 for a failure to state a claim.  This is a classic case of breach of contract by and between two contracting parties that have a dispute about the legal obligations of each party to the agreement and the consequences of breach of its terms.

<u>CONCLUSION</u>

Ultimately, the Plaintiffs have supplied the court with sufficient pleadings to advance its breach of contract and breach of warranty claims against Dominion.  Plaintiff has provided the instrument that is the alleged contract.  Dominion has admitted to the existence of this agreement.  Whether or not and to what extent Dominion breached the agreement, and the extent to which actions taken by Fulton County may have impacted its claims are issues for litigation before judge and jury.  Dominion appears to place blame on Fulton County for alleged conduct that occurred after the agreement was entered into.  However, Dominion has filed no counterclaim.  Furthermore, the extent to which any such conduct on the part of Fulton County affected its claims of breach of contract and/or breach of warranty are the types of ordinary issues reserved for actual litigation, i.e., discovery and vetting before a court – not reasons to grant summary judgment.

For the reasons stated in this Reply, the Court should deny Dominion's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

/s/ Thomas J Carroll
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date: December 21, 2022

16

<u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Carroll, attorney for Plaintiffs, Fulton County, hereby certify that

on this 21st day of December, 2022, I served a true and correct copy of the

foregoing Fulton County's Reply in Opposition to Dominion's Motion to

Dismiss, via electronic filing in the Court's ECF Pacer filing system and/or

via electronic mail to counsel of record for Dominion as recorded therein.

Respectfully submitted,

<u>/s/ Thomas J Carroll</u>
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J
CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date: December 21, 2022