**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COUNTY OF FULTON, et al<br><br>Plaintiffs,<br><br>v.<br><br>DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC.<br><br>Defendants. | No. 1:22-CV-01639-SHR |

**DEFENDANTS' REPLY BRIEF TO
PLAINTIFFS' REPLY TO MOTION TO DISMISS**

Plaintiffs' brief in opposition to Defendants' Motion to Dismiss (styled as *Plaintiffs' Reply to Defendant's [sic] Motion to Dismiss*) suffers from the same shortcomings as its Complaint, insofar as it relies on general, unspecified conclusions that are insufficient to meet the pleading standard required by *Twombly* and its progeny, and contradicted by its verified pleadings in other litigation that Plaintiff has relied upon in this matter. For the reasons set forth in Defendants' Brief, and below, Defendants' motion should be granted.

**I.   PLAINTIFFS FAIL TO ADDRESS THE LACK OF CONTRACTUAL PRIVITY BETWEEN AND AMONG ANY PARTIES OTHER THAN FULTON COUNTY AND DOMINION VOTING SYSTEMS, INC.**

Plaintiffs' entire response to Defendants' position that Plaintiffs Fulton County Election Board, Stuart L. Ulsh and Randy H. Bunch lacked contractual

24938194v1

privity, and therefore standing, to pursue a breach of contract and/or breach of express warranty against Defendants appears to be that because Defendants have admitted to the existence of a contract between *some* of the parties, that is enough under the notice pleading standard to establish contractual claims among and between *all* of the parties.  It is not.

It is Plaintiffs' burden to plead facts necessary to establish the basic elements of a breach of contract – including that there is a contract in existence between the parties seeking relief, and the parties against whom relief is sought.  Indeed, the existence of a contract *between the parties* is the very cornerstone of a breach of contract action.  The Plaintiffs have based their cause of action on the written agreement attached to the Complaint.  *See* Doc. 1-2.  It is undeniably an agreement with two and only two parties – Fulton County and Dominion Voting Systems, Inc.  Plaintiffs' Brief offers nothing that would lead to a different conclusion.[1]

Likewise, Plaintiffs have offered nothing to demonstrate what interest, if any, the Election Board or Plaintiffs Ulsh and Bunch have in the contract at issue, and

---

[1] Plaintiffs falsely state in their Brief that Dominion has acknowledged that Fulton County Board of Elections is a party to the agreement at issue, and has conceded "that the courts have subject matter jurisdiction over the dispute between some of the parties" including Fulton County Board of Elections. *See*, Doc. 7, pp. 4-5. Dominion has made no such acknowledgement or concession, but rather has steadfastly maintained that Fulton County Board of Elections is ***not*** a party to the agreement between Fulton County and DVSI, and that this Court ***lacks*** subject matter jurisdiction over it.

24938194v1

what injury, if any, each have suffered as a result of some action of the Defendants.

These are necessary predicate elements to establish Article III standing. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). Without such factual predicates, there can be no standing. Absent Article III standing, this Court lacks subject matter jurisdiction requiring the dismissal of the named Plaintiffs other than Fulton County.[2] *Id.*

**II.  PLAINTIFFS FAIL TO ADDRESS THE ABSENCE OF ANY AVERMENTS IN THE COMPLAINT TO ESTABLISH ANY CLAIMS ON BEHALF OF PLAINTIFFS FULTON COUNTY ELECTION BOARD, STUART L. ULSH OR RANDY H. BUNCH OR AGAINST DEFENDANT U.S. DOMINION, INC.**

Setting aside the standing challenge, in order to survive a challenge under Rule 12(b)(6), Plaintiffs must set forth sufficient facts to establish the basic elements of the cause of action they are pursuing. Defendants' position is that Plaintiffs have not set forth any facts sufficient to establish a breach of contract or breach of warranty action by Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh or Randy H. Bunch, or against U.S. Dominion, Inc. Rather than respond to Defendants' argument, Plaintiffs ignore it altogether. Even when taking all properly pled facts

---

[2] Plaintiffs misrepresent in their filing that "Dominion has retreated significantly from the averments in its original motion to dismiss, i.e., that the Court has no subject matter jurisdiction and thus, under 12(b)(1) it may dismiss the entire suit." *See* Doc. 7, p. 4. Dominion does not seek dismissal of the entire suit pursuant to Rule 12(b)(1), but rather only the dismissal of certain parties. Dominion does, however, seek dismissal of the entire suit pursuant to Rule 12(b)(6).

24938194v1

as true, there is nothing in the Complaint that asserts any claims by or against those parties, or seeks any damages on behalf of or against those parties.  Aside from including their names in the caption and briefly identifying them, Plaintiffs do not mention them at all in the Complaint.  Defendants suggest that Plaintiffs' failure to respond in any way in its Brief to this issue is a tacit admission that they have no valid response.

**III.   PLAINTIFFS' ARGUMENT THAT THE DEFENDANTS' MOTION TO DISMISS SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT IS INCONSISTENT WITH THE LAW OF THIS CIRCUIT.**

As an initial matter, Plaintiffs suggest that this Court may not consider the Amended Petition for Review that they filed with the Pennsylvania Commonwealth Court, or the decertification letter from the Secretary of the Commonwealth, without treating Defendants' motion as one for summary judgment under Rule 56, even though both documents were specifically referenced and relied upon in the Complaint and are matters of public record.[3]    Plaintiffs' position is inconsistent with the law of this Circuit.

