IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COUNTY OF FULTON, et al.,** | : | Civ. No. 22-CV-1639 |
| Plaintiffs, | : | |
| v. | : | |
| **DOMINION VOTING SYSTEMS, INC., et al.,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 4.) For the reasons set forth below, the motion will be granted.

## I.     BACKGROUND

Plaintiff Fulton County, Pennsylvania Board of Elections, is the government agency of the citizens of Fulton County, Pennsylvania, and all municipalities and precincts located within its boundaries, responsible for conducting elections within Fulton County. (Doc. 1-2 p. 6.) Defendant Dominion Voting Systems, Inc. ("Dominion"), is a Delaware corporation that designs, manufactures, licenses, and provides services for its voting systems. (*Id.*) Dominion is a wholly owned subsidiary of codefendant Defendant U.S. Dominion Inc., a Delaware corporation. (*Id.*; Doc. 3 p. 2.)

1

In August 2019, Dominion entered into an agreement with Fulton County to provide it with "voting system services, software licenses and related services" for conducting elections. (*Id.* pp. 8-9, *see also* pp. 32-66.) The contract's interpretation is governed by Pennsylvania law. (*Id*. pp. 7-8.) Dominion's responsibilities under the agreement included, as relevant here, delivering to Fulton County the voting system, services and licenses described in the contract. (*See id.* pp. 34-35.) Fulton County was permitted to terminate the agreement at will in the event the system did not obtain Pennsylvania voting system certification. (*Id.* p. 40.)

In January 2019, Fulton County's voting system from Dominion was certified by the Commonwealth as complying with the requirements of the Pennsylvania Election Code, and by the United States Election Assistance Commission as meeting the Federal voting system standards. (*See id*. pp. 68, 119-20.) Fulton County continued to use the voting system through the November 3, 2020 general election.

In December 2020 and February 2021, Fulton County permitted Wake TSI, a third-party consultant, to access and inspect the voting system and certain copies of directories and log files. (*See id*. pp. 17-18, 199-201.) As a result of the third-party inspection, in July 2021, the Pennsylvania Department of State decertified Fulton County's future use of the equipment accessed and inspected by Wake TSI. (*Id.* p. 18.) Fulton county has challenged the decertification and the litigation remains pending. (*See id.* pp. 15-16.)

In September 2022, Fulton County initiated this action against Dominion and U.S. Dominion, Inc., in the Court of Common Pleas for Fulton County, Pennsylvania. (*Id.* 1-2 p. 4) In addition to Fulton County, the complaint names as Plaintiffs Fulton County Board of Elections, as well as Stuart L. Ulsh and Randy H. Bunch in their "official capacity[ies] as County Commissioner[s] of Fulton County and in [their capacities] as a resident taxpayer[s] and elector[s] in Fulton County." (*Id.*) Defendants have removed the action to this court pursuant to 28 U.S.C. § 1332. (Doc. 1.)

The complaint alleges in Count I that Defendants breached the parties' agreement by failing to provide a voting system that met the conditions for certification and that was free from defects which prevented the system from operating in conformity with the agreement's specifications. (*See* Doc. 1-2 pp. 26-27.) Count II alleges breach of express warranty on substantially the same basis. (*See id.* pp. 27-29.) As result of Defendants' breaches of contract and warranties, the complaint avers, Fulton County suffered the following damages: (1) the inability to ensure compliance with the requirements of state and federal law; (2) violations of the constitutional rights of Fulton County voters; and (3) capital outlay and expenditures in connection with the agreement. (*Id.* pp. 27-29.)

The Complaint references and attaches multiple detailed reports which point to flaws or weaknesses in Dominion's systems used in Fulton County and elsewhere. According to the Complaint, for example:

1. A September 2022 report commissioned by Fulton County of its system revealed certain vulnerabilities including, among other things, that (1) the voting machines and devices provided by Dominion employed outdated virus protection which left them vulnerable to malicious software created after July 2016; (2) unauthorized scripts were introduced to the system after the software was installed, including "python script" installed on one of the network devices after the certification date of the system, which could have exploited and created vulnerabilities; and (3) an external Canadian IP address was found on a workstation showing that "at least one of the network devices connected to an external device on an external network," but it could not be determined when the connection occurred or what data was transmitted. (*See id.* pp. 19-22.)

2. Wake TSI's report commissioned by Fulton County of its system found there were "errors" in the ballot scanning process and that the system failed to meet Commonwealth certification requirements. The report also found, among other things, that non-certified database tools had been installed on the voting system, and that "there were changes made to EMS three weeks before the 2020 election." (*See id.* pp. 17-18.)

3. A March 2022 report completed by the United States Election Assistance Commission (EAC) from an investigation of Dominion's voting system used in an October 2021 Williamson County, Tennessee municipal election in October 2021 found, among other things, anomalies in the eighteen ICP image cast precinct tabulators that were used to count ballots during the election, which resulted in ballots being rejected. The report also concluded that seven of the eighteen tabulators "did not match the number of ballots scanned." (*See id.* pp. 23-25.)

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Doc. 4.) The motion has been fully briefed and is ripe for disposition.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard. *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*.

(quoting Iqbal, 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A defendant may also challenge a plaintiff's complaint for want of standing under Rule 12(b)(1). There are two categories of challenges made under this rule: facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The significance of this distinction centers on how the court is to treat the factual allegations of the nonmoving party. Where, as here, the challenge to subject matter jurisdiction does not dispute the relevant facts alleged in the complaint, the court is required to "consider the allegations of the complaint as true." *Id*. (quoting *Petruska v. Gannon Univ*., 462 F.3d 294, 302 (3d Cir. 2006)).

