## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FULTON COUNTY BOARD OF ELECTIONS, et al<br><br>          Plaintiffs,<br><br>     v.<br><br>DOMINION VOTING SYSTEMS, INC. et al.<br><br>          Defendants. | No. 1:22-CV-01639-SHR<br><br><br>Judge Sylvia H. Rambo |

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO DISMISS AMENDED COMPLAINT

**POST & SCHELL, P.C.**

Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North 2nd Street, 12th Floor
Harrisburg, PA 17101

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103-2808

November 21, 2023

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

26596459v1

# **TABLE OF CONTENTS**

I.    Procedural History .................................................................................1

II.   Statement of the Facts...........................................................................3

III.  Statement of Questions Involved..........................................................7

      A.    Do Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch Lack Standing to Maintain a Breach of Contract and/or Breach of Warranty Action Against Defendants, Thereby Depriving This Court of Article III Subject Matter Jurisdiction, and Requiring That They Should Be Dismissed As Parties? .................................................................................7

      B.    Have Plaintiffs Failed To State A Claim Against Defendants For Which Relief May Be Granted By This Court?...................................7

IV.  Standard of Review...............................................................................7

V.   Argument ...............................................................................................9

      A.    Plaintiffs Fulton County Board of Electrions, Stuart L. Ulsh and Randy H. Bunch Lack Standing to Pursue a Breach of Contract/Breach of Warranty Action Against Defendants. .................9

      B.    Plaintiffs Have Failed to State a Claim in Breach of Contract or Breach of Warranty Against Defendants, Thereby Warranting Dismissal of the Complaint in its Entirety. ........................................11

VI.  Conclusion .........................................................................................15

Exhibit A - Third Circuit's Order

Exhibit B - Defendant-Appellees Response Addressing Finality of District Court's Order Entered September 29, 2023

Exhibit C - Appellant's Response Addressing Finality of District Court's Order Entered September 29, 2023 (without exhibits)

i

Appendix

*Garbutt v. Murray's Freightliner*, No. 21-CV-628, 2021 WL 3513858 (W.D. Pa. Aug. 10, 2021)

*Musto v. Sweeney*, 2022 U.S. Dist. LEXIS 174132, 2022 WL 4472462 (M.D. Pa. Sept. 26, 2022)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................7

*Bistrian v. Levi*,
   696 F.3d 352 (3d Cir. 2012) ...................................................8

*County of Fulton v. Secretary of the Commonwealth*,
   292 A.3d 974 (Pa. 2023)......................................................6, 16

*Davis v. Wells Fargo*,
   824 F.3d 333 (3d Cir. 2016) ...................................................9

*Electron Energy Corp., v. Short*,
   597 A.2d 175 (1991)..............................................................12

*Fleetway Leasing Co., v. Wright*,
   697 A.2d 1000 (Pa. Super. 1997) .........................................12

*Garbutt v. Murray's Freightliner*,
   No. 21-CV-628, 2021 WL 3513858 (W.D. Pa. Aug. 10, 2021)........................14

*In re Ins. Brokerage Antitrust Litig.*,
   618 F.3d 300 (3d Cir. 2010) ...................................................8

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..............................................................10

*Meyer, Darragh, Buckler, Bubenek & Eck, P.L.L.C. v. Law Firm of
   Malone Middleman, P.C.*,
   137 A.3d 1247 (Pa. 2016)......................................................11

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ................................................3, 8

*Musto v. Sweeney*,
   2022 U.S. Dist. LEXIS 174132, 2022 WL 4472462 (M.D. Pa.
   Sept. 26, 2022) ......................................................................5

iii

*Taksir v. Vanguard Grp.*,
   903 F.3d 95 (3d Cir. 2018) .....................................................................................8

*Whitaker v. Herr Foods, Inc.*,
   198 F.Supp.3d 476 (E.D. Pa. 2016) ...............................................................11, 12

## Other Authorities

5B Charles A. Wright & Arthur R. Miller, Federal Practice &
   Procedure § 1357 (3d ed. 2004) ...........................................................................8

Federal Rules of Civil Procedure Rule 12(b)(1) and 12(b)(6) ..............................1, 2

Rule 12(b) .............................................................................................................3

Rule 12(b)(1) ......................................................................................................1, 8

Rule 12(b)(6) ......................................................................................................1, 7

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Dominion Voting Systems, Inc. and U.S. Dominion, Inc. ("Dominion") hereby file this Brief in Support of its Motion to Dismiss Amended Complaint.

## I.   <u>PROCEDURAL HISTORY</u>

Plaintiffs commenced this action by the filing of a complaint in the Pennsylvania Court of Common Pleas for Fulton County on or about September 21, 2022, asserting two counts against the Defendants – Count I for breach of contract, and Count II for breach of warranty.  Dominion timely filed a notice of removal on October 18, 2022.[1]  On November 23, 2022, Dominion filed a Rule 12(b)(6) motion seeking the dismissal of the action in its entirety, and alternatively the dismissal of all parties other than Plaintiff County of Fulton ("County") and Defendant Dominion Voting Systems, Inc. ("DVSI").  After briefing by the parties, this Court issued an order and accompanying memorandum opinion granting Dominion's motion with prejudice to certain claims, and without prejudice to others.  Specifically, this Court held the following:

> (1) Counts I and II are **DISMISSED** with prejudice to the extent they allege that Defendants breached the parties' contract and warranties contained therein and/or caused Plaintiffs damages by providing Fulton County with a

---

[1] Plaintiffs did not serve either Defendant, and consequently, the time for removal did not commence until Defendants learned of the suit and obtained a copy of the complaint directly from the Court.

voting system that left it unable to comply with state and federal election requirements;

(2) Counts I and II are otherwise dismissed **WITHOUT PREJUDICE** to Plaintiffs' right to file an amended complaint within 21 days of the date on this order.

(*See* Doc. 10).

On October 19, 2023, all Plaintiffs *except* Fulton County, filed an amended complaint, asserting the same two counts based upon the same express written agreement and the identical exhibits as in the original complaint.  The amended complaint is substantially the same as the original and fails to address the substantive deficiencies that resulted in its dismissal by this Court.  Accordingly, on November 9, 2023, Dominion, once again, filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This brief is now filed in support of Dominion's motion.[2]

---

[2] In addition to filing the amended complaint, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch, along with prior Plaintiff Fulton County, filed a notice of appeal of this Court's order dismissing the original complaint to the Third Circuit Court of Appeals.   (*See* Doc. 12).  The Third Circuit issued an order questioning the finality of this Court's order, and directing the parties to file a written response on that issue.  A copy of the Third Circuit's order is attached hereto as Exhibit "A".  A copy of Dominion's written response is attached hereto as Exhibit "B".  A copy of Plaintiffs' response (without exhibits) is attached hereto as Exhibit "C".

26596459v1

## II.   <u>STATEMENT OF THE FACTS</u>

The averments of the amended complaint are substantively indistinguishable from those set forth in the original complaint dismissed by this Court, with few exceptions.[3]  Most notably, Plaintiffs have substituted in Plaintiff County Board of Elections for each averment previously attributed to Fulton County.[4]  Otherwise, the amended complaint relies on the same facts, attaches the same exhibits, and seeks the same damages as the original.  As this Court is familiar with the factual averments from the last round of pleadings, Dominion will provide an abbreviated statement here.

In August 2019, Defendant DVSI entered into a written agreement with Fulton County ("Agreement") to provide it with voting system services and software for conducting elections.  (Doc. 11-1, pp. 1, 8-9; *see also* Doc 11, ¶ 29).[5]  DVSI's

---

[3] Plaintiffs did not even bother to change the caption to reflect that the case is currently in federal court, instead maintaining the caption from the originally filed complaint in the Pennsylvania Court of Common Pleas for Fulton County.

[4] Plaintiffs argue that the Fulton County Board of Elections is the alter ego of Fulton County for purposes of any contracts regarding the procurement of voting machines and/or systems.  This Court is not bound to accept Plaintiffs' legal conclusions for purposes of ruling on a motion to dismiss pursuant to Rule 12(b). *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 908 (3d Cir. 1997).

[5] Although Plaintiffs assert in the amended complaint that it was Fulton County Board of Elections that entered into the contract, this Court need not except that legal conclusion. *See Morse,* 132 F.3d at 906. Rather, this Court may rely upon the express language of the contract as attached to the amended complaint to determine who the contracting parties were.  In this case, those parties were Defendant DVSI and Fulton County.

3

responsibilities under the Agreement included, as relevant here, delivering to Fulton County the voting system, services and licenses described in the contract.  (*See* Doc 11-1, pp. 3-4, ¶ 4).  The term of the Agreement was to continue through December 31, 2026, unless sooner terminated or extended. (*Id.*, p. 3, ¶ 3).  Fulton County was permitted to terminate the Agreement at will in the event the system did not obtain Pennsylvania voting system certification.  (*Id.*, p. 9).

The Agreement contained various restrictions on the County's use of the leased hardware and licensed software. The County was expressly prohibited from (i) transferring or copying onto any other storage device or hardware, or other copying of the software, in whole or in part, except for the purpose of system backup; (ii) reverse engineering, disassembling, decompiling, deciphering or analyzing the software in whole or in part; and/or (iii) altering or modifying the software in any way, in whole or in part.  (Doc. 11-1, p. 19, ¶ 5).

In January of 2019, the DVSI supplied hardware and software (collectively the "Voting System") was certified by the Commonwealth of Pennsylvania as complying with all requirements of the Pennsylvania Election Code, and by the United States Election Assistance Commission as meeting Federal voting system standards.  (Doc. 11-2, pp. 2, 53).  The Plaintiffs began using the Voting System in

4

April of 2019.  (Doc. 4-2, ¶ 19).[6]  The Plaintiffs continued to use the Voting System

through the November 3, 2020, general election.  (Doc. 4-2, ¶ 20).

In December of 2020, and February of 2021, the Plaintiffs permitted a third-

party consultant, Wake TSI, to access and inspect the Voting System, and to make

copies of various directories, log files and other information.  (Doc. 4-2, ¶¶ 28, 30;

Doc. 11, ¶ 79; Doc 11-4, pp. 9-11)  As a result of that third-party inspection, in July

of 2021, the Pennsylvania Department of State ("Department") decertified the

County's future use of the equipment accessed and inspected by Wake TSI (the

"Impacted Equipment") explaining, "[a]s a result of the access granted to Wake TSI,

Fulton County's certified system has been compromised and neither Fulton County;

the vendor, Dominion Voting Systems; nor the Department of State can verify that

the impacted components of Fulton County's leased voting system are safe to use in

future elections."  (Doc 11, ¶ 82; Doc 4-2, ¶ 37; Doc 4-3).  The Department's

---

[6] Doc 4-2 is the amended petition for review that Plaintiffs filed against the
Secretary of the Commonwealth of Pennsylvania in the Commonwealth Court at
Docket No. 277 M.D. 2020 ("Commonwealth Court Litigation"), as referenced in
paragraphs 83-88 of the amended complaint.  In considering a motion to dismiss,
this Court may consider "documents whose contents are alleged in the complaint
and whose authenticity no party questions, but which are not physically attached to
the pleading … ." *Musto v. Sweeney*, 2022 U.S. Dist. LEXIS 174132, *18-19, 2022
WL 4472462 (M.D. Pa. Sept. 26, 2022) (quoting *Pryor v. Nat'l Collegiate Athletic
Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) and citing *U.S. Express Lines, Ltd. v.
Higgins*, 281 F.3d 383, 388 (3d Cir. 2002)).

26596459v1

decision was based solely upon the Plaintiffs' actions, and not due to any issues with the Voting System as supplied by DVSI, and as certified by the Department.

On or about August 18, 2021, the Plaintiffs and the County collectively commenced the Commonwealth Court Litigation challenging the Department's decertification of the Impacted Equipment by filing a petition for review in the Pennsylvania Commonwealth Court. (Doc. 11, ¶ 83). They filed an amended petition for review on September 17, 2021. (Doc. 11, ¶ 84; Doc 4-2). In its verified amended petition for review, the Plaintiffs maintain that the Department's decertification was without justification, and that had the Department inspected the Voting System after Wake TSI's inspection, the Department "would have found that the security and other requirements of [the Pennsylvania Election Code] continued to meet the requirements of the Election Code, and that such existing machines could readily be used by Fulton County." (Doc. 4-2, ¶ 48). The Commonwealth Court Litigation remains pending.[7]

The Plaintiffs, now *without* the participation of the County, bring the *same* breach of contract and breach of warranty counts against Dominion as they did in

---

[7] This Court may take judicial notice of the filings in the Commonwealth Court Litigation, and in a companion action before the Pennsylvania Supreme Court at Docket No. 3 MAP 2022 related to contempt proceedings against Plaintiffs associated with the equipment at issue. Dominion refers this Court to *County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974 (Pa. 2023), which summarizes the factual circumstances that resulted in the Commonwealth's decertification determination.

the original complaint, based upon the *same* reports that this Court previously found insufficient to raise a plausible argument to support their claims, and seeking the *same* damages on the *same* grounds that this Court previously dismissed with prejudice. For the reasons set forth below, this Court should dismiss the amended complaint, in its entirety, with prejudice.

III.  **STATEMENT OF QUESTIONS INVOLVED**

      **A.**    DO PLAINTIFFS FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH AND RANDY H. BUNCH LACK STANDING TO MAINTAIN A BREACH OF CONTRACT AND/OR BREACH OF WARRANTY ACTION AGAINST DEFENDANTS, THEREBY DEPRIVING THIS COURT OF ARTICLE III SUBJECT MATTER JURISDICTION, AND REQUIRING THAT THEY SHOULD BE DISMISSED AS PARTIES?

           *Suggested Answer: Yes.*

      **B.**    HAVE PLAINTIFFS FAILED TO STATE A CLAIM AGAINST DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED BY THIS COURT?

           *Suggested Answer: Yes.*

IV.  **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007)). In reviewing a 12(b)(6) motion, the court must "accept as true all well-pled factual allegations in

the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp*., 903 F.3d 95, 96–97 (3d Cir. 2018) (citation omitted). The facts alleged must be "construed in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig*., 618 F.3d 300, 314 (3d Cir. 2010) (internal quotations, brackets, and ellipses omitted). But "[t]he court is not required to draw unreasonable inferences" from the facts. 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).  Likewise, the Court "need not credit a complaint's bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 908 (3d Cir. 1997)

The Third Circuit has detailed a three-step process to determine whether a complaint meets the pleading standard.  *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). First, the court outlines the elements a plaintiff must plead to state a claim for relief. *Id*. at 365. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Third, the court "look[s] for well-pled factual allegations, assume[s] their veracity, and then 'determine[s] whether they plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A defendant may also challenge a plaintiff's complaint for want of standing under Rule 12(b)(1). There are two categories of challenges made under this rule:

8

facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The significance of this distinction centers on how the court is to treat the factual allegations of the nonmoving party. Where, as here, the challenge to subject matter jurisdiction does not dispute the relevant facts alleged in the complaint, the court is required to "consider the allegations of the complaint as true." *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

## V.    ARGUMENT

### A.    Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch Lack Standing to Pursue a Breach of Contract/Breach of Warranty Action against Defendants.

As this Court found with the original complaint, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch lack standing to proceed forward with the claims asserted in the amended complaint, thereby depriving this court of subject matter jurisdiction, and requiring that the amended complaint be dismissed.  In order to satisfy the jurisdictional standing requirement, a plaintiff must establish three elements: (i) that he has suffered an injury in fact, meaning a concrete and particularized invasion of a legally protected interest; (ii) that there is a causal connection between the injury and the conduct complained of that can be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (iii) that it is likely (as opposed to merely speculative) that the injury will be redressed by a favorable

decision. *Davis,* 824 F.3d at 346-347. *See also*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Here, Plaintiffs have failed to establish any of these three elements.

Like the original complaint, the amended complaint fails to contain any substantive allegations showing that any of the Plaintiffs suffered an injury in fact, a predicate to standing.  *See Davis,* 824 F.3d at 348.  As this Court previously found, none of the Plaintiffs in the amended complaint are parties to the underlying agreement between Fulton County and DVSI.[8]  (Doc. 9, p. 6).  Other than including Messrs. Ulsh's and Bunch's names in the caption and claiming that they are the functional equivalent of the County, the amended complaint contains no averments regarding their involvement in the matter, and does not expressly or impliedly seek damages on their behalf.

As for the Board of Elections, they have not articulated any injury in fact that they claim to have sustained as a non-party to the underlying Agreement that was caused by any conduct attributable to the Defendants.  Rather, they claim to have "suffered damages, including, but not limited to, the inability to ensure compliance with the requirements of state and federal law" (*see* Doc. 11, ¶¶ 135, 172, 173) and "in consideration and reliance upon a voting system that did not maintain and ensure

---

[8] Curiously, Fulton County – the only plaintiff from the original action that *had* standing, elected *not* to be a party to the amended complaint.

the integrity and sanctity of the voting process" (*see* Doc. 11, ¶¶ 136, 137, 174, 175). This Court has already dismissed all claims for such damages, with prejudice, in response to Defendants' motion to dismiss the original complaint.  (*See* Doc. 9, p. 10 ("As to Fulton County, to the extent that it alleges that Defendants breached the underlying agreement and accompanying warranties by supplying a voting system that left it unable to comply with federal and state election requirements, amendment would be futile and the claims will be dismissed with prejudice")).  They cannot provide the basis for standing in the amended complaint.

Based upon the above, Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch lack standing necessary to invoke this Court's jurisdiction.  Accordingly, the amended complaint should be dismissed, this time with prejudice.

### B. <u>Plaintiffs Have Failed to State a Claim in Breach of Contract or Breach of Warranty Against Defendants, Thereby Warranting Dismissal of the Complaint in its Entirety.</u>

It is well established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages.  *Meyer, Darragh, Buckler, Bubenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).  Additionally, Pennsylvania law requires privity for a breach of contract claim.  *See Whitaker v. Herr Foods, Inc.*, 198 F.Supp.3d 476, 486

11

(E.D. Pa. 2016); s*ee also Electron Energy Corp., v. Short*, 597 A.2d 175, 178 (1991)("[i]t is fundamental contract law that one cannot be liable for breach of contract unless one is a party to that contract."); *Fleetway Leasing Co., v. Wright*, 697 A.2d 1000, 1003 (Pa. Super. 1997). Plaintiffs have failed to satisfy the above elements to establish any claims against either of the named Defendants.

First, the amended complaint is based upon the same written contract as the original complaint, which on its face indicates it is between the County and DVSI only. (Doc. 11-1, pp. 2, 12). This Court already determined that none of the current Plaintiffs were a party to that agreement. (Doc 9, p. 6).[9] There are no *factual* averments in the Complaint to the contrary, or that establish *any* legally cognizable interest in the Agreement with respect to any other party. Based upon the above referenced legal precedent, the only parties that can sue or be sued for breach of the Agreement are the County and DVSI. Consequently, no claims upon which relief may be granted by this Court have been sufficiently stated by any of the Plaintiffs to the amended complaint. Accordingly, the amended complaint should be dismissed.

Second, as with the original complaint, the Plaintiffs here have a damages problem. The amended complaint's allegations that Dominion violated the

---

[9] Moreover, the Agreement specifically precludes any third-party beneficiaries, and expressly provides "[n]o obligation of [DVSI] or [the County] may be enforced against [DVSI] or [the County], as applicable, by any person not a party to [the] Agreement." (Doc. 11-1, p. 11).

constitutional rights of Fulton County voters are generalized and non-substantive, and its core substantive claims that Dominion provided a voting system that left Fulton County unable to ensure compliance with election law requirements are simply untrue. (*See* Doc. 9, p. 7). The amended complaint and documents attached thereto, and referenced therein, make clear that Fulton County's voting system was certified under federal and state law (*see* Doc. 11, ¶¶ 60-63; Doc. 11-2, pp. 2, 53), and that the system was only decertified by the Pennsylvania Department of State because of Fulton County's *own conduct* in permitting a third-party to access and inspect the system.  (Doc. 11, 82.  *See also,* Doc. 4-3).  Although this Court was clear in its memorandum opinion dismissing the original complaint that on the facts alleged no breach of contract action could be made on the basis that Dominion violated the Agreement by failing to provide a system that allowed the County to comply with federal and state election requirements, Plaintiffs here have doubled down and made the *same* claim, on the *same* grounds, based upon the *same* substantive facts.  The fate of the amended complaint should be the same as the original.

In addition, while Plaintiffs seek money damages from Dominion as compensation for claimed vulnerabilities and defects in the Voting System, the allegations of the amended complaint are generalized and conclusory, and fail to pinpoint any particular, substantive flaws which both violated the Agreement *and*

13

caused Plaintiffs damages.   The reports that Plaintiffs attached to the amended complaint are the very same ones that this Court found were insufficient to raise a plausible inference that the Voting System at issue failed to comply with the specifications set forth in the Agreement in a manner that caused damages regarding the original complaint.   (Doc. 9, pp. 8-9).   They are equally insufficient with regard to the claims of the amended complaint.

The Plaintiffs' breach of express warranty claim fares no better. To state a claim for breach of express warranty under Pennsylvania law, the plaintiff must allege "(1) that the defendant made an affirmation of fact or description of its goods; (2) that the statement formed part of the basis of the bargain between the parties; and (3) that the product failed to conform with the affirmation or description." *Garbutt v. Murray's Freightliner*, No. 21-CV-628, 2021 WL 3513858, at *4 (W.D. Pa. Aug. 10, 2021) (quoting *In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 362 (M.D. Pa. 2013)).   Plaintiffs plead that Dominion breached the express warranty provisions of the Agreement that the hardware provided by Dominion would be "free of defects that would prevent [it] from operating in conformity in all material respects with its specifications as documented by Dominion." (Doc. 11, ¶¶ 148-149). However, the pleading fails to allege any particular defect in the hardware that prevented it from operating as specified.   This is fatal to its claim.

The amended complaint and documents referenced therein provide every indication that the Voting System functioned substantially as intended.  To the extent any errors are alleged to have occurred, they were miniscule and had no material impact on the functioning of the devices, as this Court previously determined.  (Doc. 9, p. 9).  This is evident not only by the County's use of the Voting System through the November 2020 election, but also by the Plaintiffs' tacit admission in the filing made in the Commonwealth Court Litigation that the Department of State's decertification was improper, and that the Voting System could have been used going forward.[10]  The amended complaint accordingly does not support a plausible inference that the Voting System hardware failed to conform with any affirmation or description set forth in the Agreement.   Like its predecessor, the amended complaint should be dismissed, this time with prejudice.

## VI.    <u>CONCLUSION</u>

This Court's prior order and memorandum dismissing the original complaint gave clear guidance, and set specific limitations, regarding the limited basis upon which an amended complaint could be filed by Plaintiffs.  Rather than heed this

---

[10] In their verified Amended Petition for Review, Plaintiffs maintain that the Department's decertification was without justification, and that had the Department inspected the Voting System after Wake TSI's inspection, the Department "would have found that the security and other requirements of [the Pennsylvania Election Code] continued to meet the requirements of the Election Code, and that such existing machines could readily be used by Fulton County." (Doc. 4-2, ¶ 48).

Court's order and opinion, Plaintiffs and their counsel completely disregarded them, and filed an amended complaint that merely attempts to restore the very same claims that were previously dismissed, on the same facts, seeking the same damages.[11]  For the reasons set forth herein, the amended complaint suffers from the same fatal defects as the original.  Plaintiffs have failed to establish that they have standing to pursue the asserted claims, and the averments alleged fail to properly state a claim upon which this Court may grant relief.   Plaintiffs' inability to correct the prior deficiencies demonstrates that further leave to amend would be futile.

Consequently, this Court should dismiss the amended complaint, with prejudice.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:    */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985

---

[11] Plaintiff and their counsel have a recent history of disregarding instructions given by a court regarding the Dominion equipment at issue, as detailed by the Pennsylvania Supreme Court in Justice Wecht's 79-page opinion issued on April 29, 2023 in *County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974 (Pa. 2023)("This Opinion concerns a party's defiance of an order issued by this Court").

26596459v1

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
Phone: (215) 587-1000
Fax: (215) 320-4720

Dated:  November 21, 2023

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

17

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing Brief complies with Local Rule 7.8(b)(2). The Brief contains approximately 4,671 words as determined by the word count feature of the word processing system used to prepare the Brief.

**POST & SCHELL, P.C.**

By:   <u>*/s/ Michael W. Winfield*</u>
       Michael W. Winfield, Esquire
       Attorney I.D. No. 72680
       17 North Second Street, 12th Floor
       Harrisburg, PA 17101
       Phone: (717) 612-6024
       Fax: (717) 731-1985
       *Attorneys for Defendants, Dominion*
       *Voting Systems, Inc. and U.S.*
       *Dominion, Inc.*

Dated:  November 21, 2023

26596459v1

## <u>CERTIFICATE OF SERVICE</u>

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 21st day of November, 2023, I served a true and correct copy of the foregoing *Defendants' Brief in Support of its Motion Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure*, via U.S. First Class Mail, postage prepaid, upon the following person:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
*tom@thomasjcarrolllaw.com*

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:   */s/ Michael W. Winfield*
      Michael W. Winfield, Esquire
      Attorney I.D. No. 72680
      17 North Second Street, 12th Floor
      Harrisburg, PA 17101
      Phone: (717) 612-6024
      Fax: (717) 731-1985
      *Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  November 21, 2023

26596459v1