# EXHIBIT "A"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**No. 23-2969**

County of Fulton v. Dominion Voting Systems, Inc.
(M.D. Pa. No. 1-22-cv-01639)

**ORDER**

Appellants seek review of the District Court's order entered September 28, 2023. The order on appeal dismissed portions of two counts of the complaint without prejudice and provided Appellants leave to file an amended complaint. Appellants filed an amended complaint on October 19, 2023. The order appealed may not be final within the meaning of 28 U.S.C. § 1291 or otherwise appealable at this time. See Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976); see also Weber v. McGrogan, 939 F.3d 232, 237–41 (3d Cir. 2019). All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order.

For the Court,

 s/ Patricia S. Dodszuweit
Clerk

Dated: November 1, 2023
Amr/cc: All counsel of record

# EXHIBIT "B"

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

No. 23-2969

---

COUNTY OF FULTON, PENNSYLVANIA, FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH and RANDY H. BUNCH,

Plaintiff-Appellants,

v.

DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC.,

Defendant-Appellees.

---

## DEFENDANT-APPELLEES RESPONSE ADDRESSING FINALITY OF DISTRICT COURT'S ORDER ENTERED SEPTEMBER 29, 2023

---

On appeal from an Order of the United States District Court for the Middle District of Pennsylvania, entered September 28, 2023, at Docket No. 1-22-cv-01639

---

Michael W. Winfield
POST & SCHELL, P.C.
17 North Second Street
12th Floor
Harrisburg, PA 17101

Paul A. Logan
POST & SCHELL, P.C.
Four Penn Center
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103

*Counsel for Defendant-Appellees*
*Dominion Voting Systems, Inc.*
*and U.S. Dominion, Inc.*

26549262v1

I.  **INTRODUCTION**

On September 21, 2022, Plaintiff-Appellants filed a complaint against Defendant-Appellees in the Pennsylvania Court of Common Pleas for Fulton County. The Plaintiff-Appellants collectively asserted two counts against the Defendant-Appellees; one for breach of contract and one for breach of warranty. Defendant-Appellees timely removed the action to the United States District Court for the Middle District of Pennsylvania. On November 23, 2022, Defendant-Appellees filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.  By order dated and entered September 28, 2023, the District Court granted Defendant-Appellees motion, partially with prejudice, and partially without.  By the express terms of the order, each Plaintiff-Appellant was provided with an opportunity to file an amended complaint within twenty-one days of the date of the order.

All Plaintiff-Appellants, with the exception of Fulton County, filed an amended complaint on October 19, 2023, asserting the same two counts based upon the same express written agreement as the original complaint. The amended complaint likewise sought the same monetary relief as the original complaint.[1] Although the amended complaint excised Fulton County as a party-plaintiff, the

---

[1] The Plaintiff-Appellants in both complaints collectively seek the same damages from the same alleged breaches, rather than individually seeking separate damages.

named Plaintiffs therein have alleged that "there is no functional difference between Fulton County and the Fulton County Board of Elections". *See* District Court Doc. 11, p. 3, note 1.

Notwithstanding the filing of the amended complaint, on October 30, 2023, *all* of the Plaintiffs named in the original complaint (including Fulton County) filed a notice of appeal to this Court, seeking review of the District Court's September 28, 2023 order. By order dated November 1, 2023, this Court raised the issue of the finality of the District Court's order and directed the parties to file written responses addressing that issue within fourteen days thereof. Defendant-Appellees hereby file this written response in accordance with this Court's order.

## II.  <u>ARGUMENT</u>

The District's Court's order dated September 28, 2023, is not a final order that is subject to an appeal to this Court insofar as it did not end the litigation on the merits with finality and without any opportunity to file an amended pleading. Moreover, by filing an amended complaint, the majority of the Plaintiff-Appellants continued to pursue their action in the District Court, thereby precluding that Court's order from becoming final as to all parties on all claims. Consequently, the appeal should be dismissed for lack of jurisdiction.

Federal circuit courts have jurisdiction over appeals from all *final* decisions of the District Courts. *See* 28 U.S.C. § 1291. An order of a District Court that does

26549262v1

not dispose of all claims of all parties with prejudice is not a final order subject to

appeal. As stated by this Court in *Borelli v. Reading,* 532 F.2d 950 (3d Cir. 1976):

> Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable.

*Id*. at 951-52. *See also Weber v. McGrogan*, 939 F.3d 232, 237 (3d Cir. 2019)("a

dismissal without prejudice and leave to amend isn't a final order"); *Garrett v.

Murphy*, 17.4th 419, 424 (2021)("But it is well settled that a dismissal without

prejudice and with leave to amend isn't a final order")(quoting *Weber).*

Here, the District Court's order dismissed the complaint with leave granted to

each of the Plaintiff-Appellants to amend as follows:

> **AND NOW**, this 28th day of September, 2023, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of subject jurisdiction and failure to state a claim (Doc. 4) is **GRANTED** as follows:
>
> (1) Counts I and II are **DISMISSED** with prejudice to the extent they allege that Defendants breached the parties' contract and warranties contained therein and/or caused Plaintiffs damages by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements;
>
> (2) Counts I and II are otherwise dismissed **WITHOUT PREJUDICE** to Plaintiffs' right to file an amended complaint within 21 days of the date on this order.

4

*See* District Court Doc. 10 (emphasis in original). Additionally, the order was not self-executing insofar as it lacked any language converting the dismissal to a final order at the end of the period provided for the filing of an amended complaint. *See Weber*, 939 F.3d at 240. Under the principles espoused in *Borelli* and *Weber*, the District Court's order was neither final nor appealable pursuant to 28 U.S.C. § 1291. Consequently, this Court lacks jurisdiction to consider the appeal as filed.

To the extent that Plaintiff-Appellants desired to "stand on the complaint" and forego the right to file an amended pleading, they could and should have requested the District Court to issue a final order disposing of all claims, with prejudice. They did not. Rather, the Plaintiff-Appellants (other than Fulton County) availed themselves of the leave provided by the District Court by filing an amended complaint asserting the identical claims and seeking the same remedies as in the complaint that was dismissed, while at the same time pursing an appeal to this Court.

The fact that Fulton County did not join in the amended complaint is of no moment, and does not alter the above analysis. Rule 54 of the Federal Rules of Civil Procedure makes clear that when multiple parties are involved, in the absence of an express order directing final judgement as against one party, an order that adjudicates fewer than *all* of the claims of *all* of the parties does not end the action for purposes of an appeal as to *any* of the claims or parties. By continuing the claims by way of an amended complaint, the Fulton County Board of Elections and

Plaintiff-Appellants Ulsh and Bunch prevented the dismissal as against Fulton County from becoming final and appealable. Additionally, as those Plaintiff-Appellants are seeking to effectively stand in the shoes of Fulton County and recover damages that Fulton County claimed in the original action, Fulton County's claims continue to be litigated in the District Court pursuant to the amended complaint. They are not final, and no appeal can be had from them at this time.

## III.   **CONCLUSION**

As the District Court's order at issue is not final, it is not appealable at this time. Accordingly, this Court lacks jurisdiction to entertain the appeal as filed by Plaintiff-Appellants. The appeal should be dismissed.

**POST & SCHELL, P.C.**

By:   */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
mwinfield@postschell.com

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103-2808
Phone: (215) 587-1000
Fax: (215) 320-4720
plogan@postschell.com

26549262v1

# CERTIFICATION OF ADMISSION

I, MICHAEL W. WINFIELD, ESQUIRE, counsel for Defendant-Appellees Dominion Voting Systems, Inc. and U.S. Dominion, Inc., hereby certify that I am a member in good standing of the bar of the Third Circuit Court of Appeals.

POST & SCHELL, P.C.

By:  /s/ Michael W. Winfield
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
Attorneys for Defendant-Appellees,
Dominion Voting Systems, Inc. and
U.S. Dominion, Inc.

26549262v1

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL W. WINFIELD, ESQUIRE, counsel for Defendant-Appellees Dominion Voting Systems, Inc. and U.S. Dominion, Inc., hereby certify that on this 14th day of November, 2023, a true and correct copy of the foregoing *Defendants-Appellees Response Addressing Finality Of District Court's Order Entered September 29, 2023* was filed electronically with the United States Court of Appeals for the Third Circuit and served on all counsel of record via the Court's electronic filing system.

POST & SCHELL, P.C.

By: /s/ *Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated: November 14, 2023

# EXHIBIT "C"

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Docket No. 23-2969

_____

COUNTY OF FULTON, PENNSYLVANIA, FULTON COUNTY
BOARD OF ELECTIONS, STUART L. ULSH and RANDY H.
BUNCH,

Plaintiffs/Appellants,

v.

DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC.,

Defendants/Appellees.

_____

APPELLANTS' RESPONSE ADDRESSING FINALITY OF
DISTRICT COURT'S ORDER ENTERED SEPTEMBER 29, 2023

_____

LAW OFFICE OF THOMAS J CARROLL
Attorney for Plaintiffs / Appellants
Attorney ID: 53296
Thomas J. Carroll
224 King Street
Pottstown, PA, 19464
tom@thomasjcarrolllaw.com
(610)419-6981

<u>APPELLANTS' RESPONSE</u>

## *1. Introduction*

By way of its November 1, 2023 order, the Court has requested the parties to brief the issue of whether it may take jurisdiction of an appeal filed in this matter. The Court's order provided, in pertinent part, as follows:

> Appellants seek review of the District Court's order entered September 28, 2023. The order on appeal dismissed portions of two counts of the complaint without prejudice and provided Appellants leave to file an amended complaint. Appellants filed an amended complaint on October 19, 2023. The order appealed may not be final within the meaning of 28 U.S.C. § 1291 or otherwise appealable at this time. See *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976); see also *Weber v. McGrogan*, 939 F.3d 232, 237–41 (3d Cir. 2019). All parties must file written responses addressing this issue, with a certificate of service attached, within fourteen (14) days from the date of this order.

The following is Appellant's response.

## *2. Discussion*

An appellate court generally has "a threshold obligation to ensure [it has] jurisdiction to hear an appeal, for '[w]ithout jurisdiction [it] cannot proceed at all…." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1869); accord *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Because appellate courts are courts of limited jurisdiction, "adjudicating an appeal without

jurisdiction would 'offend[] fundamental principles of separation of powers.'" *Corley v. Long-Lewis, Inc.*, 965 F3d 1222, 1227 (11th Cir. 2020), citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Therefore, the appellate court's "jurisdiction 'must be both (1) authorized by statute and (2) within constitutional limits.'" *Corley*, *supra*. (internal citation omitted).

In general, the federal courts of appeal and the Supreme Court have struggled mightily with considerations of whether jurisdiction exists over, *inter alia*, appeals of orders that dismiss as to less than all plaintiffs, orders allowing some parties to amend but not others, and orders dismissing parts of (or certain counts of) a complaint brought on a defendant's motion for lack of subject matter jurisdiction. All of these issues exist in the underlying case, as explained below. As one court has put it, "[W]e do not write on a blank slate.

The circuit courts are not clear in how to treat dismissals of this nature. Indeed, 'the canvas looks like one that Jackson Pollock got to first.' Our precedent splinters in multiple directions." *Corley v. Long-Lewis, Inc.*, 965 F.3d at 1228, quoting *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013). The split of authority among the circuit courts is palpable.

This tergiversation is confused further by the collateral order doctrine, which provides that certain orders may be appealed, notwithstanding the absence of a final judgment, but only when they "are conclusive, . . . resolve important questions separate from the merits, and . . . are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949)). See also *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 202, 119 S. Ct. 1915, 1919 (1999).

That a "dismissal was without prejudice to filing another suit does not make the cause unappealable." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1, 69 S. Ct. 824, 93 L. Ed. 1042 (1949). Indeed, a district court may consider a case ended if it dismisses certain parties with prejudice, and/or, as here, it issues a ruling on a defendant's motion based on "lack of subject matter jurisdiction", also as here.

If one, but not all parties to an action is subject to a dismissal *with prejudice*, then that party would have to file an appeal as to that dismissal because not to do so would effectively waive that party's right to seek appellate review. This would appear to be a type of

collateral order that is effectively unreviewable on appeal from the later final judgement. Further, if a district court dismisses a case against some, but not all parties, for lack of subject matter jurisdiction, then the party against whom that dismissal order was entered would also have to appeal that order because not to do so would effectively waive that parties right to seek appellate review – the district court having found that there is a lack of subject matter jurisdiction would also appear to be one of those types of collateral orders for which review could not later be sought. A failure to appeal dismissal on jurisdictional grounds would effectively end the case for the party against whom the dismissal was entered.

However, to analyze the issue correctly, one must begin with the statutory basis for appellate court jurisdiction in the federal circuit. Under 28 U.S.C. § 1291, "[a] 'final decision' is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408, 135 S. Ct. 897, 190 L. Ed. 2d 789 (2015) (internal quotation marks omitted); see also *id.* at 409 ("[T]he statute's core application is to rulings that terminate an action.").

Federal Rule of Appellate Procedure 3(c) governs the contents of a notice of appeal. The Rule requires that such notices do three things: (1) "specify the party or parties taking the appeal by naming each one

in the caption or body of the notice"; (2) "designate the judgment, order, or part thereof being appealed"; and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 378-79 (2d Cir. 2021).

With this preface in mind, where the question of dismissal without prejudice to file an amended complaint on a motion to dismiss for lack of subject matter jurisdiction *and* questions of standing concerning multiple parties are at play, the party considering whether to appeal must tread carefully.

Appellant filed a basic breach of contract action by and between Fulton County Board of Elections (which is legally the same as Fulton County) and Appellees, Dominion Voting Systems, Inc., and U.S. Dominion, Inc. (hereafter, simply, Dominion). Dominion filed a motion to dismiss in the district court and a brief in support. (Attachment A, Case No. Docket 22-cv-1639, Docket Nos 4 and 5). The motion was filed under both Fed. R. Civ. P. 12(b)(1) (for lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim).

In their motion and brief, Dominion argued that *only* Fulton County, and not the Fulton County Board of Elections and the majority commissioners at the time (Stuart L. Ulsh and Randy H.

5

Bunch), were a party to the contract. *Id.* They also argued that U.S. Dominion was not a party to the contract. They therefore moved for dismissal as to these latter parties for lack of subject-matter jurisdiction and standing as to the Fulton County Board of Elections and Commissioners Ulsh and Bunch.

Appellants responded to Dominion's motion. First, as to the failure to state a claim argument under Rule 12(b)(6), Appellants argued that the basis of its breach of contract action was supported by the fact that it claimed the Dominion voting machines had not performed as warranted during the November 2020 election. (Attachment B, Case No. 22-cv-1639, Docket No. 7). Appellants attached a copy of the contract to its complaint, and cited those provisions of the contract in which Dominion warranted the proper and qualitative functioning of its voting machines. Further, Appellants provided factual allegations, factual support by way of exhibits, and averred that based on these allegations and supporting information, Dominion breached the contract. *Id.* As to the 12(b)(1) motion, Appellants explained, as it has done from the original filing of its complaint, that Fulton County, Fulton County Board of Commissioners, and the majority commissioners are one and the same for purposes of the delegated authority regarding entering into

6

contracts for voting machine services.  *Id.*  Therefore, not only did the Appellants *all* have standing to sue for breach of contract (they are parties to the contract with Dominion), but it would be incongruous for a court to dismiss one of these "entities," for lack of subject matter jurisdiction as they are all one and the same.  As Appellants explained in their amended complaint, there is no functional difference between Fulton County and the Fulton County Board of Elections because the Board of Elections has been constitutionally delegated (via the United States Constitution, the Pennsylvania Constitution, and Pennsylvania statutory law), with *exclusive authority* over all matters concerning voting, voting machines, and electronic voting systems; i.e., the Time, Manner, and Place of conducting elections delegated to the States by Article I, § 4, cl. 1 of the United States Constitution, is further delegated to County Boards of Elections in Pennsylvania by the General Assembly.  25 Pa. Stat. Ann. § 2642(c), (d), and (i).  See also *In re: Petition for Agenda Initiative*, 206 A.3d 617, 624 (Pa. Cmwlth. 2019).  (Attachment C, Fulton County's Amended Complaint, Case No. 22-cv-1639, Docket No. 11).  Thus, referring to "Fulton County" to identify or indicate Plaintiff Fulton County Board of Elections is simply a convention of the pleading.  *Id.* at p. 3, fn. 1.

After the filing of Dominion's motion to dismiss, the district court issued an order canceling the scheduling conference that had been scheduled pending its consideration of Dominion's motion to dismiss. See Case No. 22-cv-1639, Docket No. 5.

Without holding any hearing, or taking any further action, the district court issued an order and memorandum opinion granting Dominion's motion to dismiss in part, with prejudice, and in part, without prejudice, to the remaining appellants' right to file an amended complaint. (Attachment D, District Court Opinion and Order, Case. No. 22-cv-1639, Docket No. 11).

The district court's order and opinion was ambiguous, at best, as to whether it was dismissing the case on the basis of lack of subject matter jurisdiction. First, in the order, the district court "granted" Dominion's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Furthermore, on page 6, the district court stated: Defendants' motion correctly argues that all claims on behalf of Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh, and Randy H. Bunch must be dismissed for lack of subject matter jurisdiction because the complaint does not contain any substantive allegations showing they suffered an injury in fact, a predicate to

8

standing. See *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016). *Id.*, p. 6.

Yet, the district court goes on to allow Fulton County to file an amended complaint. Thus, it *dismissed for lack of subject matter jurisdiction the complaint and the plaintiffs' (Board of Elections, Commissioners Ulsh and Bunch) claims against Dominion.* Notwithstanding that the Fulton County Board of Elections, the then-majority Commissioners on the Board of Elections (who were the then-majority Commissioners on the Fulton County Board of Commissioners – which entity represents Fulton County), *and* Fulton County, proper, are all one and the same, and the Board of Elections is constitutionally delegated all authority to enter into contracts for the provision of voting machines, see discussion *supra* at p. 6 and 7, the district court dismissed the claims by the Board of Elections and the individual commissioners on the basis of lack of subject matter jurisdiction.

Without lodging an appeal as to this dismissal, Appellants were in the position of waiving their right to challenge that part of the district court's opinion. This is why certain orders may be appealed, notwithstanding the absence of a final judgment, where they "are *conclusive*, . . . resolve important questions separate from the merits,

9

and . . . are *effectively unreviewable on appeal from the final judgment* in the underlying action." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995) (emphasis added) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949)). See also *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 202, 119 S. Ct. 1915, 1919 (1999).

In an abundance of caution, and, indeed, compelled to do, Appellant filed the notice of appeal on the premise that a failure to do so could prejudice their rights to appeal in the future as a dismissal on the basis of a lack of subject matter jurisdiction is final and conclusive. On another ground, the appeal was necessary because the Board of Elections, the County Commissioners, and Fulton County are all one and the same party under the Pennsylvania constitution and statutory provisions cited above. A dismissal of one on the basis of lack of subject matter jurisdiction would in effect be a dismissal *in toto* of the lawsuit, despite the fact that the district court, and apparently Dominion, believe there is some difference between Fulton County, proper, and the Board of Elections and individual commissioners, the latter of which are legislatively delegated sole authority to contract for the provision of voting machines.

10

To accommodate both the rule that a dismissal for lack of subject-matter jurisdiction ordinarily ends the action and the need to respect the intentions of the district court that entered the order, absent a clear indication to the contrary, a dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is a final, appealable order. Other circuits have similarly concluded that a district court's dismissal for lack of subject-matter jurisdiction is generally final and appealable. See, e.g., *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507, 509 n.3 (2d Cir. 2017); *City of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 715-16 (7th Cir. 2011); *Whisnant v. United States*, 400 F.3d 1177, 1180 (9th Cir. 2005). Moreover, it is complicated by the fact that the district court dismissed as against the Board of Elections and the commissioners, *with prejudice*, but not as against Fulton County.  Again, in an abundance of caution, Appellants filed the notice of appeal to preserve their rights to appeal the decision of the district court dismissing as to these parties "with prejudice."

### 3. Conclusion

For the reasons stated herein, Appellants believe that the Court of Appeals has jurisdiction over that part of the district court's order dismissing the claims and plaintiffs for lack of subject matter

jurisdiction, as such dismissal would not be reviewable upon final judgment as to these parties.

Respectfully submitted,

/s/ Thomas J. Carroll

LAW OFFICE OF THOMAS J CARROLL
Attorney for Plaintiffs / Appellants
Attorney ID: 53296
Thomas J. Carroll
224 King Street
Pottstown, PA, 19464
tom@thomasjcarrolllaw.com
(610)419-6981