## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COUNTY OF FULTON, et al.,

                                          Case No. 1:22-CV-01639-SHR

      Plaintiffs,

v.

DOMINION VOTING SYSTEMS, INC.
and U.S. DOMINION, INC.,

      Defendant.

---

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, by and through undersigned counsel, provide this reply to Defendant Dominion's motion to dismiss.

### A.   *Introduction*

This is a breach of contract case in which an amended complaint was filed after the district court entered an order of dismissal in part, and allowed amendment.  The defendants have moved for dismissal under Rule (12)(b)(1) and 12(b)(6).  The amended complaint contained a copy of the contract and in addressing the deficiencies in the first filing, it was pointed out that the individual plaintiffs are the only representatives of the government plaintiff that can assert a claim for breach of contract.  That is, Fulton County, the Fulton County Board of Elections, and its individual commissioners are one and the same for purposes of a county's constitutionally delegated authority to administer to, maintain, and supervise voting within the county.  Moreover, this authority extends to the county's rights and responsibilities to contract with companies that provide voting machines.

Here, the plaintiffs, i.e., Fulton County Board of Elections and the individual commissioners *are* Fulton County, proper, and therefore the initial dismissal, which is being appealed, and the arguments contained in Dominion's renewed motion to dismiss errantly dismissed the claims and parties bringing those claims.  Moreover, the initial dismissal was based on

Dominion's motion to dismiss filed under Rule 12 of the federal rules of civil procedure, not Rule 56. Therefore, the questions concerning the extent to which the county's contract was breached could not have been litigated and disposed of on a 12(b) motion.

Fulton County's basic breach of contract action was lodged by and between the Fulton County Board of Elections (which, as explained herein, is legally the same as Fulton County) and Dominion Voting Systems, Inc., and U.S. Dominion, Inc. (hereafter Dominion). Dominion filed a motion to dismiss in the district court and a brief in support. That motion, as with the instant one, was filed under both Fed. R. Civ. P. 12(b)(1) (for lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Dominion initially argued that only Fulton County, and not the Fulton County Board of Elections and the majority commissioners at the time (Stuart L. Ulsh and Randy H. Bunch), were a party to the contract. They also argued that U.S. Dominion was not a party to the contract. They therefore moved for dismissal as to these latter parties for lack of subject-matter jurisdiction and standing as to the Fulton County Board of Elections and Commissioners Ulsh and Bunch.

As it has done from the original filing of its complaint in this Court, the Fulton County plaintiffs explained that Fulton County, Fulton County Board of Commissioners, and the majority commissioners are one and the same for

purposes of the delegated authority regarding entering into contracts for voting machine services. Therefore, not only did the plaintiffs all have standing to sue for breach of contract (they are parties to the contract with Dominion), but it would be incongruous for a court to dismiss one of these "entities," for lack of subject matter jurisdiction as they are all one and the same.

As plaintiffs explain in their amended complaint, there is no functional difference between Fulton County and the Fulton County Board of Elections because the Board of Elections has been constitutionally delegated (via the United States Constitution, the Pennsylvania Constitution, and Pennsylvania statutory law), with exclusive authority over all matters concerning voting, voting machines, and electronic voting systems; i.e., the Time, Manner, and Place of conducting elections delegated to the States by Article I, § 4, cl. 1 of the United States Constitution, is further delegated to County Boards of Elections in Pennsylvania by the General Assembly. 25 Pa. Stat. Ann. § 2642(c), (d), and (i). See also *In re: Petition for Agenda Initiative*, 206 A.3d 617, 624 (Pa. Cmwlth. 2019). Thus, referring to "Fulton County" to identify or indicate Plaintiff Fulton County Board of Elections is simply a convention of the pleadings, even though Dominion somehow continues to insist that Fulton County is no longer a part of this dispute; that, despite the fact that

Fulton County has appealed this Court's original decision to dismiss part of the complaint on ostensibly jurisdictional grounds.  Basic civil procedure teaches that subject matter jurisdiction can be waived if it is not preserved, and therefore, Fulton County (to the extent that there is any difference between it and the Fulton County Board of Elections or the commissioners, all of whom are one and the same for purposes of a breach of contract and breach of warranty action seeking remedies for the provision of voting machines systems that did not perform or function as warranted) has appealed this Court's original dismissal defending jurisdiction, among other arguments.

Indeed, this Court's order was not so cut and dry on the question whether it was dismissing the case on the basis of lack of subject matter jurisdiction.  The Court "granted" Dominion's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. On page 6, the Court states: "Defendants' motion correctly argues that all claims on behalf of Plaintiffs Fulton County Board of Elections, Stuart L. Ulsh, and Randy H. Bunch must be dismissed for lack of subject matter jurisdiction because the complaint does not contain any substantive allegations showing they suffered an injury in fact, a predicate to standing. See Davis v. Wells Fargo, 824 F.3d 333, 348 (3d Cir. 2016)."

Dominion attempts to foreclose or exclude Fulton County proper at this point, but that argument would only hold water if *all plaintiffs* were lacking the delegated authority of "Fulton County" to pursue a breach of contract action against Dominion.  Which is not the case, as even this Court recognized the right to amend the complaint in the first instance.

### 1.   Standard of Review

### a.   Applicable Law

A federal court sitting in diversity must apply the substantive law of the state in which it sits.  *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56 (3d Cir. 1982). The agreement that Fulton County alleges Dominion breached contained a "choice of law" provision stating that "interpretation of this Agreement shall be governed by the laws of the Customer's State" and that "courts of competent jurisdiction located in the Customer's State will have jurisdiction to hear and determine questions related to this Agreement." Of course, the "Customer" under the terms of the agreement is Fulton County in this case. Therefore, Pennsylvania law applies in this case.

### b.  Review Under 12(b)(1)

A challenge to a court's jurisdiction on grounds of a lack of standing under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge.  If a facial challenge is made, the trial court is restricted to a review

of the allegations of the complaint and any documents referenced therein. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). Further, "the trial court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations. *Turicento, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002). In a factual challenge, the plaintiff bears the burden of persuasion to show that subject-matter jurisdiction exists, and the court must weigh the evidence relating to jurisdiction. *Id.* In the instant case, Dominion asserts only that some of the Plaintiffs lack standing, although those individuals, Commissioner's Bunch and Ulsh are simply individual commissioners on the Fulton County Board of Elections – a governmental entity that is a party to the Agreement with Dominion – as acknowledged by Dominion. Therefore, this is a partial, *facial* challenge only to the participation of the individual parties that are not named in the agreement.

### c. Review Under 12(b)(6)

Under Rule 12(b)(6), a district court accepts *all* factual allegations in the complaint as true and all reasonable inferences are drawn in the plaintiff's favor. See, e.g., *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009).  In considering a Rule 12(b)(6) motion, federal courts generally require only notice pleading, as opposed to the heightened standard of fact pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  See also Fed. R. Civ. P. 8(a)(2).  The latter rule requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"

### 2.  *Counter Arguments*

### a.  *Dismissal Under Rule 12(b)(1) Is Not Warranted*

Plaintiffs, Fulton County, chose to pursue a breach of contract action against Dominion after engaging in due diligence to determine the integrity and reliability of the Dominion voting machines that had been used by Fulton County under the 2019 Agreement.  Plaintiffs aver in the Amended Complaint that "Plaintiff, Fulton County, Pennsylvania ("Fulton County") Board of Elections," is the governmental agency and representative of the citizens of Fulton County, Pennsylvania, and all municipalities and precincts located within its boundaries with respect to the conducting of elections within Fulton County."

In the case of *Adler Eng'rs, Inc. v. Dranoff Props*., No. 14-921 (RBK/AMD), 2014 U.S. Dist. LEXIS 153497, at \*4-5 (D.N.J. Oct. 29, 2014), the defendant filed a motion to dismiss the Amended Complaint under Rule 12(b)(6). However, the court granted the plaintiffs' motion for leave to file an amended complaint to seek specific performance under their breach of contract claim. The court's decision was based on the principle that all factual allegations are accepted as true, and the complaint is construed in the light most favorable to the plaintiff. The complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. Where a plaintiff attaches a copy of the contract to the complaint, dismissal under Rule 12(b)(6) for failure to state a claim is disfavored, because the contract itself provides sufficient facts to state a plausible claim for breach. See *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007); Brody v. Hankin, 145 Fed. Appx. 768, 771 (3d Cir. 2005).

In another case, *Lampe v. Woog*, 1993 U.S. Dist. LEXIS 1803, at \*3-4 (E.D. Pa. Feb. 9, 1993), the defendant filed a motion to dismiss the plaintiff's amended complaint for breach of contract. The court denied the motion, explaining that the contract contained two severable parts: a contract for employment between the plaintiff and a third-party corporation, and a consulting agreement between the plaintiff and the defendant. The court

concluded that since the plaintiff has alleged that all conditions precedent had been met, if the plaintiff could establish the defendant's liability for breach of the consulting agreement, he could proceed with his action. *Id*.

Analogously, here, there are two facets to the substantive allegations, one that Dominion breached contractual provisions in its agreement to provide voting machines that were fit for purpose and second that Dominion breached certain common law warranties. However, as this Court is aware, dismissal in a 12(b) posture on the basis that Dominion cold not have breached its contract is not warranted because, as the law teaches, a breach of contract action which contains appropriate allegations of breach and which attaches the contract to the pleadings showing that the litigants are parties to the contract states sufficient allegations to entitle the parties to discovery. Perhaps, although Plaintiffs do not concede the point, a motion for summary judgment under Rule 56 would be the more appropriate avenue for Dominion, but as it seeks to avoid discovery at all costs, that is not what it has chosen to do here. Dominion is, however, bound by the standards applicable to Rule 12 motions.

Even at a basic level, in a breach of contract action, the courts must consider "why a plaintiff attached the documents, who authored the documents, and the reliability of the documents" when making a motion to

9

dismiss for failure to state a claim.  For example, a written contract will defeat invocation of the Statute of Frauds, and a document that discloses what the complaint alleges it concealed will defeat the allegation of concealment.

As discussed in more detail below, and for the same general reasons, Dominions 12(b)(6) motion should be denied on the same basis – the parties dispute the terms and conditions of a written agreement – a typical dispute over the meaning of a contract – not whether there was one to begin with.

### b.  Dismissal Under 12(b)(6) Is Not Warranted

To survive a motion to dismiss under 12(b)(6), plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant *may be liable* for the misconduct alleged. *Id*. at 1949. Therefore, in deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), citing *Iqbal*, 129 S.Ct. at 1949.

District courts must conduct a two-part analysis when presented with a motion to dismiss.  *Fowler*, 578 F.3d at 210.  "First, the factual and legal elements of a claim should be separated."  *Id*.  "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11.  Second, the court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 129 S.Ct. at 1950). See also, *Edwards v. A.H. Cornell and Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a plaintiff has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the specific nature of the claim presented and the facts pled to substantiate that claim.  *Id*.  Thus, in a breach of contract action, where a plaintiff alleges the existence of a contract between the parties, attaches the alleged contract to the complaint, and alleges conduct on the part of the defendant asserting a breach of the terms of that contract, summary judgment under 12(b)(6) is generally inappropriate.  These are the elements to demonstrate a claim for breach of contract.

Even though it might appear unlikely or improbable that a plaintiff can prove the facts alleged or will ultimately prevail on the merits, the district

11

court is not at liberty under our adversarial system and notice pleading to simply rule that the plaintiff cannot try. *Twombly*, *supra* at 556, 563 n.8. Instead, the district court is to ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556.

In short, a motion to dismiss should not be granted if a plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8. Generally, a complaint that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. See *Fowler*, *supra*. See also *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613, at *10 (W.D. Pa. Jan. 7, 2011).

Here, Fulton County copiously documented the details (terms), conditions, and qualifications of the agreement by and between itself and Dominion.  Here Fulton County focused on the precise terms and conditions that it alleges were the focus of its breach of contract and breach of warranty claims, and why, with the alleged facts concerning Dominion's actions and conduct, and the product that was provided to Fulton County, it believes Dominion was in breach.

Then, Fulton County further alleged "as demonstrated by these aforementioned allegations and the reports and analyses conducted and

discussed herein, Dominion required in its contract that Fulton County (and whatever party contracted to use their machines), accept its certification and testing parameters, where Dominion was largely responsible for ensuring that Dominion Voting Machine Systems passed certification requirements and logic and accuracy testing, and Dominion Voting Machines did not meet the conditions required for basic certification and testing sufficient to ensure the integrity of the elections for the citizens of Fulton County.

Plaintiffs further alleged:

- "The Agreement between Fulton County and Dominion constituted a contract whereby for consideration and according to the schedule of payments and its terms, Fulton County paid Dominion to provide equipment and services," *id.* at ¶ 88;

- "Under the Agreement, Dominion had a duty to, inter alia, ensure that the System was secure and compliant, and in a condition fit for use and purpose and the service it was held out to provide to Fulton County ("voting system services, software licenses and related services"), in consideration for Fulton County's signing onto the terms and conditions of the Agreement," *id.* at ¶ 89;

- "Sufficient product delivery and services were dependent on successful completion of the acceptance testing and the failure of the conditions to certification described above constituted a failure in and impossibility of the Acceptance provision in the Agreement," *id.* at ¶ 90;

- Moreover, Fulton County alleged that "terms in the Agreement that made it impossible for Fulton County to refuse to grant Acceptance based on a failure of the System to conform with the specifications, requirements and functions set out in the Agreement were onerous and against public policy, and in any event constituted a breach of Dominion's obligations to provide 'voting

system services, software licenses and related services' fit for use and purpose as promised and held out to Fulton County by Dominion,";

- Fulton County alleged that both before and after decertification, "many of the 'conditions' in the certification report which were required to be met for certification and proper functioning of the Dominion Voting System were not met and were not present before, during and after the November 2020 election and up until the time Fulton County ceased using the Dominion Voting System many of the 'conditions' in the certification report which were required to be met for certification and proper functioning of the Dominion Voting System were not met and were not present before, during and after the November 2020 election and up until the time Fulton County ceased using the Dominion Voting System,";

- Concerning allegations that Dominion breached the agreement's terms, Fulton County alleged: "Based on information and belief and the allegations herein, Dominion breached that part of the Agreement in which warranted that when used with the hardware and software configuration purchased through or approved by Dominion, each component of Dominion Hardware would be free of defects that would prevent the Dominion Hardware from operating in conformity in all material respects with its specifications as documented by Dominion," and "Dominion breached this duty because it failed to provide a system that was free from defects and compliant,";

- Finally, regarding damages, Fulton County alleged, inter alia, that "Fulton County (and Fulton County's citizens) suffered damages, including capital outlay and expenditures that were borne by Fulton County citizen taxpayers, which outlay and expenditures were made in consideration and reliance upon a voting system that did not maintain and ensure the integrity and sanctity of the voting process and protect and preserve the constitutional rights of all Fulton County citizens,".

Fulton County also included a breach of warranty claim, based on the allegations of fact and the documented attachments in its complaint, which is recognized as a supplement and pendent to a breach of contract claim under Pennsylvania law.

In its amended complaint, Fulton County Plaintiffs first clarify that there is no functional difference between "Fulton County" and the remaining plaintiffs.  This is because the Board of Elections has been constitutionally delegated (via the United States Constitution, the Pennsylvania Constitution, and Pennsylvania statutory law), with exclusive authority over all matters concerning voting, voting machines, and electronic voting systems; i.e., the Time, Manner, and Place of conducting elections delegated to the States by Article I, § 4, cl. 1 of the United States Constitution, is further delegated to County Boards of Elections in Pennsylvania by the General Assembly. 25 Pa. Stat. Ann. § 2642(c), (d), and (i). See also In re: Petition for Agenda Initiative, 206 A.3d 617, 624 (Pa. Cmwlth. 2019). "Thus, referring to 'Fulton County' in this complaint to identify or indicate Plaintiff Fulton County Board of Elections is simply a convention of the pleading, and there is no intent to mis-characterize, or mis-identify a party or parties to this lawsuit."  Amended Complaint, footnote 1.  Fulton County Plaintiffs added nearly 75 new paragraphs explaining the principle allegations of breach of contract, breach

of warranty, and damages and remedies, all of which are available to the Fulton County Plaintiffs on a demonstration of breach.

In cases in which a plaintiff alleges that the defendant "is in breach of its contract…with the Plaintiff" and the "breach has directly and proximately caused and continues to cause the Plaintiff to suffer damages" the courts have found sufficient "notice pleading" to survive a 12(b)(6) motion.  See, e.g., *Rubin v. State Farm Mut. Auto. Ins. Co.*, No. 10cv1651, 2011 U.S. Dist. LEXIS 1613, at *14 (W.D. Pa. Jan. 7, 2011).  This was so, even as this was the only pleaded information addressing the defendant insurance company's alleged breach of contract.  *Id*.

Also, even if Fulton County was not a proper party, although plaintiffs do not concede this, the individual plaintiffs have standing to assert breach of contract claims as representatives of the Fulton County Board of Elections, which is the party that contracted with Dominion. Their standing is a factual issue not appropriate for dismissal under 12(b)(1). See *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

Dominion must also be held to its original pleadings in its first motion to dismiss. There, it conceded the allegations of breach and *whether* it might be liable for a breach of the agreement with Fulton County, not *whether* there was such an agreement.  Moreover, Dominion claims that Fulton County's

conduct and actions (including in matters unrelated and not attached to Fulton County's pleadings) are the *real cause* of the rupture in the agreement by and between Fulton County and Dominion.

It is black letter law that this is litigating the meaning of terms and the consequences thereof in relation to the conduct and actions of the parties to an agreement.  It is disputing the *meaning* of a contract, not whether one exists.  The former is a dispute that should be litigated, whereas the latter would be more akin to scrutiny under a 12(b)(6) motion for failure to state a claim.  Here, Dominion's concession that there is an agreement, coupled with the factual allegations and claims of breach in Fulton County's complaint bring this case without the ordinary dismissal parameters covered by Rule 12.

Under the standards of 12(b)(6), at this stage, the court accepts all allegations in a complaint and reasonable inferences that can be drawn therefrom. *Iqbal*, 129 S.Ct. at 1949.  Here, Plaintiffs have alleged more than enough that there was a written agreement, that its terms and conditions were not met or failed, respectively, and that they are entitled to damages (at least financial damages).  Therefore, Fulton County has pleaded sufficient facts that show the existence of a contract between the parties, breach, and resulting claims for damages as a result.  Because they have pleaded facts that show the existence of a contract, alleged breach of a duty to provide a product fit for

purpose and subject to the warranties within the meaning of that contract, and resultant damages, they have provided adequate facts which could, if established at trial, entitle them to relief.  See *Twombly*, 550 U.S. at 555, *Pennsy. Supply Co.*, 895 A.2d at 600.

Moreover, Dominion continues to confound "legal claims" with "factual *allegations*" and state that Plaintiffs' allegations are conclusory.  That is not the standard.  As noted, the factual allegations in a complaint are taken as true.  Whether or not and to what extent those factual allegations will ultimately be proved, and the extent to which they will suffice to demonstrate a "breach" of the contract at issue is a matter reserved exclusively for litigation.  Plaintiffs' Complaint does *more* than simply provide a conclusory statement that Dominion breached its contract.  By alleging and providing factual support that the terms and conditions of the agreement were breached, and that said breach lead to additional financial burdens, Fulton County Plaintiffs have solidly presented a breach of contract action in the court.

Indeed, due to the fact that Dominion itself raises factual questions concerning the effects and consequences of the terms of the agreement, i.e., the contract, between itself and Plaintiffs, Fulton County and Fulton County Board of Elections, and even refers to matters which have arisen in the lawsuit by and between Fulton County and the Secretary of the Commonwealth of

18

Pennsylvania, i.e., *matters outside the pleadings of this case*, the proper course of action would be to consider Dominion's motion under Rule 56, but then, only after sufficient discovery is allowed.  When matters outside the pleadings are presented to the court on a motion under Rule 12(b)(6), the court either must exclude them, or, *after notice to the parties*, treat the motion as one for summary judgment under Rule 56.  *Rose v. Bartle*, 871 F.2d 331, 339-342 (3d Cir. 1989).

Dominion cannot have it both ways – argue that it had no contractual obligations to Fulton County and at the same time seek summary dismissal under Rule 12 for a failure to state a claim.  This is a classic case of breach of contract by and between two contracting parties that have a dispute about the legal obligations of each party to the agreement and the consequences of breach of its terms.  The court allowed amendment, and Fulton County plaintiffs expounded considerably in its amended complaint on the basis of its claims.

CONCLUSION

Ultimately, the Plaintiffs have supplied the court with sufficient pleadings to advance its breach of contract and breach of warranty claims against Dominion.  Plaintiff has provided the instrument that is the alleged contract.  Dominion has admitted to the existence of this agreement.  Whether

19

or not and to what extent Dominion breached the agreement, and the extent to which actions taken by Fulton County may have impacted its claims are issues for litigation before judge and jury.

For the reasons stated in this Reply, the Court should deny Dominion's Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6).

Respectfully submitted,

/s/ Thomas J Carroll
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date: December 6, 2023

CERTIFICATE OF SERVICE

I, Thomas J. Carroll, attorney for Plaintiffs, Fulton County, hereby certify that

on this 6th day of December, 2022, I served a true and correct copy of the

foregoing Fulton County's Reply in Opposition to Dominion's Motion to

Dismiss, via electronic filing in the Court's ECF Pacer filing system and/or

via electronic mail to counsel of record for Dominion as recorded therein.

Respectfully submitted,

/s/ Thomas J Carroll
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J
CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date: December 6, 2023