## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FULTON COUNTY BOARD OF ELECTIONS, et al<br><br>*Plaintiffs*,<br><br>v.<br><br>DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC.<br><br>*Defendants*. | No. 1:22-CV-01639-SHR<br><br><br>Judge Sylvia H. Rambo |

### DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' REPLY TO MOTION TO DISMISS AMENDED COMPLAINT

## I.    INTRODUCTION

Plaintiffs' brief in opposition to Defendants' motion to dismiss the amended complaint (styled as *Plaintiff's Reply to Defendant's Motion to Dismiss*) completely misses the mark.   Plaintiffs do not provide any factual basis for this Court to conclude that they have standing to bring this action, particularly given that Fulton County (the only signatory to the contact at issue other than Dominion Voting Systems, Inc.) was *deliberately* removed as a named party.[1]  In addition, Plaintiffs

---

[1] Plaintiffs' assertion that referring interchangeably to Fulton County and Fulton County Board of Elections is simply a "convention of the pleadings" is simply not credible. Plaintiffs have been quite specific in their amended complaint, and in their appeal filed with the Third Circuit, to include or omit Fulton County as a party when they believe it serves their interest.  Defendants suggest that the

ignore that in order to state claim for breach of contract and/or breach of warranty,

they have to plead facts sufficient to support both causation and damages.  They do

neither.   For the reasons set forth in Defendants' brief previously filed, and below,

Defendants' motion should be granted, and the amended complaint dismissed with

prejudice.

II.     **ARGUMENT**

        A.     **Plaintiffs Fail To Establish That They Have Standing**

The vast majority of Plaintiffs' brief is simply cut and paste from its prior brief

filed in opposition to Defendant's motion to dismiss the original complaint.  Of the

remaining text, most is addressed to the standing issue and simply concludes, over

and over again, that the Plaintiffs are effectively the alter ego of the County as it

relates to election matters, including contracting for voting equipment, without ever

addressing the specific elements of standing that this Court found absent in the

original complaint.

Whether or not the Fulton County Board of Elections has the *authority* to

contract for voting equipment, they did not do so here, as evident by the text of the

contract that identifies the County proper as the named party.  Likewise, there is

nothing in Plaintiffs' brief that provides any basis to support that Plaintiffs Ulsh and

---

Plaintiffs strategically omitted the County from this action in order to bolster their
argument that they should be able to simultaneously appeal the prior dismissal.

Bunch have standing. Plaintiffs apparently believe that by merely serving as members of the Board of Elections, Messrs. Ulsh and Bunch have standing to pursue a breach of a contract to which they were not named parties. Simply serving as a member of an election board does not convey standing. More is required. *See, Toth v. Chapman*, 2022 U.S. Dist. LEXIS 47108, at \*12, 35-41 (M.D. Pa. 2022)(Finding that being a member of a Board of Elections alone was insufficient to grant standing where no cognizable injury to the member was established in the complaint).

The "more" that is required here is specifically that which is absent from the amended complaint. Plaintiffs must demonstrate that they have suffered a damage caused by the party who is alleged to have breached the contract. For the second time in as many attempts, Plaintiffs have failed to articulate *any* particularized injury in fact for *any* of the named Plaintiffs. As this Court previously found, allegations that Defendants violated the constitutional rights of Fulton County voters are generalized and non-substantive, and the core substantive claims that Defendants provided a voting system that did not comply with election law requirements is simply untrue, and beyond what this Court left open for purposes of filing an amended complaint. *See* Doc. 9, p. 7; Doc. 10. Yet, Plaintiffs continue to rely on those very same allegations in the amended complaint. It was not enough before. It is not enough now.

26688893v1

B.    **Merely Pleading That A Contract Exists And That It Was Breached Does Not State A Claim For Breach Of Contract Or Breach Of Warranty**

Plaintiffs contend that they sufficiently stated a claim for breach of contract and/or warranty by simply attaching a copy of the contract at issue to the amended complaint and stating that it has been breached by the Defendants.  They cite to two Third Circuit cases – *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) and *Brody v. Hankin*, 145 Fed. Appx. 768, 771 (3d Cir. 2005) – in ostensible support of their contention that "where a plaintiff attaches a copy of the contract to the complaint, dismissal under Rule 12(b)(6) for failure to state a claim is disfavored because the contract itself provides sufficient facts to state a plausible claim for breach," even though neither case stands for that proposition.[2]   Plaintiffs further cite to *Lampe v. Woog*, 1993 U.S. Dist. LEXIS 1803, at *3-4 (E.D. Pa. 1993), although it is unclear what for, as that decision adjudicated a motion to extend time to conduct discovery, and has no overlapping issues with the instant case.

What Plaintiffs fail to do is to cite to any *new* facts to address the damages and causation elements that this Court found missing from the original complaint.  Although Plaintiffs posit that quantity trumps quality in proclaiming that they added

---

[2] *Victaulic Co*. and *Brody* each addressed the issue of the appropriateness of a 12(b)(6) motion based upon the existence of an affirmative defense, not whether the essential elements of the claim had been properly established in the complaint. They are completely inapposite here.

4

"nearly 75 new paragraphs" in the amended complaint over the original (*see* Doc 16, p. 15), none of those paragraphs contain anything substantively different on  the issues of damages or causation.  Rather, Plaintiffs continue to rely upon the *same* third-party reports, and claim the *same* purported injuries related to the County's compliance with state and federal election laws, as they did in the original complaint.[3]  Likewise, Plaintiffs continue to ignore that the amended complaint and documents attached thereto (which are the same documents attached to the original) "make clear that Fulton County's voting system passed certification under federal and state law, and was only decertified by the Pennsylvania Department of State because of Fulton County's own conduct in permitting a third-party to access and inspect the system."  *See* Doc. 9, p. 7.  This Court has already dismissed with prejudice any claims associated with such purported damages.  It should do so again here.[4]

---

[3] The section of Plaintiffs' brief addressing Defendants 12(b)(6) motion is predominately identical to its brief in opposition to Defendants original motion to dismiss, other than an inserted paragraph or two claiming the functional equivalency of the remaining Plaintiffs to the County.  *Compare* Doc. 16, pp. 10-19 with Doc. 7, pp. 7-15

[4] As in their prior brief, Plaintiffs also cite to *Rubin v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 1613 (W.D. Pa. 2011) as support for their position.  It does not provide any.  *Rubin* involved a claim for unpaid underinsured motorist benefits made by an insured against her insurer, and a complaint that established all of the necessary elements for a breach of contract claim.  For the reasons already stated herein, and in Defendants' principal brief, Plaintiffs amended complaint fails where *Rubin*'s complaint succeeded.

26688893v1

## III.    CONCLUSION

For the reasons set forth herein, and in its brief previously filed, Defendants

Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that

this Honorable Court grant their motion and dismiss Plaintiffs' amended complaint

in its entirety with prejudice, and grant such other relief as this Court deems

appropriate.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:    */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
Phone: (215) 587-1000
Fax: (215) 320-4720

*Attorneys for Defendants, Dominion
Voting Systems, Inc. and U.S.
Dominion, Inc.*

6

## CERTIFICATE OF SERVICE

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 14th day of December, 2023, I served a true and correct copy of the foregoing *Defendants' Reply Brief to Plaintiffs' Reply to Motion to Dismiss Amended Complaint* via the Court's ECF system on the following:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
*tom@thomasjcarrolllaw.com*

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:     */s/ Michael W. Winfield*
       Michael W. Winfield, Esquire
       Attorney I.D. No. 72680
       17 North Second Street, 12th Floor
       Harrisburg, PA 17101
       Phone: (717) 612-6024
       Fax: (717) 731-1985
       *Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  December 14, 2023