# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FULTON COUNTY BOARD OF ELECTIONS, AND STUART L. ULSH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR IN FULTON COUNTY, AND RANDY H. BUNCH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR OF FULTON COUNTY, <br><br> Plaintiffs, <br><br> v. <br><br> DOMINION VOTING SYSTEMS, INC. and U.S. DOMINION, INC. <br><br> Defendants. | No. 1:22-CV-01639-SHR |

## DEFENDANTS' REVISED MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. (collectively "Dominion" or "Defendants"), by and through their counsel, Post & Schell, P.C., hereby move this Court for sanctions against Plaintiffs and their counsel pursuant to Fed. R. Civ. P. 11. In support, Dominion avers as follows:

27075826v1

1. Plaintiffs, along with Fulton County, commenced this litigation as a breach of contract action in the Pennsylvania Court of Common Pleas for Fulton County on or about September 21, 2022.

2. Dominion timely removed the action to this Court on October 18, 2022.

3. Plaintiffs' claims all arose out of the Pennsylvania Department of State's ("Department") decertification of certain voting equipment leased by Fulton County from Dominion, due to Plaintiffs' conduct in permitting third parties to access and inspect such equipment, which conduct violated the Pennsylvania Election Code.[1]

4. On November 23, 2022, Dominion filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiffs continue to challenge the Department's decertification through an action pending in the original jurisdiction of the Pennsylvania Commonwealth Court at Docket No. 277 MD 2021 ("Commonwealth Court Action"), in which Plaintiffs claim that the equipment should not have been decertified because it complied with Pennsylvania Election Code requirements necessary to be used in future elections.  This Court may take judicial notice of the filings in that action, and in a companion action before the Pennsylvania Supreme Court at Docket No. 3 MAP 2022 related to contempt proceedings against Plaintiffs associated with the equipment at issue.  Dominion refers this Court to *County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974 (Pa. 2023), which summarizes the factual circumstances that resulted in the Commonwealth's decertification determination.

27075826v1

5. This Court granted Dominion's motion on September 28, 2023, and dismissed the complaint pursuant to an Order and accompanying Memorandum Opinion. *See* Doc. 9, 10.

6. In granting Dominion's motion, this Court found that it lacked subject matter jurisdiction on all claims asserted on behalf of Plaintiffs Fulton County Board of Elections, Ulsh and Bunch, as none of them were parties to the underlying contract upon which the suit was based, and the complaint did not "contain any substantive allegations showing that they suffered an injury in fact, a predicate to standing." *See* Doc. 9, p. 6-7.

7. This Court further determined that Plaintiff Fulton County (as the only Plaintiff that was a party to the contract at issue) failed to meet the elements necessary to establish a breach contract or warranty, stating in part that:

> [T]he Complaint's allegations that Dominion violated the constitutional rights of Fulton County voters are generalized and non-substantive, and its core substantive claims that Dominion provided a voting system that left Fulton County unable to ensure compliance with election law requirements are simply untrue. The complaint and documents attached to and referenced in the complaint make clear that Fulton County's voting system passed certification under federal and state law, and the system was only decertified by the Pennsylvania Department of State because of Fulton county's own conduct in permitting a third-party to access and inspect the system.

*See* Doc. 9, p.7.

8. This Court provided leave to all Plaintiffs to file an amended complaint, ostensibly for purposes of attempting to correct the deficiencies contained in the original filing.

9. However, this Court made clear in its Order that Counts I and II of the complaint were dismissed "with prejudice to the extent they allege that [Dominion] breached the parties' contract and warranties contained therein and/or caused Plaintiffs damages by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements." *See* Doc. 10.

10. On October 19, 2023, Plaintiffs Fulton County Board of Elections, Ulsh and Bunch filed an amended complaint.

11. Plaintiffs, without the participation of the County proper, assert the *same* two causes of action as they did in the original complaint, based upon the *same* reports this Court previously found insufficient to raise a plausible argument to support their claim, seeking the *same* relief, on the *same* grounds this Court previously dismissed with prejudice.

12. Although Plaintiffs include additional averments in the amended complaint, the majority of the averments are predominantly and substantively identical to those in the original complaint, except that most references to "Fulton County" in the original complaint have been replaced with "Fulton County Board of Electors" in the amended complaint.

13. The additional averments in the amended complaint do not address the defects of the original complaint that resulted in its dismissal by this Court.

14. Moreover, the gravamen of the amended complaint remains the same as the original – that Defendants purportedly breached its contract with Fulton County, and/or warranties contained therein, by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements – a contention that this Court already found was both untrue and incapable of establishing a claim as against Defendants.

15. Consequently, on November 9, 2023 and November 21, 2023 respectively, Dominion filed a motion to dismiss the amended complaint and brief in support on the same grounds as it moved to dismiss the original complaint, which is currently pending for disposition by this Court. (Docs. 14, 15).

16. Plaintiffs have also concurrently filed an appeal with the Third Circuit challenging this Court's dismissal of the original complaint, even though they have continued to pursue this action by the filing of an amended complaint.[2]

17. Fed. R. Civ. P. 11 requires that every pleading, motion or other paper filed with the Court must be presented for a proper purpose; be warranted by existing

---

[2] Dominion filed a Motion to Quash the appeal, which is currently awaiting disposition by the Third Circuit.

27075826v1

law or by non-frivolous argument for extending, modifying or reversing existing law; and must have evidentiary support.

18. Both the attorney signing the pleading, and the party on whose behalf the pleading is filed, may be found liable for any sanctions awarded as a result of a violation under Rule 11.

19. Both Plaintiffs and their counsel have failed to comply with Rule 11 in this case.

20. Plaintiffs have now *twice* pursued claims in breach of contract against parties with whom they have no contractual relationship, without providing a good faith basis or argument for doing so.

21. Plaintiffs have now *twice* asserted claims against Defendants premised on a purported failure to provide a voting system that complied with federal and state election requirements, even though this Court has already determined that they could not do so.

22. Plaintiffs' allegations in this action, which challenge the suitability of the supplied voting system, are directly contradicted by the verified averments Plaintiffs have made in the pending Commonwealth Court Action that the decertified

equipment continued to meet the requirements of the Election Code, and could have been used for future elections.[3]

23.    Plaintiffs further spoliated any evidence regarding the condition of the voting system equipment at issue by allowing multiple third parties to have access to the equipment after it had been certified (and in some cases after the Pennsylvania Commonwealth Court instructed they could not do so), which itself was a violation of the Election Code, and which served as the basis for sanctions assessed against Fulton County and Attorney Carroll by the Pennsylvania Supreme Court.  *See County of Fulton v. Secretary of the Commonwealth*, 292 A.2d 974 (Pa. 2023).[4]

---

[3] A true and correct copy of Plaintiffs' verified Amended Petition for Review filed in the Commonwealth Court Action (without exhibits) is already of record in this matter, having been attached to Dominion's motion to dismiss the original complaint.  *See* Document 4-2.

[4] The Pennsylvania Supreme Court held that "Fulton County and its various attorneys have engaged in a sustained, deliberate pattern of dilatory, obdurate and vexatious conduct, and have acted in bad faith."  *See County of Fulton*, 292 A.2d A.3d at 979.  As stated by Justice Brobson in his concurring and dissenting opinion:

> As the Majority acknowledges, the proverbial horse has left the barn on the evidentiary value of [the equipment at issue] (if they ever had any) in the proceeding below.  On this point I accept President Judge Cohn Jubilier's proposed finding of fact: "All chain of custody has been broken, and it is now impossible to determine what the state of the Dominion Voting Equipment was immediately after the Wake TSI Inspection.  That is, the Speckin Inspection rendered the Voting Equipment unreliable as evidence of what Wake TSI did and it is impossible to reverse that effect."

7

24.     Finally, Defendants submit that Plaintiffs' claims asserted against Dominion are not for a proper purpose, but appear to be an extension of the continued attacks on the integrity of the 2020 presidential election. *See* December 28, 2023 letter sent by Attorney Stefanie Lambert, as counsel to Fulton County, to House Judiciary Committee Member Jim Jordan, requesting additional congressional investigation into the November 2020 election. A true and correct copy of that letter is attached hereto as Exhibit "A" and incorporated by reference.[5]

25.     On November 7, 2023, prior to filing its motion to dismiss the amended complaint, Dominion provided written notice to Plaintiffs and Attorney Carroll that their filings in the instant case violated Rule 11. A true and correct copy of that notice is attached hereto as Exhibit "B" and incorporated by reference.

26.     On March 7, 2024, Defendants served a copy of this motion on Plaintiffs and its counsel pursuant to Rule 11(c)(2), and provided Plaintiffs twenty-one days to discontinue the current action with prejudice, to cure the violations

---

*Id.* at 1065.

[5] Attorney Lambert participated in the Commonwealth Court Action on behalf of Fulton County, and was one of the "various attorneys" that the Pennsylvania Supreme Court referred to in its Opinion.

described in the motion.  A copy of the transmittal letter served with the motion is attached hereto as Exhibit 'C" and incorporated by reference.[6]

27.  Notwithstanding the above notice, Plaintiffs have continued to pursue this matter against Dominion, and otherwise refused to discontinue same with prejudice, without any legal or evidentiary support, without a good faith basis, and for an improper purpose, which has required Dominion to incur substantial and unnecessary litigation costs and attorneys' fees.

28.  For the reasons set forth above, and that will be set forth in its brief in support to be filed subsequently hereto, Dominion requests that this Court issue an Order finding Plaintiffs and Attorney Carroll to be in violation of Rule 11(b)(1)-(3), and entering sanctions against all of them, jointly and severally, that include without limitation the award of attorneys' fees incurred by Dominion in defending this action, pursuant to Rule 11(c), and such other relief as this Court deems appropriate and just.

**WHEREFORE,** Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that this Court grant its Motion and issue

---

[6] Dominion previously filed a motion for sanctions pursuant to Rule 11 on February 28, 2024, but allowed that motion to be deemed withdrawn pursuant to LR 7.5 in order to ensure that Plaintiffs were provided with all required notices pursuant to the applicable Rules.  Plaintiffs were notified of Defendants' intent to have the motion withdrawn and refiled at the time that a copy of this motion was served on them on March 7, 2024, as indicated in Exhibit "C".

27075826v1

sanctions against Plaintiffs and Attorney Carroll pursuant to Rule 11(c) as further described herein, along with such other relief as this Court deems appropriate and just.

                                                **POST & SCHELL, P.C.**

By: */s/ Michael Winfield*

Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Three Logan Square, 24th Floor
1717 Arch Street
Philadelphia, PA  19103
Phone:  (215) 587-1000
Fax:  (215) 320-4720

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  March 29, 2024

## **CERTIFICATE OF NONCONCURRENCE**

I, Michael W. Winfield, Esquire, hereby certify that I sought the concurrence in the foregoing Motion from Plaintiffs, and concurrence was denied.

                                      **POST & SCHELL, P.C.**

By: *[signature: Michael Winfield]*

                                      Michael W. Winfield, Esquire
                                      Attorney I.D. No. 72680
                                      17 North Second Street, 12th Floor
                                      Harrisburg, PA 17101
                                      Phone: (717) 612-6024
                                      Fax: (717) 731-1985
                                      *Attorneys for Defendants, Dominion*
                                      *Voting Systems, Inc. and U.S.*
                                      *Dominion, Inc.*

Dated:  March 29, 2024

27075826v1

## CERTIFICATE OF SERVICE

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 29th day of March, 2024, I served a true and correct copy of the foregoing *Defendants' Revised Motion For Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure* via U.S. First Class Mail, postage prepaid, upon the following person:

>Thomas J. Carroll, Esquire
>Law Office of Thomas J. Carroll
>224 King Street
>Pottstown, PA  19464
>(610) 419-6981
>*tom@thomasjcarrolllaw.com*

**POST & SCHELL, P.C.**

By: */s/ Michael Winfield*

Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  March 29, 2024

27075826v1