# EXHIBIT "B"



17 North Second Street
12th Floor
Harrisburg, PA 17101-1601
717-731-1970  Main
717-731-1985  Main Fax
www.postschell.com

Michael W. Winfield

mwinfield@postschell.com
717-612-6024 Direct
717-731-1985 Direct Fax

November 7, 2023

*VIA EMAIL (TOM@THOMASJCARROLLLAW.COM)*

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottsville, PA 19464

Re:   County of Fulton, et al. v. Dominion Voting Systems, Inc., et al.
      No. 1:22-CV-01639-SHR

      **RULE 11 NOTICE**

Dear Attorney Carroll:

This letter follows our telephone conversation regarding the above referenced matter in general, and your recent filings of an amended complaint in the District Court and a notice of appeal on the same action to the Third Circuit Court of Appeals in particular. For the reasons that follow, your filings constitute a violation of the requirements of Rule 11 of the Federal Rules of Civil Procedure. Unless corrective action is promptly undertaken by you and your clients, we reserve the right to seek sanctions pursuant to Rule 11.

First, the amended complaint fails to address the deficiencies of the original complaint that you filed on behalf of Fulton County, Fulton County Board of Elections, Stuart L. Ulsh and Randy H. Bunch.[1] Both the original and amended complaints assert the same two counts in breach of contract and breach of warranty (based upon the express terms of a contract). As the District Court noted in is Memorandum Opinion supporting dismissal of the original complaint, none of the Amended Complaint Plaintiffs are parties to the contract that your clients contend was breached. That is clear based upon the express language of the contract that you attached as an exhibit to both complaints. Yet, the amended complaint (which omits Fulton County as a party plaintiff) misrepresents to the District Court that "Plaintiff Board of Elections is *first party* to a contract … with Dominion." *See* Amended Complaint, ¶ 18. That directly contradicts what you represented in the original complaint wherein you stated that it was *Fulton County* that entered into an

---

[1] Fulton County Board of Elections and Commissioners Ulsh and Bunch will be referred to collectively herein as "Amended Complaint Plaintiffs".

ALLENTOWN   HARRISBURG   LANCASTER   MOUNT LAUREL   PHILADELPHIA   PITTSBURGH   WASHINGTON, D.C.   WILMINGTON
A PENNSYLVANIA PROFESSIONAL CORPORATION

26483388v1

Thomas J. Carroll, Esquire
November 7, 2023
Page 2

agreement with Dominion. *See* Complaint, ¶s 10-11. Moreover, neither the original complaint nor the amended complaint includes allegations showing a concrete and particularized invasion of a legally protected interest that could otherwise provide standing to the Amended Complaint Plaintiffs. Decisional law is clear that this is required to establish standing. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The District Court found this to be wanting in the original complaint, and the amended complaint does not contain sufficient additional allegations to overcome this deficiency.

Second, the Amended Complaint Plaintiffs suffer from the very same "damages problem" that the District Court found Fulton County suffered from in the original complaint. The Court made clear in its dismissal of the original complaint that claims asserted against Dominion for breach of "the underlying agreement and accompanying warranties by supplying a voting system that left the County unable to comply with federal and state election requirements" were unfounded and were dismissed with prejudice. *See* Memorandum Opinion, p. 10. Yet, the amended complaint continues to make these baseless claims, routinely tying any purported breaches to the conditions associated with obtaining certification, or otherwise complying with state or local election laws. *See, e.g.,* Amended Complaint, ¶s 62, 66, 98, 99, 100, 101, 103, 105, 106, 116, 128, 133, 134, 135, 154, 155, 157, 161, 172, and 173. Moreover, the amended complaint "fails to pinpoint particular, substantive flaws in the system which both violated the terms of the parties' agreement and caused [the Amended Complaint Plaintiffs] damages", which the Court found fatal to the claims asserted in the original complaint. *See* Memorandum Opinion, p. 8. The vast majority of the averments in the amended complaint are identical to those contained in the original complaint, with the exception that "Fulton County Board of Electors" was substituted for "Fulton County" in many of the allegations. Those averments that are new do not provide any factual support for the claims that have already once been dismissed by the Court.

The Amended Complaint Plaintiffs' claims are further contradicted by the verified averments they made in their Amended Petition for Review filed with the Commonwealth Court challenging the Commonwealth's decertification determination (which action remains pending). In that filing, the Amended Complaint Plaintiffs state that the decertification was without merit, the decertified equipment continued to meet the requirements of the Election Code, and the decertified equipment could have been used by Fulton County for future elections. Those allegations cannot be reconciled with the averments by the Plaintiffs in this action.

Based upon the above, the amended complaint fails to comport with the requirements of Rule 11 insofar as the claims asserted therein are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *See* Fed. R. Civ. P. Rule 11(b)(2). In addition, the claims asserted do not have evidentiary support. *See* Fed. R. Civ. P. Rule 11(3). This is particularly true given your clients' conduct in continuously allowing the equipment in question to be accessed by third parties which resulted in sanctions being issued against you and Fulton County by the Pennsylvania Supreme Court. *See County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974 (Pa. 2023). As noted by Justice Brobson in his Concurring and Dissenting Opinion:

26483388v1

Thomas J. Carroll, Esquire
November 7, 2023
Page 3

> As the Majority acknowledges, the proverbial horse has left the barn on the evidentiary value of [the equipment at issue] (if they ever had any) in the proceeding below. On this point I accept President Judge Cohn Jubilier's proposed finding of fact: "All chain of custody has been broken, and it is now impossible to determine what the state of the Dominion Voting Equipment was immediately after the Wake TSI Inspection. That is, the Speckin Inspection rendered the Voting Equipment unreliable as evidence of what Wake TSI did and it is impossible to reverse that effect."

*Id.* at 1065. Your clients' actions have spoliated any evidence that your clients would be relying on in support of its claims.

Compounding the above, in addition to filing an amended complaint in the District Court, you also filed a notice of appeal to the Third Circuit on behalf of *all Plaintiffs* that were named Plaintiffs in the original complaint. As the Court granted leave for *all* Plaintiffs to file an amended complaint, the Order dismissing the complaint is not a final order under 28 U.S.C § 1291 from which an appeal may be filed. The Third Circuit has clarified what constitutes a final order in the context of a dismissal of a complaint without prejudice to the right to file an amended complaint, and what a plaintiff must do in order to move forward with an appeal. *See Borelli v. City of Reading*, 532 F.2d 950, 951-952 (3d Cir. 1976); *Weber v. McGrogan*, 939 F.3d 232, 237-41 (3d Cir. 2019). Your clients failed to follow those requirements here. The Third Circuit has alerted you to these issues by way of its Order issued on November 1, 2023. It is our position that presently, there is not a good faith basis for any of your clients to continue forward with the appeal.

Please consider this to be notice of our intent to seek sanctions under Rule 11 against you and your clients should they continue to proceed forward with the amended complaint and the current appeal. Due dates are approaching for my clients to file a responsive pleading to the amended complaint, and to file a response to the Third Circuit as indicated in its Order. Unless the matters are promptly withdrawn, we reserve the right to file a motion with the Court seeking as sanctions all costs and fees incurred to continue to defend and/or otherwise address these issues.

I am available to schedule a call should you wish to discuss the above.

Very truly yours,

*[signature]*

Michael W. Winfield

MWW/adp

26483388v1