## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FULTON COUNTY BOARD OF ELECTIONS, et al<br><br>   Plaintiffs,<br><br> v.<br><br>DOMINION VOTING SYSTEMS, INC. et al.<br><br>   Defendants. | No. 1:22-CV-01639-SHR<br><br><br>Judge Sylvia H. Rambo |

### BRIEF IN SUPPORT OF DEFENDANTS' REVISED MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**POST & SCHELL, P.C.**

Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North 2nd Street, 12th Floor
Harrisburg, PA 17101

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Three Logan Square, 24th Floor
1717 Arch Street
Philadelphia, PA 19103

April 12, 2024

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

# TABLE OF CONTENTS

Table of Authorities ........................................................................... ii

I.     Statement Of Facts And Procedural History .................................... 1

II.    Statement Of Question Involved ..................................................... 8

       Whether PLAINTIFFS Fulton County Board Of Elections, Stuart
       L. Ulsh, Randy H. Bunch And Attorney Thomas Carroll, Have
       Violated Rule 11 Of The Federal Rules Of Civil Procedure Such
       That Sanctions Should Be Issued Against Them, Jointly And
       Severally? ................................................................................. 8

III.   Argument ..................................................................................... 8

       A.    Plaintiffs' Amended Complaint Lacks Any Factual Basis or
             Evidentiary Support for the Claims Asserted, Thereby Warranting
             Sanctions Under Rule 11 .................................................... 10

       B.    Plaintiffs Amended Complaint Was Filed for an Improper Purpose
             Related to Continued Efforts to Delegitimize the 2020 Presidential
             Election ......................................................................... 15

IV.    Conclusion ................................................................................. 16

Appendix

*Bowden v. DB Schenker*, Civil No. 1:17-CV-01999, 2018 WL 1203362 (M.D. Pa.
March 8, 2018)

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Bowden v. DB Schenker,*
   2018 U.S. Dist. LEXIS 37707 .......................................................................9, 10

*County of Fulton v. Secretary of the Commonwealth,*
   292 A.3d 974 (Pa.), *cert. denied*, 144 S. Ct. 476 (2023) ...........................*passim*

*Ford Motor Co. v. Summit Motor Prods.,*
   930 F.2d 277 (3d Cir. 1991) .................................................................................9

*Keister v. PPL Corp.,*
   677 F. App'x 63 (3d Cir. 2017) .........................................................................10

*Lieb v. Topstone Indus., Inc.,*
   788 F.2d 151 (3d Cir. 1986) ............................................................................8, 9

*Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,*
   498 U.S. 533 (1991)..............................................................................................9

*Jones v. Pitt Nat'l Corp.,*
   899 F.2d 1350, 1359 (3d Cir. 1990) ....................................................................9

*Schering Corp. v. Vitarine Pharmaceuticals, Inc.,*
   889 F.2d 490, 496 (3d Cir. 1990) ........................................................................9

**Other Authorities**

Fed. R. Civ. P. 11(b)(1)-(3)........................................................................................8

Fed. R. Civ. P. 11(c)(1) & (5)(A) ..............................................................................8

Federal Rules of Civil Procedure Rule 11 ........................................................*passim*

Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) .................................4

Sanctions Under the New Federal Rule 11 – A Closure Look,
   104 F.R.D. 181, 187 (1985)..................................................................................4

Defendants Dominion Voting Systems, Inc. and U.S. Dominion, Inc. ("Dominion") hereby file this Brief in Support of their Revised Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

In August of 2019, Defendant Dominion Voting Systems, Inc. ("DVSI") entered into a written agreement with Fulton County ("Agreement") to provide it with voting system services and software for conducting elections. (Doc. 11-1, pp. 1, 8-9; *see also* Doc 11, ¶ 29). DVSI's responsibilities under the Agreement included, as relevant here, delivering to Fulton County the voting system, services and licenses described in the contract. (*See* Doc 11-1, pp. 3-4, ¶ 4). The Agreement contained various restrictions on the County's use of the leased hardware and licensed software. The County was expressly prohibited from (i) transferring or copying onto any other storage device or hardware, or other copying of the software, in whole or in part, except for the purpose of system backup; (ii) reverse engineering, disassembling, decompiling, deciphering or analyzing the software in whole or in part; and/or (iii) altering or modifying the software in any way, in whole or in part. (Doc. 11-1, p. 19, ¶ 5).

In January of 2019, the DVSI supplied hardware and software (collectively the "Voting System") was certified by the Commonwealth of Pennsylvania as complying with all requirements of the Pennsylvania Election Code, and by the

United States Election Assistance Commission as meeting Federal voting system standards. (Doc. 11-2, pp. 2, 53). The Plaintiffs began using the Voting System in April of 2019. (Doc. 4-2, ¶ 19). The Plaintiffs continued to use the Voting System through the November 3, 2020, general election. (Doc. 4-2, ¶ 20).

In December of 2020 and February of 2021, the Plaintiffs permitted a third-party consultant, Wake TSI, to access and inspect the Voting System, and to make copies of various directories, log files and other information. (Doc. 4-2, ¶s 28, 30; Doc. 11, ¶ 79; Doc 11-4, pp. 9-11). As a result of those third-party inspections, in July of 2021, the Pennsylvania Department of State ("Department") decertified the County's future use of the equipment accessed and inspected by Wake TSI (the "Impacted Equipment") explaining, "[a]s a result of the access granted to Wake TSI, Fulton County's certified system has been compromised and neither Fulton County; the vendor, Dominion Voting Systems; nor the Department of State can verify that the impacted components of Fulton County's leased voting system are safe to use in future elections." (Doc 11, ¶ 82; Doc 4-2, ¶ 37; Doc 4-3). The Department's decision was based solely upon the Plaintiffs' actions, and not due to any issues with the Voting System as supplied by DVSI, and as certified by the Department.

On or about August 18, 2021, the Plaintiffs and the County collectively filed an action in the nature of a petition for review in the original jurisdiction of the Pennsylvania Commonwealth Court, challenging the Department's decertification

of the Impacted Equipment ("Commonwealth Court Action").  (Doc. 11, ¶ 83).
Plaintiffs and the County filed an amended petition for review in the Commonwealth
Court Action on September 17, 2021.  (Doc. 11, ¶ 84; Doc 4-2).  Dominion
intervened as a party.

In their verified amended petition for review filed in the Commonwealth
Court Action, the Plaintiffs maintain that the Department's decertification was
without justification, and that had the Department inspected the Voting System after
Wake TSI's inspection, the Department "would have found that the security and
other requirements of [the Pennsylvania Election Code] continued to meet the
requirements of the Election Code, and that such existing machines could readily be
used by Fulton County." (Doc. 4-2, ¶ 48).  In other words, the Plaintiffs maintain in
the Commonwealth Court Action that there was nothing wrong with the Impacted
Equipment that would have prevented it from being used for its intended purposes.

On September 21, 2022, Plaintiffs, along with Fulton County, commenced the
instant action in the Pennsylvania Court of Common Pleas for Fulton County against
Dominion, asserting two counts – Count I for breach of contract, and Count II for
breach of warranty.  Dominion timely removed the action to this Court on October
18, 2022.  Plaintiffs' claims in the instant action all arise out of the decertification of
the Impacted Equipment due to Plaintiffs' conduct in permitting third parties to

access and inspect such equipment, which conduct violated the Pennsylvania Election Code.

On November 23, 2022, Dominion filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). After briefing by the parties, this Court issued an order and accompanying memorandum opinion granting Dominion's motion with prejudice to certain claims, and without prejudice to others. Specifically, this Court held the following:

> (1) Counts I and II are **DISMISSED** with prejudice to the extent they allege that Defendants breached the parties' contract and warranties contained therein and/or caused Plaintiffs damages by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements;

> (2) Counts I and II are otherwise dismissed **WITHOUT PREJUDICE** to Plaintiffs' right to file an amended complaint within 21 days of the date on this order.

(*See* Doc. 10).

In granting Dominion's motion, this Court found that it lacked subject matter jurisdiction on all claims asserted on behalf of Plaintiffs Fulton County Board of Elections, Ulsh and Bunch, as none of them were parties to the underlying contract upon which the suit was based, and the complaint did not "contain any substantive allegations showing that they suffered an injury in fact, a predicate to standing." *See* Doc. 9, p. 6-7. This Court further determined that Plaintiff Fulton County (as the

only Plaintiff that was a party to the contract at issue) failed to meet the elements

necessary to establish a breach of contract or warranty, stating in part that:

> [T]he Complaint's allegations that Dominion violated the constitutional rights of Fulton County voters are generalized and non-substantive, and its core substantive claims that Dominion provided a voting system that left Fulton County unable to ensure compliance with election law requirements are simply untrue. The complaint and documents attached to and referenced in the complaint make clear that Fulton County's voting system passed certification under federal and state law, and the system was only decertified by the Pennsylvania Department of State because of Fulton county's own conduct in permitting a third-party to access and inspect the system.

(*See* Doc. 9, p.7).  This Court provided leave to all Plaintiffs to file an amended

complaint, ostensibly for purposes of attempting to correct the deficiencies

contained in the original filing. However, this Court made clear in its Order that

Counts I and II of the complaint were dismissed "with prejudice to the extent they

allege that [Dominion] breached the parties' contract and warranties contained

therein and/or caused Plaintiffs damages by providing Fulton County with a voting

system that left it unable to comply with state and federal election requirements."

(*See* Doc. 10).

On October 19, 2023, all Plaintiffs *except* Fulton County, filed an amended

complaint, asserting the *same* two causes of action as they did in the original

complaint, based upon the *same* reports this Court previously found insufficient to

raise a plausible argument to support their claim, seeking the *same* relief, on the *same* grounds this Court previously dismissed with prejudice.[1]  (Doc. 11).  Although Plaintiffs included additional averments in the amended complaint, the majority of the averments are predominantly and substantively identical to those in the original complaint, except that most references to "Fulton County" in the original complaint have been replaced with "Fulton County Board of Electors" in the amended complaint.

The additional averments in the amended complaint do not address the defects of the original complaint that resulted in its dismissal by this Court.  Moreover, the gravamen of the amended complaint remains the same as the original – that Defendants purportedly breached its contract with Fulton County, and/or warranties contained therein, by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements – a contention that this Court already found was both untrue and incapable of establishing a claim as against Defendants. Consequently, on November 9, 2023 and November 21, 2023 respectively, Dominion filed a motion to dismiss the amended complaint and brief

---

[1] Plaintiffs did not even bother to change the caption to reflect that the case is currently in federal court, instead maintaining the caption from the originally filed complaint in the Pennsylvania Court of Common Pleas for Fulton County.

in support on the same grounds as it moved to dismiss the original complaint, which is currently pending disposition by this Court. (Docs. 14, 15).

Plaintiffs have also concurrently filed an appeal with the Third Circuit challenging this Court's dismissal of the original complaint, even though they have continued, sans Fulton County proper, to pursue this action by the filing of an amended complaint. Dominion has filed a motion to quash the appeal which is currently pending before the Third Circuit Court of Appeals.

On November 7, 2023, prior to filing its motion to dismiss the amended complaint, Dominion provided written notice to Plaintiffs and their counsel, Attorney Thomas Carroll, that their filings in the instant case violated Rule 11 of the Federal Rules of Civil Procedure. (Doc. 21-3). Dominion requested that Plaintiffs promptly withdraw its pending action. Plaintiffs failed to do so. On March 7, 2024, Defendants served Plaintiffs with a copy of its Revised Motion for Sanctions and provided Plaintiff's twenty-one days to discontinue the current action with prejudice. (Doc. 21-4). Once again, Defendants failed to do so. On March 29, 2024, Defendants filed its Revised Motions for Sanctions.[2] (Doc. 21). This Brief is now filed in support of that motion.

---

[2] Dominion previously filed a motion for sanctions pursuant to Rule 11 on February 28, 2024, but allowed that motion to be deemed withdrawn pursuant to LR 7.5 to ensure that Plaintiffs were provided with all required advanced notices pursuant to the applicable Rules. Plaintiffs were notified of Defendants' intent to have the

## II.    STATEMENT OF QUESTION INVOLVED

WHETHER PLAINTIFFS FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH, RANDY H. BUNCH AND ATTORNEY THOMAS CARROLL, HAVE VIOLATED RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE SUCH THAT SANCTIONS SHOULD BE ISSUED AGAINST THEM, JOINTLY AND SEVERALLY?

*Suggested Answer: Yes.*

## III.    ARGUMENT

Rule 11 requires that every pleading, motion or other paper filed with the Court must be presented for a proper purpose; be warranted by existing law or by non-frivolous argument for extending, modifying or reversing existing law; and have evidentiary support.  *See* Fed. R. Civ. P. 11(b)(1)-(3).  Both the attorney signing the pleading, and the party on whose behalf the pleading is filed, may be found liable for sanctions as a result of a violation under Rule 11, with the caveat that only counsel may receive a monetary sanction for a violation of Section (b)(2).  *See* Fed. R. Civ. P. 11(c)(1) & (5)(A).

Rule 11 is intended to discourage frivolous, unsupported or unreasonable claims by "imposing on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look and listen.'"  *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986).  The legal

---

motion withdrawn and refiled on March 7, 2024.  This Court issued an Order on April 2, 2024, confirming that Defendant's originally filed motion for sanctions was deemed withdrawn.  (Doc. 22).

standard to be applied when evaluating conduct for a violation of Rule 11 is reasonableness under the circumstances. *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 289 (3d Cir. 1991), (citing *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991)).

For a filing to be reasonable under the circumstances, an attorney must have "an objective knowledge of belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co.*, 930 F.2d at 289 (quoting *Jones v. Pitt Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)). *See also Bowden v. DB Schenker*, 2018 U.S. Dist. LEXIS 37707 *7-8. This requires "a reasonable inquiry into both the facts and the law supporting a particular pleading." *Ford Motor Co.*, 930 F.2d at 289 (quoting *Schering Corp. v. Vitarine Pharmaceuticals, Inc.*, 889 F.2d 490, 496 (3d Cir. 1990)). The failure to engage in such an inquiry warrants sanctions under the Rule. *Bowden,* 2018 U.S. Dist. LEXIS 37707 at *8.

Counsel's certification under Rule 11 also warrants that the pleading is not being used for an improper purpose. The test for determining whether the pleading was for a proper purpose is likewise an objective one. *Lieb,* 788 F.2d at 157. Subjective good faith is not a safe harbor under the Rule. *Id.* As stated by the Third Circuit, "There is no room for a pure heart empty head defense under Rule 11." *Id.*

9

(quoting Schwarzer, *Sanctions Under the New Federal Rule 11 – A Closer Look*, 104 F.R.D. 181, 187 (1985)).

District Courts have broad discretion to impose attorney's fees and costs as sanctions pursuant to Rule 11. *See Bowden*, *supra*. Appellate courts give substantial deference to a District Court's factual determinations, legal conclusions and choice of appropriate sanctions under the Rule. *Keister v. PPL Corp.*, 677 F. App'x 63, 66 (3d Cir. 2017).

After applying the above legal standards to the amliebended complaint filed by Plaintiffs, this Court should find that Plaintiffs and their counsel failed to perform the requisite reasonable inquiry under Rule 11, lacked the requisite objective knowledge that their asserted claims were well grounded in law and fact, and filed the amended complaint for an improper purpose in direct violation of Rule 11.

A.  **Plaintiffs' Amended Complaint Lacks Any Factual Basis or Evidentiary Support for the Claims Asserted, Thereby Warranting Sanctions Under Rule 11.**

Plaintiff's claims in the original complaint were prompted by the decertification action undertaken by the Pennsylvania Department of State, and were based upon the premise that the Voting System supplied by Defendant DVSI was defective and could not be used for its intended purpose – namely to receive and tally votes during an election in accordance with federal and state election laws. That premise proved to be false, as this Court noted in its opinion dismissing the

original complaint that the Voting System had passed certification under federal and state law, and the system was only decertified by the Department because of Fulton county's *own* conduct in permitting a third-party to access and inspect the system. Additionally, Plaintiffs' premise is fundamentally at odds and irreconcilable with their verified statements in the Commonwealth Court Action that the Voting System should not have been decertified because it complied with all security and other requirements of the Pennsylvania Election Code and could continue to be used by the County for elections.   (Doc. 4-2, ¶ 48).

In its Order dismissing the original complaint, this Court gave clear guidance and set specific limitations regarding the limited basis upon which an amended complaint could be filed by Plaintiffs.   Rather than heed this Court's direction, Plaintiffs and their counsel defied it, doubled down, and filed an amended complaint that attempted to restore the *same* claims that were previously dismissed, on the *same* facts, citing the *same* reports, and seeking the *same* damages. By any objective review, Plaintiffs' amended complaint lacks the same evidentiary support, and is as unwarranted by the facts and law, as the original complaint that was dismissed.  (*See* Docs. 15, 19).[3]   The amended complaint is, by definition, a frivolous filing that

---

[3] Defendants' briefs filed in support of its motion to dismiss the amended complaint detail the factual and legal deficiencies of the amended complaint.

should not be countenanced or excused.  As such, its filing is a violation of Rule 11 and deserves the imposition of sanctions by this Court.

Plaintiffs' and their counsel's conduct here is simply a continuation of the conduct that resulted in sanctions being assessed against them by the Pennsylvania Supreme Court in the Commonwealth Court Action.  *See County of Fulton v. Secretary of the Commonwealth*, 292 A.3d 974 (Pa.), *cert. denied*, 144 S. Ct. 476 (2023).   In the midst of their challenge to the Department's decertification (which was based on Plaintiffs allowing a third party to inspect the equipment in violation of the Pennsylvania Election Code), Plaintiffs unbelievably decided to allow *another* third-party, Envoy Sage, LLC, to inspect the same equipment.  *Id.* at 978.  After learning of the intended inspection, the Department sought a protective order from the Commonwealth Court that was denied.   On appeal of that denial, the Pennsylvania Supreme Court entered a temporary order to prevent the inspection and preserve the status quo of the equipment and prevent the spoliation of evidence. *Id.* at 979.  Months later, Plaintiffs defied the Supreme Court's Order and allowed *yet another third party* – Speckin Forensics, LLC – to access and inspect the equipment at issue.  *Id.*

After lengthy contempt proceedings conducted by an appointed Special Master, the Pennsylvania Supreme Court, in an extraordinary rebuke, issued a near ninety-page opinion to address Fulton County and its counsel's defiance of the

Court's Order, and their improper conduct during the contempt proceedings, which resulted in sanctions against both the County and Attorney Carroll in the form of an award of counsel fees to both the Department and Dominion.[4] *Id.* As the Supreme Court stated in the majority opinion:

> There can be no orderly and effective administration of justice if parties to litigation do not comply with court orders. Our close review makes clear that Fulton County willfully violated an order of this Court. As well, we find that Fulton County and its various attorneys have engaged in a sustained, deliberate pattern of dilatory, obdurate, and vexatious conduct and have acted in bad faith throughout these sanction proceedings. Taken as a whole, this behavior prompts us to sanction both the County and Attorney Carroll.

*Id.* In a concurring opinion, Justice Dougherty stated:

> I join the majority's excellent opinion without hesitation. After all, it is difficult to recall a more brazen abuse of the judicial process during my more than two decades on the bench, nearly fifteen years of which I served on the front lines as a trial judge. I write only to amplify the majority's message, the importance of which is unparalleled. And that message is this: No one – not elected county officials, not Pennsylvania attorneys, and certainly not out-of-state attorneys who aren't authorized to practice here – may ignore, circumvent, or frustrate the orders issued by the courts of this Commonwealth, least of all this Court. For those who believe otherwise or think the rules don't apply when an election is involved, let this case serve to prove just how wrong you are. In fact, let it be known far and

---

[4] Although the Supreme Court's sanctions were limited to Fulton County and Attorney Carroll, the Plaintiffs here are also the petitioners in the Commonwealth Court Action, and Commissioners Bunch and Ulsh are the actors that were specifically involved in the conduct that was sanctioned.

> wide that this Court can – and will – exercise the full might
> of its constitutional authority against those who seek to
> delegitimize this Commonwealth's elections, or its
> judiciary.

*Id.* at 1065.   The Court specifically noted Attorney Carroll's refusal to

recognize and accept the Court's and the Special Master's

determinations on positions advanced by the Plaintiffs.   As stated by

Justice Wecht in the majority opinion:

> Despite being given every opportunity to participate in
> good faith in the proceeding, Attorney Carroll incessantly
> transgressed the bounds of zealous but ethical advocacy.
> He serially raised the same arguments before both the
> Special Master and this Court, long after it was clear that
> neither would grant the relief he sought.

*Id*. at 1015.

Plaintiffs' and Attorney Carroll's conduct here is no different than in the

Commonwealth Court Action.   They have disregarded this Court's Order which

significantly limited the basis upon which they could file an amended complaint.

They have attempted to resurrect claims that this Court already deemed to be without

merit.   They continue to assert positions that this Court has rejected.   They have

caused Dominion unwarranted and needless expense to defend against baseless

claims.   They have objectively violated Rule 11.   Accordingly, they should be

sanctioned.

### B.   **Plaintiffs Amended Complaint Was Filed for an Improper Purpose Related to Continued Efforts to Delegitimize the 2020 Presidential Election.**

Since the 2020 presidential election concluded, Dominion has been targeted by those seeking to attack the integrity of the election results.  Four years later, those efforts continue through various actors, both public and private.  On December 28, 2023, Fulton County, through its special counsel Stefanie Lambert, wrote to Congressman Jim Jordan requesting Congress to investigate Bill Barr, the Election Assistance Commission, a voting system testing laboratory, and DVSI with regard to the November 3, 2020 election, and the voting equipment used for same.[5]  In the letter, Ms. Lambert specifically references this action, stating as follows:

> Fulton County has ongoing litigation against Dominion for breach of contract, COUNTY OF FULTON ET AL., V. DOMINION VOTING SYSTEMS, INC. ET AL., Case No. 1:2022 CV 01639, as well as other litigation, to demand accountability and transparency for the residents of Fulton County.  The Attorney General for Pennsylvania, and the Secretary of State of Pennsylvania have failed to address the concerns with the Dominion brand voting systems and have a conflict of interest in doing so as a result of numerous election lawsuits filed against their offices and officials following the November 3, 2020 election.

---

[5] Attorney Lambert served as special counsel to Plaintiffs during the contempt proceedings in the Commonwealth Court Action.  Her conduct was also addressed by the Pennsylvania Supreme Court in the *Fulton County* decision.  *See Fulton County*, 292 A.3d at 1018-1019.  Although the Supreme Court sparred her from the sanctions that were imposed on Attorney Carroll and Fulton County, the Court referred her for disciplinary review to the Michigan Attorney Grievance Commission where she is barred.  *Id.*

(Doc. 21-2, p. 3 of 14).  The balance of the letter contains the same rhetoric that this Country has endured over the last four years.   It further exposes Fulton County's agenda as one rooted in politics, not contracts.  When viewed through an objective lens, it is clear that Plaintiffs' goal in continuing this suit was not for the purposes authorized under the Federal Rules in general, and Rule 11 in particular.

Dominion has incurred significant costs in having to address the claims and actions of the Plaintiffs, in this action and elsewhere.  Plaintiffs and Attorney Carroll have caused those costs, and should bear them in their totality.

## IV.   **CONCLUSION**

An objective review of the amended complaint, this Court's prior Memorandum and Order, and the actions of the Plaintiffs and their counsel in the Commonwealth Court Action and elsewhere, demonstrate a willful disregard for requirements of Rule 11.  That conduct warrants the imposition of sanctions by this Court.   Accordingly, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. respectfully request that this Honorable Court grant their motion and enter sanctions against Plaintiffs and Attorney Carroll, jointly and severally, to include without

limitation an award of attorneys' fees incurred by Defendants in defending this action, and such other relief as this Court deems appropriate and just.

Respectfully submitted,

**POST & SCHELL, P.C.**

By:   */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985

Paul A. Logan, Esquire
Attorney I.D. No. 30119
Three Logan Square, 24th Floor
1717 Arch Street
Philadelphia, PA  19103
Phone:  (215) 587-1000
Fax:  (215) 320-4720

*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing Brief complies with Local Rule 7.8(b)(2). The Brief contains 4,572 words as determined by the word count feature of the word processing system used to prepare the Brief.

**POST & SCHELL, P.C.**

By:  */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  April 12, 2024

18

## **CERTIFICATE OF SERVICE**

I, Michael W. Winfield, Esquire, attorney for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc. hereby certify that on this 12th day of April, 2024, I served a true and correct copy of the foregoing *Defendants' Motion For Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure*, via U.S. First Class Mail, postage prepaid, upon the following person:

Thomas J. Carroll, Esquire
Law Office of Thomas J. Carroll
224 King Street
Pottstown, PA  19464
(610) 419-6981
*tom@thomasjcarrolllaw.com*

*Attorneys for Plaintiffs*

**POST & SCHELL, P.C.**

By:   */s/ Michael W. Winfield*
Michael W. Winfield, Esquire
Attorney I.D. No. 72680
17 North Second Street, 12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6024
Fax: (717) 731-1985
*Attorneys for Defendants, Dominion Voting Systems, Inc. and U.S. Dominion, Inc.*

Dated:  April 12, 2024