
Neutral
As of: March 5, 2024 8:16 PM Z

# Bowden v. DB Schenker

United States District Court for the Middle District of Pennsylvania

March 8, 2018, Decided; March 8, 2018, Filed

Civil No. 1:17-CV-01999

**Reporter**
2018 U.S. Dist. LEXIS 37707 *; 2018 WL 1203362

JERRA V. BOWDEN, Plaintiff, v. DB SCHENKER, Defendant.

**Subsequent History:** Appeal dismissed by *Bowden v. Schenker, 2018 U.S. App. LEXIS 39097, 2018 WL 11449942 (3d Cir., Nov. 6, 2018)*

Motion granted by, in part, Costs and fees proceeding at *Bowden v. DB Schenker, 2019 U.S. Dist. LEXIS 7564, 2019 WL 218786 (M.D. Pa., Jan. 16, 2019)*

**Prior History:** *Bowden v. DB SCHENKER, 2016 U.S. Dist. LEXIS 96424, 2016 WL 3981354 (E.D. Pa., July 25, 2016)*

## Core Terms

sanctions, frivolous, courts, attorney's fees, costs

**Counsel: [*1]** For Jerra V. Bowden, Plaintiff: Alphonso Arnold, Jr., LEAD ATTORNEY, Law Offices of Alphonso Arnold Jr., Harrisburg, PA.

For DB Schenker, Defendant: Steven K. Ludwig, LEAD ATTORNEY Fox Rothschild LLP, Philadelphia, PA.

**Judges:** SYLVIA H. RAMBO, United States District Judge.

**Opinion by:** SYLVIA H. RAMBO

## Opinion

### MEMORANDUM

In this diversity action, Plaintiff presents claims against her former employer for misappropriation of ideas, unjust enrichments, and *quantum meruit*. Presently before the court are Defendant's motions 1) to transfer venue (Doc. 4); 2) to dismiss the complaint pursuant to *Rule 12(b)(6)* on the basis of res judicata (Doc. 6); and 3) for sanctions against Plaintiff's counsel for filing a frivolous complaint (Doc. 9). For the reasons stated herein, Defendant's motions to dismiss and for sanctions will be granted, and its motion to transfer venue will be denied as moot.

### I. Background

Plaintiff filed suit against Defendant[1], her former employer, in the United States District Court for the Eastern District of Pennsylvania on March 21, 2016, asserting, *inter alia*, claims of misappropriation of ideas, unjust enrichment, and *quantum meruit* under Pennsylvania common law. Plaintiff's claims stemmed from Defendant's introduction **[*2]** of an assembly line approach to certain of its operations that relied on Plaintiff's development of, what she referred to as, the "Productivity Tracker." On July 25, 2016, the Eastern District dismissed Plaintiff's complaint in its entirety with prejudice. *See Bowden v. DB Schenker, Civ. No. 16-cv-1272, 2016 U.S. Dist. LEXIS 96424, 2016 WL 3981354, *1 (E.D. Pa. July 26, 2016)*. Plaintiff timely appealed, and on May 31, 2017, the United States Court of Appeals for the Third Circuit affirmed the Eastern District's decision, *see Bowden v. DB Schenker, 693 F. App'x 157, 158-59 (3d Cir. 2017)*, and subsequently denied Plaintiff's request for rehearing *en banc.*

Despite the final judgment as to her claims, on October 2, 2017, Plaintiff nonetheless filed a materially identical complaint in the Court of Common Pleas for Cumberland County at docket number 2017-07277. Defendant notified Plaintiff via telephone and email on October 13, 2017 that the complaint was claim precluded and that Defendant intended to seek sanctions against Plaintiff's counsel if the complaint was

---

[1] The court notes for the record that Plaintiff erroneously named Defendant in the complaint as "DB Schenker," whereas Defendant's actual name is Schenker, Inc.

not withdrawn. On November 1, 2017, Defendant removed the case to this court (Doc. 1), and on November 8, 2017, Defendant filed a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata (Doc. 6), as well as a motion to transfer venue to the Eastern **[*3]** District of Pennsylvania (Doc. 4), together with supporting briefs. Defendant served a letter on Plaintiff's counsel on November 17, 2017, once again advising him that Plaintiff's claims were precluded and that sanctions would be sought if counsel did not withdraw the complaint. Counsel for Plaintiff did not withdraw the complaint, and on December 12, 2017, Defendant filed a motion, accompanied by a supporting brief, seeking sanctions against him. (Docs. 9 & 10.)

Plaintiff filed a brief in opposition to the motion for sanctions on December 26, 2017 (Doc. 14), but has failed to respond to the motions to transfer and dismiss for more than sixty days, and, thus, the court may grant those motions as uncontested pursuant to Middle District Local Rule 7.6. (providing that "[a]ny party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion."). Nonetheless, the court will address each of Defendant's motions on the merits.

## II. Motion to Dismiss

Defendant has moved for dismissal of the complaint on the basis of res judicata, otherwise known as claim **[*4]** preclusion, which, although an affirmative defense, may be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Lewis v. Smith, Civ. No. 07-cv-2011, 2008 U.S. Dist. LEXIS 68332, 2008 WL 3200836, *1 (M.D. Pa. Aug. 7, 2008) (quoting Walzer v. Muriel, Siebert & Co., Inc., 221 F. App'x 153, 155 (3d Cir. 2007)). Although the court must generally limit its review to facts contained in the complaint when deciding a motion under Rule 12(b)(6), "[t]he defense of claim preclusion . . . may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Id.* (quoting Toscano v. Conn. Gen. Life Ins. Co., 288 F. App'x 36, 38 (3d Cir. 2008) (internal citations omitted).

"Claim preclusion, formerly referred to as res judicata, gives dispositive effect to a prior judgment if a particular issue, although not litigated, could have been raised in the earlier proceeding." Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. — Pension Fund v. Centra, 983 F.2d 495, 504 (3d Cir. 1992). In order for a claim to be precluded, the party asserting the defense must show that there was "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984) (citing I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-47, 232 U.S. App. D.C. 418 (D.C. Cir. 1983)). Whether two separately-filed lawsuits are based on the same cause of **[*5]** action "turn[s] on the essential similarity of the underlying events giving rise to the various legal claims." *Id.* Rather than applying this test mechanically, the court "should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out the same occurrence in a single suit." Centra, 983 F.2d at 504 (citing Athlone Indus., 746 F.2d at 983-84).

Here, all the requirements are clearly met. A final judgment was handed down by the Eastern District and affirmed by the Third Circuit, Plaintiff and Defendant are the same parties as in the previous suit, and Plaintiff brings almost identical claims — misappropriation of ideas, unjust enrichment, and *quantum meruit* — as she alleged in her Eastern District complaint, which once again arise out of her claimed invention of a "Productivity Tracker." Indeed, more than a dozen paragraphs in the two complaints are identical, and Plaintiff does not attempt to allege any new material facts.

Plaintiff's only argument against claim preclusion is that a final judgment in a federal court does not preclude her from presenting the same claims in state court to seek a determination from the Pennsylvania Supreme Court on whether discovery should be conducted prior to dismissing **[*6]** claims similar to Plaintiff's. This position is both unsupported by the case law that Plaintiff cites, and flies in the face of the well-settled rule applying the United States Constitution's full faith and credit clause of Article IV, § 1 to proceedings of federal courts. *See* In re Stevenson, 615 Pa. 50, 40 A.3d 1212, 1225 (Pa. 2012) (citing Del. Valley Citizens' Council for Clean Air v. Pennsylvania, 755 F.2d 38, 43-44 (3d Cir. 1985) ("Pennsylvania courts have long recognized the principle that state courts are bound by the judgments of federal courts.")). Plaintiff's argument also ignores another well-established principle; namely, that "[i]n the absence of a reported decision by the state's highest

court addressing the precise issue before it, a federal court applying state substantive law must predict how the state's highest court would rule if presented with the case." See *Hittle v. Scripto-Tokai Corp., 166 F. Supp. 2d 159, 161 (M.D. Pa. 2001)* (citing *Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000))*. Thus, even if Plaintiff believed that the federal application of Pennsylvania law was somehow incorrect, that argument should have been presented to the Eastern District to make a determination of how the Pennsylvania Supreme Court would likely rule on the same issue. Simply stated, Plaintiff had her choice of forum when filing her first complaint and could have chosen to file in state court, but did not. She is now bound by the judgment of the Eastern District, which was affirmed by the Third Circuit. Accordingly, **[*7]** the court finds that Plaintiff's claims are precluded, and her complaint will be dismissed with prejudice.[2]

### III. Motion for Sanctions

Defendant has also moved for sanctions against Plaintiff's counsel, Arnold Alphonso, Jr., Esq. ("Mr. Arnold"), on the basis that Plaintiff's claims were clearly precluded and therefore frivolous. (*See* Doc. 9.) Counsel for Defendant notified Mr. Arnold multiple times that the claims were precluded and that the filing of such a frivolous lawsuit was sanctionable. On December 12, 2017, after Mr. Arnold failed to withdraw the complaint, counsel for Defendant filed the present motion for sanctions.

Pursuant to *Federal Rule of Civil Procedure 11(b)*, when presenting a pleading to the court, an attorney must certify that, to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *Fed. R. Civ. P. 11(b)*. For a filing to be reasonable under the circumstances, an attorney must have "'an objective knowledge or belief at the time of the filing of a challenged paper' **[*8]** that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991)* (quoting *Jones v. Pitt. Nat'l Corp., 899 F.2d 1350, 1359 (3d Cir. 1990))*. The objectivity of the well-

grounded in law and fact standard "requires the attorney to 'conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation,'" *Howe v. Litwack, 579 F. App'x 110, 115-16 (3d Cir. 2014)* (quoting *Simmerman v. Corino, 27 F.3d 58, 62 (3d Cir. 1994))*, and the failure to do so warrants **sanctions**. *Rule 11(c)* allows the court to impose appropriate **sanctions** against the attorney responsible for the violation, which "may include nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." *Fed. R. Civ. P. 11(c)(4)*. District Courts have broad discretion to impose attorneys' fees and costs as sanctions, as appellate courts "evaluate the [district] court's factual determinations, legal conclusions, and choice of an appropriate sanction with substantial deference." *Keister v. PPL Corp., 677 F. App'x 63, 66 (3d Cir. 2017)* (citation omitted).

As stated above, Plaintiff's claims were clearly precluded by the judgments of the Eastern District and Third Circuit. Any competent research into the claims Mr. Arnold presented in the instant complaint would have revealed that they were without merit. **[*9]** To make matters worse, the frivolousness and precluded nature of the current claims were brought to Mr. Arnold's attention on multiple occasions, and he had every opportunity to withdraw his complaint. Accordingly, the court finds that the filing of the complaint was frivolous and unreasonable under the circumstances, and the court will impose the sanction on Mr. Arnold of paying Defendant's reasonable attorneys' fees and costs in this matter.

### IV. Conclusion

For the reasons stated above, the court finds that Plaintiff's claims are precluded and that Mr. Arnold was unreasonable in filing the complaint. Plaintiff's complaint will be dismissed with prejudice, and sanctions in the form of reasonable attorneys' fees and costs will be imposed upon Plaintiff's counsel.

An appropriate order will issue.

/s/ Sylvia H. Rambo

SYLVIA H. RAMBO

United States District Judge

---

[2] Because the court has opted to decide Defendant's motion to dismiss on the merits and will dismiss the complaint, Defendant's motion to transfer venue (Doc. 4) is moot.

Dated: March 8, 2018

**ORDER**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** as follows:

1) Defendant's motion to dismiss the complaint (Doc. 6) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**;

2) Defendant's motion to transfer venue (Doc. 4) is **MOOT**; and

3) Defendant's motion for sanctions against **[*10]** Alphonso Arnold, Jr. Esq. (Doc. 9) is **GRANTED** for cause shown under *Federal Rule of Civil Procedure 11(c)(1)*. Sanctions, which shall include all of Defendant's reasonable attorneys' fees and costs to defend this action, are awarded against Plaintiff's counsel, Alphonso Arnold Jr., Esq., for filing frivolous and duplicative litigation. Within **fourteen (14)** days of the date of this order, Defendant shall submit its reasonable fees and costs to the Court.

/s/ Sylvia H. Rambo

SYLVIA H. RAMBO

United States District Judge

Dated: March 8, 2018

**End of Document**

Michael Winfield