# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COUNTY OF FULTON, et al.,

       Case No. 1:22-CV-01639-SHR

    Plaintiffs,

v.

DOMINION VOTING SYSTEMS, INC.
and U.S. DOMINION, INC.,

    Defendant.

---

## PLAINTIFF'S REPLY TO DEFENDANT'S MOTION FOR SANCTIONS (DOCKET NO. 23) PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs, by and through undersigned counsel, provide this reply to Defendant Dominion's Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### 1.  *Standard of Review*

The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation. *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012). "[A] complaint containing allegations unsupported by any information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to [Rule 11] sanctions." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990).

"The standard for imposing Rule 11 sanctions is one based upon objective reasonableness under the circumstances." *Downey v United Food & Commercial Workers Union Local 1262*, 946 F Supp 1141, 1160 (DNJ, 1996). Sanctions are appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (citing *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.), cert. denied sub nom., *Herman Bros., Inc. v. Teamsters Local Union No. 430*, 488 U.S. 848, 102 L. Ed. 2d 101, 109 S. Ct. 128 (1988)).

"The mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." *Simmerman*, 27 F.3d at 62.  See also, *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 175 (3d Cir. 1993).  Even moreso, a complaint for breach of contract that contains the requisite "notice pleading" allegations, attaches a copy of the contract, and connects the substantive allegations of breach of contract and breach of warranty to the facts alleged, citing relevant provisions of the contract, is generally sufficient to state a claim that survives summary dismissal under Rule 12.

The party that seeks sanctions based only on an opponent's mere filing of a commercial complaint arising out of a recognized business dispute walks a fine line.  This is because use of Rule 11 to avoid litigation of the facts of a legitimately filed and pleaded action is in itself use of the sanctions process for an improper purpose and can subject the moving party to sanctions under the rule.  Rule 11 sanctions are considered an extraordinary remedy and should be exercised with extreme caution.  The primary purpose of the Rule 11 sanctions process is to deter unnecessary or unmeritorious litigation, not to avoid it.  *Millennium Franchise Grp., LLC v. Perminter*, 2023 U.S. Dist. LEXIS 70120, *Etkin & Co. v. SBD LLC*, 2013 U.S. Dist. LEXIS 192142.  Therefore, where a breach of contract action has a reasonable basis in fact and

law, a defendant's use of Rule 11 sanctions would be an attempt to avoid a legitimate dispute, which would be in itself, an inappropriate use of Rule 11 *Millennium Franchise Grp., LLC v. Perminter*, 2023 U.S. Dist. LEXIS 70120.

### 2. Discussion

Defendant, Dominion Voting Systems, Inc. (Defendant), first bloats the record with nearly 13 pages (out of 17) of unnecessary fodder concerning unrelated litigation and happenings involving Fulton County and/or undersigned, in which Dominion is also involved. Those matters have nothing to do with Fulton County's current desire to seek review of the contract it had with Dominion. As the Court made clear in *Simmerman*, *supra*, Rule 11 "targets *abuse*, making sanctions appropriate only if **the filing of the complaint constituted abusive litigation or misuse of the court's process**." (emphasis supplied).

Even worse, while trying to avoid litigation of the facts of this ordinary and properly pleaded breach of contract action, Dominion gratuitously presents its own surreptitious attempt to litigate and defend the suit on the merits in a motion for summary judgment (which must be brought under Rule 56, not Rule 12) by putting forth its best efforts to disprove breach of contract and breach of warranty on its part. What a convenient way to intentionally avoid litigation, and all the while seek sanctions against the Plaintiffs and their

counsel – weaponizing the Rule 11 process and using it not as a shield, but rather as a sword to smite down a legitimate and rather pedestrian breach of contract and breach of warranty lawsuit that Plaintiffs, Fulton County Board of Elections and Fulton County, have chosen to continue to pursue.  The latter affirmation at this stage of the litigation should be sufficient in itself to reject out of hand the feeble and juvenile attempt on the part of Dominion to hide the truth once again by exploiting this Court's process with a flagrant abuse of Rule 11 in an attempt to punish and suppress Plaintiffs' claims.  Moreover, as noted, Dominions walks a fine line because this Court has already ruled that Plaintiffs were entitled to amend their Complaint, and as Plaintiffs have demonstrated in their responsive pleadings to Dominion's weak motions to dismiss, Fulton County's Board of Elections voted to fulfil their constitutionally delegated duty to file suit against a vendor that the Board believed had provided a faulty and defective product at the expense of its taxpayers.

Dominion's pleading is truly nothing more than an attempt to divert this Court's attention away from the Plaintiffs' legitimate claims and at the same time take advantage of its opportunity to defend itself on the merits in this action via use of the sanctions procedure.  Dominion is the party that should be sanctioned for abusive exploitation of process.  Avoiding litigation is one

of the abuses recognized of the Rule 11 process for an improper purpose. See, e.g., *Genz-Ryan Plumbing & Heating Co. v. Weyerhaeuser NR Co.*, 352 F. Supp. 3d 901, 907-908 (U.S. D.C. Minn. 2018).

The gist of Plaintiffs' claim is for breach of contract and breach of express and implied warranties found in the agreement by and between Plaintiffs and Dominion. Plaintiffs attached a copy of the Agreement to their lawsuit. The Agreement that Plaintiffs allege Dominion breached contained a "choice of law" provision stating that "interpretation of this Agreement shall be governed by the laws of the Customer's State" and that "courts of competent jurisdiction located in the Customer's State will have jurisdiction to hear and determine questions related to this Agreement." (Plaintiffs' Amended Complaint, ¶ 7, citing to the Contract at p. 9). Of course, the "Customer" under the terms of the Agreement is Fulton County, Pennsylvania. A federal court sitting in diversity must apply the substantive law of the state in which it sits. *Appalachian Ins. Co. v. Liberty Mut. Ins. Co.*, 676 F.2d 56 (3d Cir. 1982). Therefore, Pennsylvania law applies in this case to Plaintiffs' breach of contract and breach of warranty claims. The Court must apply that law to Plaintiffs' claims, including the basis for Fulton County's action against Dominion. Fulton County continues to seek review and litigation of its breach of contract claims to this day. This is a legitimate

5

use of the court's process, and when it filed its complaint, and with the permission of this Court, its amended complaint, it was seeking a legitimate remedy for what it considers a breach of a commercial agreement with a vendor tasked with supplying Fulton County's taxpaying citizens with a sufficient means of exercising their constitutional right to vote.

The Court of Appeals for the Third Circuit recently dismissed an interlocutory appeal that was filed by Plaintiffs on pure jurisdictional grounds with respect to the interlocutory nature of the Court's order. However, the Court intimated in its order that the appeal of the issues raised can be filed as an appeal of right upon a final order issued by this Court if such is unfavorable to Plaintiffs. An aspect of that appeal was an improper assumption that there was some difference between the individual members of the Fulton County Board, and Fulton County, proper. However, as Plaintiffs have argued in previous filings defending against the Motions to Dismiss filed by Dominion, Fulton County is one and the same with Fulton County's Board of Elections, and the latter is the proper entity that has authority and an obligation to bring claims against Dominion, as with any vendor whose products are paid for by taxpayer funds, for breach of contract if it decides to pursue such an action. See, e.g., Docket No. 16. This Court provided Plaintiffs with an opportunity to amend their Complaint in this action, which they did. Again, Fulton County

continues to seek litigation of this breach of contract action and Plaintiffs have alleged facts that demonstrate breach of contract and breach of warranty, and they have attached and referred to that contract in their complaint and in their amended complaint.  This is a legitimate dispute under Pennsylvania law that deserves to be heard by this Court, to which the action was removed by Dominion.

A district court must accepts *all* factual allegations in the complaint as true and all reasonable inferences are drawn in the plaintiff's favor.  See, e.g., *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Federal courts generally require only notice pleading, as opposed to the heightened standard of fact pleading.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  See also Fed. R. Civ. P. 8(a)(2).  The latter rule requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'"

Plaintiffs, Fulton County, chose to pursue a breach of contract action against Dominion after engaging in due diligence to determine the integrity and reliability of the Dominion voting machines that had been used by Fulton County under the 2019 Agreement.  The crux of Dominion's previous motions

to dismiss is based on the sophistic argument that Fulton County Commissioners Bunch and Ulsh are not "parties" and they themselves have no standing. However, Dominion admits that there was an "agreement" between Fulton County and DVSI (Dominion Voting Systems).

In its motion for sanctions, Dominion further argues that Plaintiffs are attempting to litigate the 2020 election. A simple review of the Plaintiffs' complaint, its prior pleadings filed in this Court and in the Court of Appeals at Docket No. 23-2969, and the fact that this Court allowed amendment debunks that bizarre claim completely. And, as the Court of Appeals noted, Plaintiffs' "case is ongoing in [this] District Court, [and] the order appealed is not final under 28 U.S.C. § 1291 or otherwise appealable at this time." There is no basis for Dominion's assertions. The only dismissal that has occurred by this Court in its interlocutory order were potentially based on jurisdictional grounds. Notwithstanding that the Plaintiffs continue to assert that the Fulton County Board of Elections and Fulton County, proper, are one and the same and, as the Board of Elections is constitutionally delegated with the authority to pursue breach of contract claims against voting machine vendors, there was no consideration of the merits of the Plaintiffs' substantive claims. Furthermore, the Court allowed amendment and did not reach the merits of the breach of contract and breach of warranty claims. De facto, the

claims are not so obviously foreclosed as to make them legally indefensible, and therefore, frivolous.  See, e.g.,

Plaintiffs aver in the Complaint that "Plaintiff, Fulton County, Pennsylvania ("Fulton County") Board of Elections," is the governmental agency and representative of the citizens of Fulton County, Pennsylvania, and all municipalities and precincts located within its boundaries with respect to the conducting of elections within Fulton County."  (Complaint and Exhibit A ¶ 1.).

Furthermore, in its brief in support of its motion to dismiss filed on November 21, 2023, Dominion retreated significantly from the averments in its original motion to dismiss, i.e., that the Court has no subject matter jurisdiction and thus, under 12(b)(1) it may dismiss the entire suit.  Dominion acknowledged that at least some of the named Plaintiffs (particularly, Fulton County / Fulton County Board of Elections, proper) and some of the Defendants are parties to the agreement that Fulton County alleges was a contract that Dominion breached.  Dominion concedes that the courts have subject matter jurisdiction over the dispute between at least some of the parties in the pleadings – Fulton County / Fulton County Board of Elections and Dominion.

Dominion even cites significant portions of the "agreement" to try and demonstrate the fact that it breached no obligations to Fulton County.  Again, it abuses and weaponizes the Rule 11 process to try and sway this Court using irrelevant facts (Dominion's motion pp. 1-5, 8-17 – indeed, more than half of Dominion's content focuses on facts other than the four corners of the pleading that they claim warrants sanctions) and it further improperly uses the Rule 11 process to litigate the merits of its defense.  Both of these purposes are ulterior to the Rule 11 sanctions process, which focuses merely on the filing of the pleading – here, the only "pleading" relevant is the complaint. And, as the Third Circuit intimated in *Simmerman*, the filing of a complaint itself must be the focus as to whether there is abusive litigation or misuse of the court's process."  *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (citing *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.), cert. denied sub nom., *Herman Bros., Inc. v. Teamsters Local Union No. 430*, 488 U.S. 848, 102 L. Ed. 2d 101, 109 S. Ct. 128 (1988)). Dominion is bound to seek sanctions for Fulton County's filing of the complaint – there have been no other affirmative pleadings filed by Fulton County other than the appeal, which the Third Circuit acknowledged was subject to review upon a final order of this Court; meaning, it was a legitimate legal issue to raise.

This is a classic example of a dispute that *cannot* be resolved on a summary motion, much less under Rule 11 – use of which for such purpose is itself sanctionable.  If this Court is going to dismiss the case on the prior Motions to Dismiss filed by Dominion, then it will have to face appeal for allowing Dominion to litigate the substantive facts of a breach of contract action – essentially hijacking the Rule 56 summary process – using Rule 11 to get out of the suit – without ever having allowed the parties the discovery necessary because Fulton County's breach of contract action and its breach of warranty action are properly pleaded, sufficient to survive summary dismissal, and it has preserved the issues concerning this Court's first dismissal on standing and subject-matter jurisdiction grounds.   Fulton County has preserved its right to appeal this Court's initial dismissal on jurisdictional grounds, as well as on the question of standing and statement of a claim.

Indeed, due to the fact that Dominion itself raises factual questions concerning the effects and consequences of the terms of the agreement, i.e., the contract, between itself and Plaintiffs, Fulton County and Fulton County Board of Elections, and even refers to matters which have arisen in the lawsuit by and between Fulton County and the Secretary of the Commonwealth of Pennsylvania, i.e., *matters outside the pleadings of this case*, the proper course of action would be to consider Dominion's motion under Rule 56, but then,

only after sufficient discovery is allowed.  When matters outside the pleadings are presented to the court on a motion under Rule 12(b)(6), the court either must exclude them, or, *after notice to the parties*, treat the motion as one for summary judgment under Rule 56.  *Rose v. Bartle*, 871 F.2d 331, 339-342 (3d Cir. 1989).

Dominion cannot have it both ways – argue that it had no contractual obligations to Fulton County and at the same time use the sanctions process to get out of this lawsuit.  Finally, Dominion reverts back to attempting to refer to other litigation involving Fulton County, represented by undersigned, and other parties, including Dominion as limited intervenors, and alternative theories and pleadings.  See Dominion's Brief, pp. 9-18.  But this is not the focus of a Rule 11 motion – it must be on the pleading and whether and to what extent that pleading is objectively reasonable and not frivolous or meritless.  *Simmerman*, *supra*.  Dominion coyly acknowledges that this should be the court's focus on pages 10 of its brief.

<u>CONCLUSION</u>

This is nothing more than a classic case of breach of contract by and between two contracting parties that have a dispute about the legal obligations of each party to the agreement and the consequences of breach of its terms. Ultimately, the Plaintiffs have supplied the court with sufficient pleadings to

advance its breach of contract and breach of warranty claims against Dominion.  Plaintiff has provided the instrument that is the alleged contract. Dominion has admitted to the existence of this agreement.  Whether or not and to what extent Dominion breached the agreement, and the extent to which actions taken by Fulton County may have impacted its claims are issues for litigation before judge and jury.

Ultimately, Dominion is bound to prove "sanctionable" conduct on the part of the Plaintiffs and undersigned based only on the complaint, and not on extraneous and irrelevant information, including the pleadings and happenings in other litigation.  The Third Circuit clearly limits the focus of the Rule 11 motion to the pleading complained of.  *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994) (citing *Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir.), cert. denied sub nom., *Herman Bros., Inc. v. Teamsters Local Union No. 430*, 488 U.S. 848, 102 L. Ed. 2d 101, 109 S. Ct. 128 (1988)).  And, even "[t]he mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation."  *Simmerman*, 27 F.3d at 62; see also *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 175 (3d Cir. 1993).

It is Dominion that should be sanctioned for using the Rule 11 process to try and litigate the merits of the suit without ever having to answer or

otherwise litigate the facts.  Further, Dominion should be sanctioned for using the Rule 11 process in a manner that is abusive and improper – focusing on extraneous and irrelevant information, rather than on the four corners of the document that they claim was filed in violation of the rule.

For the reasons stated in this Reply, the Court should deny Dominion's Motion and should consider Dominion's filing of the Rule 11 motion sanctionable in itself.

Respectfully submitted,

/s/ Thomas J Carroll
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date:  April 26, 2024

14

<u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Carroll, attorney for Plaintiffs, Fulton County, hereby certify that
on this 26th of April, I served a true and correct copy of the foregoing Fulton
County's Reply in Opposition to Dominion's Motion for Rule 11 Sanctions,
via electronic filing in the Court's ECF Pacer filing system and/or via
electronic mail to counsel of record for Dominion as recorded therein.

Respectfully submitted,

<u>/s/ Thomas J Carroll</u>
Attorney ID: 53296
Attorney for Plaintiffs
LAW OFFICE OF THOMAS J
CARROLL
224 King Street
Pottstown, PA, 19464
(610)419-6981
tom@thomasjcarrolllaw.com

Date: April 26, 2024