**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2771
_____

FULTON COUNTY; FULTON COUNTY BOARD OF ELECTIONS, and; STUART L. ULSH, in his official capacity as County Commissioner of Fulton County and in his capacity as a resident, taxpayer and elector in Fulton County, and; RANDY H. BUNCH, in his official capacity as County Commissioner of Fulton County and in his capacity as a resident, taxpayer and elector of Fulton County

v.

DOMINION VOTING SYSTEMS, INC.; U.S. DOMINION, INC.

FULTON COUNTY BOARD OF ELECTIONS,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:22-cv-01639)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2025
_____

Before: CHAGARES, Chief Judge, MONTGOMERY-REEVES and MCKEE, Circuit Judges

(Opinion filed: June 23, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

The Fulton County Board of Elections (the "Board") and two of its members, Stuart Ulsh and Randy Bunch,[1] filed a complaint alleging that Dominion Voting Systems ("Dominion") breached a contract for the provision of voting systems to Fulton County, Pennsylvania (the "County"). The District Court determined that none of the plaintiffs is a party to the contract and dismissed the complaint for lack of standing. We agree that the plaintiffs do not have standing to seek relief under the contract and will affirm the District Court's order dismissing the complaint.

I.

In August 2019, Dominion and the County entered into a "Managed Services Agreement" (the "Agreement") for the provision of "voting system services, software licenses, and related services" to the County. Appendix Volume II ("App.") 31.[2] The Agreement identified "Dominion Voting Systems, Inc." and "Fulton County, PA" as the contracting parties. App. 41. In January 2019 the Secretary of the Commonwealth of Pennsylvania conditionally certified the voting system provided by Dominion for use in Pennsylvania elections. In November 2020, however, the Board claims that it "became aware of severe anomalies" in voter data generated by the Dominion system. App. 308 (¶ 65). A report prepared by "Wake TSI," a third party engaged by the County to inspect

---

[1] We note that Bunch is now also one of the three commissioners of Fulton County. See Fed. R. Evid. 201(b).

[2] We may consider the Agreement because it is the basis of the plaintiffs' complaint and was attached thereto as an exhibit. See In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016).

the system, noted several purported deficiencies. App. 311 (¶ 79). The Secretary of the Commonwealth determined that the inspection of the voting system by Wake TSI had compromised the system's integrity and decertified it for use. The County later commissioned an additional third-party inspection of the decertified system.[3] The plaintiffs allege that this report "revealed several deficiencies . . . that directly implicated and contradicted the . . . terms, conditions, promises, and warranties provided" in the Agreement. App. 313 (¶ 89).

The plaintiffs filed a complaint against Dominion in the Court of Common Pleas for Fulton County, Pennsylvania, on September 21, 2022, asserting one count of breach of contract and one count of breach of warranty. Dominion removed the case to the United States District Court for the Middle District of Pennsylvania and filed a motion to dismiss. The District Court determined that the Board, Ulsh, and Bunch, as non-parties to the Agreement, lacked standing to assert rights arising under the Agreement. The court also concluded that, insofar as the County itself sought relief under the Agreement, the County had failed to allege that the voting system became unusable because of acts or omissions attributable to Dominion. Instead, the court explained, "the system was only decertified by the Pennsylvania Department of State because of Fulton County's own

---

[3] We note that the Supreme Court of Pennsylvania imposed sanctions on the County after determining that the County "willfully violated an order of th[e] Court" by commissioning this additional third-party inspection. County of Fulton v. Sec'y of Commonwealth, 292 A.3d 974, 979 (Pa. 2023). The Supreme Court of Pennsylvania also imposed sanctions on the County's attorney after concluding that he "in tandem with and also independently of his clients" was "guilty of relentlessly dilatory, obdurate, vexatious and bad-faith conduct" during proceedings related to the County's efforts to inspect the Dominion voting system. Id. at 1018.

conduct in permitting a third[]party to access and inspect the system." Supplemental Appendix 50.  The court dismissed the complaint in its entirety.[4]

The Board, Ulsh, and Bunch thereafter filed an amended complaint, which is the operative pleading.  As in the original complaint, the plaintiffs asserted one count of breach of contract and one count of breach of warranty.  New to the amended complaint, however, was a statement specifying that the County was not itself a party to the lawsuit.  Instead, the plaintiffs suggested that, because "there is no functional difference" between the Board and the County, the Board was entitled to assert the County's rights under the Agreement.  App. 295, n.1.  According to the plaintiffs, the amended complaint's reference "to 'Fulton County'" was "simply a convention of the pleading."  Id.

Dominion filed a motion to dismiss the amended complaint, which the District Court granted.  The court again determined that the Board, Ulsh, and Bunch lacked standing because none is a party to the Agreement.  And the court concluded that, even if the plaintiffs could assert rights under the Agreement, they had failed to allege that the decertification of the voting system was attributable to Dominion rather than to the County itself.  The District Court therefore dismissed the amended complaint for lack of standing, with prejudice.  The Board, Ulsh, and Bunch timely filed this appeal.

---

[4] The court dismissed the complaint "with prejudice to the extent [that the plaintiffs] allege[d] that Defendants breached the parties' contract and warranties contained therein and/or caused Plaintiffs damages by providing Fulton County with a voting system that left it unable to comply with state and federal election requirements."  The court otherwise dismissed the complaint without prejudice.

4

II.[5]

To establish standing — and, therefore, a district court's subject-matter jurisdiction over a putative lawsuit — a plaintiff must allege (1) "an injury in fact," that is, the "invasion of a legally protected interest"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely . . . that the injury will be redressed by a favorable decision."  George v. Rushmore Serv. Ctr., LLC, 114 F.4th 226, 234 (3d Cir. 2024) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)). We review de novo a district court's conclusions regarding standing and subject-matter jurisdiction.  Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 475 n.4 (3d Cir. 2016) (standing); Geda v. Dir. U.S. Citizenship & Immigr. Servs., 126 F.4th 835, 841 (3d Cir. 2025) (subject-matter jurisdiction).

The only "legally protected interest" asserted by the Board, Ulsh, and Bunch is that created by the Agreement.  George, 114 F.4th at 234.  But none of the three appellants is named as a party to the contract.  And the appellants do not dispute that as a general matter the Board and the County have separate legal identities.  They suggest, instead, that the Board and County are "one and the same for purposes of . . . entering into contracts for voting machine services," Appellants' Br. 19 (emphasis added), because the Board enjoys a statutory authority to "purchase . . . election equipment" on the County's behalf, see 25 Pa. Const. Stat. § 2642(c).  The Agreement, however, does not involve an exercise of the Board's statutory authority to purchase election equipment:

---

[5] The District Court had jurisdiction under 28 U.S.C. § 1332 to resolve the question of standing.  Our Court has appellate jurisdiction under 28 U.S.C. § 1291.

5

the contract's plain terms indicate that the County concluded the contract on its own behalf, without intermediation by the Board.[6]  The Board's unexercised authority to conclude a contract of the same kind as the Agreement cannot change the nature of the Agreement itself.

Nor is there is any possibility that the Board, Ulsh, or Bunch may have rights under the Agreement as third-party beneficiaries.  This possibility is clearly foreclosed by a paragraph of the Agreement providing that "[n]o obligation of Dominion . . . may be enforced against Dominion . . . by any person not a party to th[e] Agreement."  App. 348.  We conclude, therefore, that the Board, Ulsh, and Bunch, as non-parties to the Agreement, have not suffered any "invasion of a legally protected interest" by the contract's alleged breach.  George, 114 F.4th at 234.  Because the Board, Ulsh, and Bunch have not alleged an essential element of the jurisdictional requirement of standing — injury in fact — the District Court lacked jurisdiction over their lawsuit.

### III.

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint.

---

[6] The appellants contend that Ulsh and Bunch may assert the County's rights because they are "representatives of" the Board.  Appellants' Br. 24.  But because the Board itself does not enjoy rights under the Agreement, Ulsh and Bunch's status as the Board's putative representatives cannot confer standing.