The law of this Circuit regarding the scope of review of a motion to dismiss is well established.  In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  *Sands v. McCormick*,

---

[3] The decertification letter was both referenced in and attached as an exhibit to, Plaintiffs' pleadings filed in the Commonwealth Court action.

4

502 F.3d 263, 268 (3d Cir. 2007).  The court may also consider undisputedly authentic documents that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the attached documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Additionally, documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered without converting the motion to dismiss to one for summary judgment. *See Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002); *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 1994).  *See also, Breanne C. v. S. York County Sch. Dist.*, 665 F. Supp. 2d 504, 508-508 (M.D. Pa. 2009).

Here, Plaintiffs have referenced and relied upon in their Complaint the two documents that Defendants have attached to their Motion to Dismiss.  *See* Doc. 1-2, ¶s 59-65.  Both documents are matters of public record as part of the pleadings *filed by Plaintiffs* in an ongoing case before the Pennsylvania Commonwealth Court. Plaintiffs have not questioned the authenticity of the two documents – nor can they, as they are part of the pleadings *that Plaintiff verified and filed* in the Commonwealth Court action.  Consequently, this Court may consider such documents for purpose of determining Defendants' motion to dismiss without converting such motion to one for summary judgment.

5

## IV.   PLAINTIFFS' COMPLAINT DOES NOT SATISFY THE *TWOMBLY* STANDARD

Plaintiffs' entire Complaint is based upon the factually unsupported conclusion that the Voting System supplied by DVSI was defective due to purported security issues that rendered it unsuitable for use.[4]   Yet, the factual averments and demand for relief set forth in Plaintiffs' verified Amended Petition for Review in the Commonwealth Court action contend that the Voting System supplied by DVSI was not defective at all.  The Plaintiffs cannot have it both ways.  They cannot contend in one action (filed well in advance of the present matter) that the Voting System was free of defects and compliant with the Election Code such that it could be used in future elections, and in another action contend that the very same system was defective and could not meet legal requirements for use in elections.  Plaintiffs fail to acknowledge or address this inconsistency.  This Court should not.

Additionally, Plaintiffs have failed to provide any facts to establish the causation element necessary to state a claim for breach of contract.  It is the Plaintiffs' burden to set forth sufficient facts to connect the alleged defect to an injury suffered by Plaintiffs.  They have not done so.

---

[4] Plaintiffs' conclusory statements claiming that the system was defective carries no weight, and this Court is not bound to accept them as true, even if couched as factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

24938194v1

The facts as alleged in the Complaint (and in the Amended Petition for Review) establish that the Plaintiffs' inability to continue to use the Voting System was caused *by the Plaintiffs'* decision to allow a third-party consultant to access and image the system after it had been certified by the Commonwealth, which the Commonwealth contended violated provisions of the Election Code and compromised the integrity of the system for future elections.  *See*, Doc. 4-2, ¶ 37; Doc. 4.3.  It was because of the Commonwealth's decertification of the equipment which Plaintiffs allowed a third-party to access that Plaintiffs could not continue using that equipment -- not because of some purported defect in the system.  There are no properly pled factual allegations sufficient to establish a link between any alleged defect in the Voting System and any purported damages suffered by Plaintiffs.

In an effort to justify the paucity of actual facts in their Complaint, Plaintiffs refer to *Rubin v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 1613 (W.D. Pa. 2011).  That case is readily distinguishable.  *Rubin* involved a claim for unpaid underinsured motorist benefits made by an insured against her insurer.  Although the complaint in that case contained very simplistic allegations, they were sufficient to establish the basic elements of a breach of contract – namely, the existence of a contract that provided for the benefits; the fact that the insured was in an accident that resulted in injuries for which she was not fully compensated through the

24938194v1

tortfeasor; the fact that she initiated a claim for underinsured benefits against her insured; and the fact that the insured denied her claim for benefits.  The plaintiff in *Rubin* was able to establish the existence of a contract, a breach of its provision, and damages that resulted from that breach.  Here, Plaintiffs were unable to establish those same elements in a Complaint comprised of 27 pages and over 100 averments.

## V.      CONCLUSION

For the reasons set forth herein, and in its Brief previously filed, Defendants Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that this Honorable Court grant their Motion and dismiss Plaintiffs' Complaint in its entirety with prejudice, or alternatively dismiss Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch, and Defendant U.S. Dominion, Inc., from this action, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:    */s/ Michael W. Winfield*
       Michael W. Winfield, Esquire
       Attorney I.D. No. 72680
       17 North Second Street, 12th Floor
       Harrisburg, PA 17101
       Phone: (717) 612-6024
       Fax: (717) 731-1985

       Paul A. Logan, Esquire
       Attorney I.D. No. 30119
       Four Penn Center, 13th Floor

9

1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
Phone: (215) 587-1000
Fax: (215) 320-4720

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  January 3, 2023

9

24938194v1

**CERTIFICATE OF SERVICE**

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting

Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 3ʳᵈ day of January,

2023, I served a true and correct copy of the foregoing *Defendants' Reply Brief to*

*Plaintiffs' Reply to Motion to Dismiss*, via the Court's ECF system:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
*tom@thomasjcarrolllaw.com*

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:     /s/ Michael W. Winfield
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12ᵗʰ Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion*
*Voting Systems, Inc. and U.S.*
*Dominion, Inc.*

Dated:  January 3, 2023