### III. DISCUSSION

As an initial matter, Defendants' motion correctly argues that all claims on behalf of Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh, and Randy H. Bunch must be dismissed for lack of subject matter jurisdiction because the complaint does not contain any substantive allegations showing they suffered an injury in fact, a predicate to standing. *See Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) ("Although standing and merits questions may involve overlapping facts, standing is generally an inquiry about the plaintiff: is this the right person to bring this claim."). None of these Plaintiffs are parties to the underlying agreement between Fulton County and Dominion, and other than including their names in the

caption of the case, the complaint contains no averments regarding their involvement in the matter and does not expressly or impliedly seek damages on their behalf. In the absence of allegations showing "a concrete and particularized invasion of a legally protected interest" as to these parties, their claims must be dismissed. *Id.* at 346.

As to Fulton County's breach of contract claim, Defendants' motion correctly identifies that Fulton County has a damages problem. Under Pennsylvania law, a claim for breach of contract must raise an inference of: "(1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Erk, P.L.L.C. v. Law Firm of Malone Middleman*, P.C., 137 A.3d 1247 (Pa. 2016). Here, the Complaint's allegations that Dominion violated the constitutional rights of Fulton County voters are generalized and non-substantive, and its core substantive claims that Dominion provided a voting system that left Fulton County unable to ensure compliance with election law requirements are simply untrue. The complaint and documents attached to and referenced in the complaint make clear that Fulton County's voting system passed certification under federal and state law (*see* Doc. 1-2 pp. 68, 119-20), and that the system was only decertified by the Pennsylvania Department of State because of Fulton County's own conduct in permitting a third-party to access and inspect the system. (*Id.* pp. 18-19.) Fulton County cannot thus make out a breach of

contract on the basis that Dominion violated the agreement by failing to provide a system that allowed it to comply with federal and state election requirements. Nor can it do so on the basis that any such failure caused it to suffer damages.

In addition, while Fulton County seeks money damages from Dominion as compensation for certain vulnerabilities and defects in its voting system, the Complaint fails to pinpoint particular, substantive flaws in the system which both violated the terms of the parties' agreement and caused it any damages. The Complaint's repeated averments that Dominion provided a system with material defects are generalized and without reference to the concrete specifications of the contract, as well as unaccompanied by plausible allegations that the flaw prevented the voting system from operating substantially as intended. Moreover, and contrary to Fulton County's arguments, the shortcomings in its allegations are not overcome by the expert reports attached to and referenced in the complaint. The reports concerning Dominion voting systems used in other jurisdictions do not raise a plausible inference that Fulton County's own system failed to comply with the specifications in the parties' agreement in a manner that caused damages. Likewise, the reports commissioned on Fulton County's particular voting system largely focus on security vulnerabilities which had no known, measurable impact on the functioning of the voting devices themselves. While one cited report indicates that Fulton County's system experienced ballot scanning errors in setup and during the

election itself, nothing in the complaint suggests the errors arose from Dominion furnishing a system with different specifications than it promised, and the report's estimated error rate of just .005% does nothing to raise a specter of actual damages under the agreement. (*See* Doc. 1-2 p. 203.)

Fulton County's breach of express warranty claim as to its voting system hardware fares no better. To state a claim for breach of express warranty under Pennsylvania law, the plaintiff must allege "(1) that the defendant made an affirmation of fact or description of its goods; (2) that the statement formed part of the basis of the bargain between the parties; and (3) that the product failed to conform with the affirmation or description." *Garbutt v. Murray's Freightliner*, No. 21-CV-628, 2021 WL 3513858, at *4 (W.D. Pa. Aug. 10, 2021) (quoting *In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 362 (M.D. Pa. 2013)).

Here, Fulton County's Complaint adequately identifies an affirmation of fact in its underlying agreement with Dominion: Dominion warranted that the hardware "will be free of defects that would prevent the Dominion Hardware from operating in conformity in all material respects with its specifications as documented by Dominion." (*See* Doc. 1-2 p. 37.) Nevertheless, the pleading fails to allege a particular defect in the voting system hardware that prevented it from operating in conformity with the material respects of the specifications as promised, and no such defect can be inferred from the facts of the complaint. As discussed above, the

complaint and documents referenced therein provide every indication that the voting system functioned substantially as intended, and by all appearances, those actual errors which did occur were miniscule and had no material impact on the functioning of the devices. The complaint accordingly does not support a plausible inference that the voting system hardware failed to confirm with the affirmation or description set forth in the agreement.

Plaintiffs' breach of contract and warranty claims will therefore be dismissed. Plaintiffs' claims on behalf of Fulton County Board of Elections, Stuart L. Ulsh, and Randy H. Bunch will be dismissed without prejudice and those parties will be granted leave to file an amended complaint. *See generally Berkshire Fashions, Inc. v. M.V. Hakusan II,* 954 F.2d 874, 887 (3d Cir. 1992) ("In sum, nothing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction[.]"). As to Fulton County, to the extent it alleges that Defendants breached the underlying agreement and accompanying warranties by supplying a voting system that left it unable to comply with federal and state election requirements, amendment would be futile and the claims will be dismissed with prejudice. To the extent Fulton County alleges that Defendants provided it with a defective voting system that did not operate in conformity in all material respects with the specifications included and referenced in the agreement, the claims will be

dismissed without prejudice and Fulton County will be granted leave to file an amended complaint.

## IV.  CONCLUSION

For the reasons outlined above, the motion to dismiss filed by Defendants Dominion Voting System Inc. and U.S. Dominion, Inc. will be granted. An appropriate order shall follow.

Dated: September 28, 2023.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge
